Jonathan O. Hafen (6096) jhafen@parrbrown.com
Royce B. Covington (10160) rcovington@parrbrown.com
Chad S. Pehrson (12622) cpehrson@parrbrown.com
Sara Meg Nielson (13824) snielson@parrbrown.com
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone:      (801) 532-7840
Facsimile:      (801) 532-7750

*Attorneys for the Rockwell Defendants Christopher J. Ashby;*
*Jordan S. Nelson; Scott W. Beynon; Rockwell Debt Free*
*Properties, Inc.; and Rockwell TIC, Inc.*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **CHRISTOPHER C. FUCCI, et al.,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**WILLIAM BOWSER, et al.,**<br><br>**Defendants.** | **MOTION TO DISMISS CLAIMS AGAINST DEFENDANTS ROCKWELL DEBT FREE PROPERTIES, INC.; ROCKWELL TIC, INC.; CHRISTOPHER J. ASHBY; JORDAN S. NELSON; AND SCOTT W. BEYNON FOR FAILURE TO STATE A CLAIM**<br><br>**Case No. 2:20-CV-00004-DBB**<br><br>**The Honorable David B. Barlow**<br><br>**Oral Argument Requested** |

# TABLE OF CONTENTS

RELIEF SOUGHT AND GROUNDS FOR MOTION ................................................. 1

BACKGROUND ........................................................................................................ 3

LEGAL STANDARD ................................................................................................ 5

ARGUMENT ............................................................................................................. 7

I.   THE COURT SHOULD DISMISS CLAIMS AGAINST THE ROCKWELL
     DEFENDANTS FOR FAILURE TO STATE A CLAIM. .................................. 7

     A.  CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE
         DISMISSED ............................................................................................. 7

         1.  Claims Brought by Plaintiffs Who Have Alleged No Contact with the
             Individual Defendants Should Be Dismissed .......................................... 7

         2.  All State Law, Fraud-Based Claims Against the Individual Defendants
             Fail .......................................................................................................... 11

             i.   The Fraud Claims against the Individual Defendants are not pled with
                  particularity ...................................................................................... 11

                  a.  Plaintiffs fail to plead Fraud Claims against the Individual
                      Defendants related to the Marketing Materials .......................... 13

                  b.  The Complaint does not allege with sufficient particularity when
                      certain representations were made. ............................................ 14

                  c.  The Complaint fails to plead how and when the Individual
                      Defendants made alleged representations. .................................. 16

             ii.  Plaintiffs have not Alleged the Elements of Fraud. ....................... 188

                  a.  Statements of opinion or expressing corporate optimism
                      cannot support a claim for fraud. ............................................. 18

                  b.  Certain of the alleged representations relate to past events, not
                      presently existing facts. ........................................................... 20

                  c.  Plaintiffs have not alleged that certain of the alleged
                      representations were false. ........................................................ 211

3.  Plaintiffs Have Not Properly Plead Claims Against the Individual Defendants for Violation of Section 10(b) and Rule 10b-5 of the Exchange Act Federal Securities Laws. ........................................................................... 21

4.  Plaintiffs Have Not Plead Control Person Liability against the Individual Defendants. ........................................................................... 25

5.  Plaintiffs Have not Pled a Claim Under State Blue Sky Laws against the Individual Defendants. ........................................................................... 26

6.  Plaintiffs Have Not Pled a Claim for Unjust Enrichment against the Individual Defendants. ........................................................................... 26

7.  Non-Fraud State Law Claims Against the Individual Defendants Should be Dismissed. ........................................................................... 28

B.  CLAIMS AGAINST THE ROCKWELL ENTITIES SHOULD BE DISMISSED... 29

1.  Plaintiffs Use of "the Rockwell Defendants" and "Rockwell" Group Pleading is Impermissible. ........................................................................... 29

2.  Fraud and Federal and State Securities Fraud Claims Against the Rockwell Entities Based on the Sales Package should be Dismissed for Failure to Plead with Particularity. ........................................................................... 30

3.  Fraud Claims and Securities Fraud Claims Against the Rockwell Entities Based on Alleged Statements made by the Individual Defendants are not Plead with Particularity ........................................................................... 30

4.  Any claim against the Rockwell Entities based on the Actions of any defendant other than the Individual Defendants should be dismissed. ................ 31

C.  PLAINTIFFS HAVE NOT PLED A CLAIM FOR BREACH OF FIDUCIARY DUTY AGAINST THE ROCKWELL DEFENDANTS. ........................................... 31

D.  PLAINTIFFS HAVE NOT PLED AN "AIDING AND ABETTING" CLAIM AGAINST DEFENDANTS. ........................................................................... 35

E.  PLAINTIFFS HAVE NOT PLED A CONSPIRACY CLAIM AGAINST DEFENDANTS. ........................................................................... 36

F.  PLAINTIFFS HAVE NOT PLED A CLAIM FOR ABUSE OF VULNERABLE ADULTS ........................................................................... 37

CONCLUSION................................................................................................................ 37

CERTIFICATE OF SERVICE ..................................................................................... 38

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*1600 Barberry Lane 8 LLC v. Cottonwood Residential OP LP,*
   2019 UT App 146, 449 P.3d 949 ........................................................................ 33

*Advanced Recovery Sys. v. Am. Agencies,*
   923 F.3d 819 (10th Cir. 2019) ........................................................................... 31

*Albright v. Attorney's Title Ins. Fund, No.2:03-CV-517,*
   2008 WL 2952260 (D. Utah July 28, 2008) ....................................................... 35

*Anixter v. Home-Stake Prod. Co.,*
   77 F.3d 1215 (10th Cir. 1996) ........................................................................... 22

*Armed Forces Ins. Exch. v. Harrison,*
   2003 UT 14, 70 P.3d 35 ................................................................................... 7, 8

*Arnett v. Howard,*
   2014 WL 1165851, at *4 (D. Utah March 21, 2014) ........................................... 34

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ........................................................................................... 5

*Bamert v. Pulte Home Corp.,*
   No. 6:08-cv-2120-ORL-22GJK, 2012 WL 3292397, at *10, (M.D. Fla. June 11, 2012) ............. 7

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ...................................................................................... 5, 32

*Bell v. 3M Co.,*
   344 F. Supp. 3d 1207 (D. Colo. 2018) ............................................................... 36

*Berrett v. Stevens,*
   690 P.2d 553 (Utah 1984) ................................................................................. 27

*Brown v. N. Cent. F.S., Inc.,*
   173 F.R.D. 658 (N.D. Iowa 1997) ...................................................................... 15

*Capital Ventures Int'l v. J.P. Morgan Mort. Acquisition Corp.,*
   2013 WL 535320 (D. Mass. Feb. 13, 2013) ....................................................... 26

*Caprin v. Simon Transp. Servs., Inc.,*
   99 F. App'x 150 (10th Cir. 2004) (dismissing ............................................... 23, 29

*CE Providers v. Sterns Bank,*
   2018 WL 3448335 (D. Utah July 17, 2017) ........................................................ 34

*Ceiltig, LLC v. Patey,*
   347 F. Supp. 3d 976 (D. Utah 2018) .................................................................. 37

*Christensen & Jensen, P.C. v. Barrett & Daines,*
   2008 UT 64, 194 P.3d 931 ................................................................................. 32

*City of Philadelphia v. Fleming Companies, Inc.,*
   264 F.3d 1245 (10th Cir. 2001) ......................................................................... 23

*Concrete Prods. Co., v. Salt Lake Cnty.,*
   734 P.2d 910 (Utah 1987) ................................................................................. 27

*Cooper Enters., PC v. Brighton Title Co., LLC*,
2010 UT App 135, 233 P.3d 548 ........................................................................ 34

*Coroles v. Sabey*,
2003 UT App 339, 2003 UT App 339 ..........................................................Passim

*Crookston v. Fire Ins. Exch.*,
817 P.2d 789 (Utah 1991) ...................................................................... 18, 20, 21

*Dahl v. Gardner*,
583 F. Supp. 1262 (D. Utah 1984) ..................................................................... 12

*Daniels v. Gamma West Brachytherapy, LLC*,
221 P.3d 256 (Utah 2009) .................................................................................. 37

*d'Elia v. Rice Dev., Inc.*,
2006 UT App 416, 147 P.3d 515 ....................................................................... 35

*Desert Miriah, Inc. v. B & L Auto, Inc.*,
2000 UT 83, 12 P.3d 580 ................................................................................... 27

*Emergency Physicians Integrated Care v. Salt Lake Cty.*,
2007 UT 72, 167 P.3d 1080 ............................................................................... 27

*Erikson v. Pawnee Cty. Bd. of Cty. Comm'rs*,
263 F.3d 1151 (10th Cir. 2001) ........................................................................... 5

*Ernst & Ernst v. Hochfelder*,
425 U.S. 185 (1976) .......................................................................................... 23

*Freeman Investment Mgmt. Co., LLC v. Frank Russell Co.*,
2014 WL 12899411 (S.D. Cal. June 23, 2014) ................................................. 15

*Freightliner of Utah, LLC v. Terex Advance Mixer, Inc.*,
2007 WL 1795755 (D. Utah June 20, 2007) ..................................................... 14

*GeometWatch Corp. v. Hall*,
2017 WL 1136946 (D. Utah March 17, 2017) ................................................... 15

*GFF Corp. v. Assoc. Wholesale Grocers, Inc.*,
130 F.3d 1381 (10th Cir. 1997) ......................................................................... 33

*Gibson*,
2005 WL 165382 ................................................................................................ 29

*Giles v. Mineral Res. Int'l, Inc.*,
2014 UT App 259, 338 P.3d 825 ....................................................................... 32

*Gonzalez v. Agave Metal Trading LLC*,
2018 WL 7048027 (M.D. Fla. Dec. 13, 2018) .................................................. 26

*Grossman v. Novell, Inc.*,
120 F.3d 1112 (10th Cir. 1997) ................................................................... 13, 18

*Hafen v. Strebeck*,
338 F. Supp. 2d 1257 (D. Utah Oct. 4, 2004) ................................................... 32

*Hardy v. Flood*,
2018 WL 1035085 (D. Colo. Feb. 23, 2018) .................................................... 12

*Harvey v. Ute Indian Tribe of Uintah & Ouray Reservation*,
2017 UT 75, 416 P.3d 401 ........................................................................... 36, 37

*HealthBank Int'l, LLC v. Synergy Worldwide, Inc.*,
208 F. Supp. 3d 1193 (D. Utah Sept. 22, 2016) ............................................... 35

*Howard v. Haddad,*
  962 F.2d 328 (4th Cir. 1992)..................................................................... 19

*In re Caere Corp. Sec. Litig.,*
  837 F. Supp. 1054 (N.D. Cal. 1993) ........................................................ 19

*In re Syntex Corp. Sec. Litig.,*
  855 F. Supp. 1086 (N.D. Cal. 1994) ........................................................ 19

*Jones & Trevor Mktg., Inc. v. Lowry,*
  2012 UT 39, 284 P.3d 630 ........................................................................ 28

*Jones v. Fife,*
  2007 WL 518428 (D. Utah Feb 6, 2007) ................................................. 12

*Karacand v. Edwards,*
  53 F. Supp. 2d 1236 (D. Utah 1999) ........................................................ 19

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.,*
  940 F.2d 397 (9th Cir. 1991)..................................................................... 36

*Lillard v. Stockton,*
  267 F. Supp. 2d 1081 (N.D. Okla. 2003) ............................... 6, 22, 23, 29

*Lodges at Bear Hollow Condo. Homeowners Ass'n v. Bear Hollow Restoration, LLC,*
  2015 UT App 6, 344 P.3d 145 .................................................................. 28

*Logan v. Bank of Am., N.A.,*
  2012 WL 5874364 (D. Utah Nov. 20, 2012) ........................................... 12

*Manchester Mfg. Acquisitions, Inc. v. Sears, Roebuck & Co.,*
  802 F.Supp. 595 (D.N.H. 1992) ............................................................... 26

*Marchese v. Nelson,*
  809 F. Supp. 880 (D. Utah 1993) ............................................................. 18

*Matthews v. LaBarge, Inc.,*
  407 F. App'x 277 (10th Cir. 2011)............................................................ 13

*McKie v. Sears Protection Co.,*
  2011 WL 13244879 (D. Or. Aug. 10, 2011) ............................................ 12

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indust. Pension Fund,*
  135 S. Ct. 1318 (2015) .............................................................................. 18

*Pattie v. Coach, Inc.,*
  29 F. Supp. 3d 1051 (N.D. Ohio July 2, 2014) ....................................... 15

*Precision Vascular Sys., Inc. v. Sarcos, L.C.,*
  199 F. Supp. 2d 1181 (D. Utah 2002) ...................................................... 32

*Rabo Agrifinance, Inc. v. Bliss,*
  227 F. Supp. 3d 1249 (D. Utah 2017) ...................................................... 35

*Roberts v. C.R. England, Inc.,*
  318 F.R.D. 457 (D. Utah 2017).................................................................. 27

*Rumbaugh v. USANA Health Scis., Inc.,*
  2018 WL 5044240 (D. Utah Oct. 17, 2018).............................................. 25

*Schoenhaut v. Am Sensors, Inc.,*
  986 F. Supp. 785 (S.D.N.Y. 1997) ........................................................... 19

*Schwartz v. Celestial Seasonings, Inc.,*
  124 F.3d 1246 (10th Cir. 1997).................................................................. 6

*Searls v. Glasser,*
    64 F.3d 1061 (7th Cir. 1995) .................................................................. 18, 19

*SIC Metals, Inc. v. Hyundai Steel Co.,*
    2018 WL 6842958 (C.D. Cal. Nov. 14, 2018) .......................................... 26

*Simons v. Park City RV Resort, LLC,*
    2015 UT App 168, 354 P.3d 215 .............................................................. 28

*Soren v. Equable Ascent Fin., LLC,*
    2012 WL 2317362 (D. Utah June 18, 2012) ............................................. 5

*Sun Life Assur. Co. of Canada (U.S.) v. Williams, No. 5:06-CV-,*
    2008 WL 762204 (M.D. Ga. March 18, 2008) ......................................... 31

*Tal v. Hogan,*
    453 F.3d 1244 (10th Cir. 2006) ................................................................ 12

*TDC Lending LLC v. Private Capital Group, Inc.,*
    340 F. Supp. 3d 1218 (D. Utah 2018) ................................................ 22, 25

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
    551 U.S. 308 (2007) ................................................................................. 22

*United States ex rel. Erickson v. Utah Special Servs. Dist.,*
    395 F. Supp. 2d 1088 (D. Utah 2005) ...................................................... 36

*United States ex rel. Lacy v. New Horizons, Inc.,*
    348 F. App'x 421 (10th Cir. 2009) ..................................................... 12, 13

*United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah,*
    472 F.3d 702 (10th Cir. 2006) ............................................................ 12, 13

*Williams v. State Farm Ins. Co.,*
    656 P.2d 966 (Utah 1982) ........................................................................ 11

*Wills v. Regence BlueCross BlueShield of Utah,*
    2008 WL 4693581 (D. Utah Oct. 23, 2008) ............................................. 5

*Wolfe v. Aspenbio Pharma, Inc.,*
    587 F. App'x 493 (10th Cir. 2014) ........................................................... 22

*Wood v. World Wide Ass'n of Specialty Programs and Schools, Inc.,*
    2007 WL 1295994 (D. Utah Apr. 30, 2007) ......................................... 8, 14

*Wright v. Westside Nursery,*
    787 P.2d 508 (Utah Ct. App. 1990) .......................................................... 18

*Youngblood v. Qualls,*
    308 F. Supp. 3d 1184 (D. Kan. 2018) ........................................................ 5

*Zero Down Supply Chain Solutions, Inc. v. Global Transp. Solutions, Inc.,*
    2008 WL 4642975 (D. Utah Oct. 17, 2008) ............................................. 12

**Statutes**

9 U.S.C. § 3 ................................................................................................................. 1

15 U.S.C. § 78j(b) ...................................................................................................... 21

15 U.S.C. § 78u-4(b)(1) ........................................................................................ 6, 22

15 U.S.C. § 78u-4(b)(2)(A) ........................................................................................ 6

U.S.C. § 78u-4(b)(2)(A) ...................................................................................... 22, 25

Utah Code § 62A-3-314 ............................................................................................ 37

**Rules**

Rule 9 of the Federal Rules of Civil Procedure ................................... 15, 17, 23, 26, 30

Rules 9(b) .........................................................................................................Passim

Rule 12(b)(6) of the Federal Rules of Civil Procedure .................................................. 1

**Regulations**

17 C.F.R. § 240.10b-5(c) .......................................................................................... 22

Defendants Rockwell Debt Free Properties, Inc. ("RDFP"); Rockwell TIC, Inc. ("RTIC" or together with RDFP, the "Rockwell Entities"); Christopher J. Ashby ("Ashby"); Jordan S. Nelson ("Nelson"); and Scott Beynon ("Beynon" or collectively with Ashby and Nelson, the "Individual Defendants"), pursuant to 9 U.S.C. § 3, Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, and Local Rule 7-1(a), respectfully submit this Motion to Dismiss for Failure to State a Claim (the "Motion").  The Rockwell Entities and the Individual Defendants will be referred to in this Motion collectively as the "Rockwell Defendants."

## <u>RELIEF SOUGHT AND GROUNDS FOR MOTION</u>

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Rockwell Defendants seek dismissal of the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, Twelfth, Thirteenth, Fourteenth, and Fifteenth Claims for Relief in Plaintiffs' Complaint filed on or about January 03, 2020 (the "Complaint").  As grounds for the Motion, the Rockwell Defendants state that the Complaint fails to state a claim under these claims for relief for the following reasons:

First, Plaintiffs have failed to state a claim against the Individual Defendants.  Many Plaintiffs do not allege any contact with the Individual Defendants and, as a result, the Individual Defendants are not personally liable to those Plaintiffs for any of the acts alleged in the complaint, and all claims asserted by those Plaintiffs against the Individual Defendants must be dismissed.  Moreover, all fraud-based claims against the Individual Defendants are not plead with the required particularity, and Plaintiffs have failed to plead the required elements of those claims.  Plaintiffs' federal- and state-law securities claims against the Individual Defendants fare no better.  Those claims must be dismissed due to Plaintiffs' failure to plead them with

particularity.  Plaintiffs' unjust enrichment claim against the Individual Defendants fails because even the allegations of their own Complaint suggest that the Rockwell Entities—not the Individual Defendants—obtained a benefit from Plaintiffs, not the Individual Defendants. Finally, all state law claims against the Individual Defendants should be dismissed for an additional reason: the Complaint lacks grounds upon which the Individual Defendants can be held liable for the alleged acts and omissions of the Rockwell Entities.

Second, Plaintiffs have failed to state a claim against the Rockwell Entities.  As with the similar claims pled against the Individual Defendants, the fraud-based state law claims and federal-and state-law securities fraud claims against the Rockwell Entities must be dismissed due to Plaintiffs' failure to plead them with particularity.  Additionally, claims against the Rockwell Entities based on the acts of any Defendant other than the Individual Defendants should be dismissed because the Rockwell Entities cannot be liable for the acts of those who are not officers, employees, or agents.

Third, several additional state law claims asserted against the Rockwell Defendants must be dismissed for various pleading failures.  Plaintiffs' claims for breach of fiduciary duty against the Rockwell Defendants, for example, must be dismissed because Plaintiffs' allegations do not adequately allege any basis upon which the Rockwell Defendants would owe a fiduciary duty to Plaintiffs, and, in any event, the claims are barred by the economic loss doctrine.  Moreover, because Plaintiffs have not pled a primary fraud and breach of fiduciary duty claim, they cannot maintain a claim for aiding and abetting those torts.  Even if that were not the case, Plaintiffs cannot maintain claims for aiding and abetting fraud and conversion because Utah courts have not recognized those claims.  Next, Plaintiffs' conspiracy claims fails based on Plaintiffs' failure

to plead the elements of that claim with required particularity. Finally, Plaintiffs' have not pled a claim for abuse of vulnerable adults because they have not pled the elements of that claim specified in the related criminal statute.

For these reasons and for all those discussed below, Plaintiffs' First, Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, Twelfth, Thirteenth, Fourteenth, and Fifteenth Claims for Relief should be dismissed.

## **BACKGROUND**

In support of the Rockwell Defendants' Motion to Dismiss, summarized below are the general facts taken from allegations in Plaintiffs' Complaint. To avoid repetition, the misrepresentations alleged by the Plaintiffs will be identified and analyzed in the various Argument sections, below. The facts set forth here are for purposes of this Motion only. The Rockwell Defendants dispute these facts and will contest them in the event the litigation proceeds. But for the time being, the Court must accept well-pled facts as true for purposes of this Motion.

1.      Plaintiffs suggest that they are individuals and families who purchased tenant-in-common interests ("TIC") in real estate leased to Noah Corporation ("Noah") and that many of them purchased that interest as part of an exchange of income-producing property pursuant to Section 1031 of the Internal Revenue Code. [Compl. ¶ 1.]

2.      They claim that the Defendants in this case worked together to develop, market, and sell those Noah TIC interests, that those interests constitute unregistered securities, and that the process involved misrepresentations and typically followed a common scheme. [*Id*. ¶¶ 2, 4, 123.]

3.      First, according to Plaintiffs, RDFP or one of its affiliates would acquire land where, in theory, a Noah event venue would be built. [*See id*. ¶ 4.]  Rockwell would then sell TIC interests in that property to between 6 and 20 buyers, and Noah would enter into a lease for the property promising to pay the owners of the property (the TIC owners) rent based on a 7 percent return on their investment. [*Id.* ¶ 4-5.]

4.      Plaintiffs claim that proceeds of the sale were then distributed first to Rockwell and its network of associates, who took as much as 20 to 25 percent of the total proceeds with the remaining funds going to Noah.  And, though those funds were earmarked for construction of an event venue, Noah typically received more than the projected costs of construction.  [*Id.* ¶ 6.]

5.      Unfortunately, according to Plaintiffs, Noah was insolvent and losing money and diverted funds obtained from TIC owners for its own purposes while Rockwell continued to aggressively promote the Noah TIC program.  [*Id.* ¶¶ 3, 7-9.]

6.      Plaintiffs claim to have received sales brochures with pictures of finished buildings and impressive projected returns along with encouragement, promises, and assurances and that they purchased their TIC interests based on misrepresentations and omissions made by Rockwell and the other Defendants. [*Id.* ¶¶ 9, 120.]

7.      The buildings that were to be constructed on the vacant land were not completed, however, and Noah filed bankruptcy on May 28, 2019, leaving Plaintiffs with, according to them, nothing but a vacant plot of land and unpaid taxes and mechanics liens. [*Id.* ¶ 10.]

8.      Having failed to obtain redress from the party that actually caused their alleged losses—Noah—Plaintiffs now seek to recover those losses from everyone and anyone else with whom they came into contact as part of their TIC transactions. [*Id.* ¶ 11.]

## LEGAL STANDARD

As a preliminary matter, it is important to keep in mind the burdens of proof and the pleading standards that govern Plaintiffs' claims in this action.

A plaintiff's complaint may survive a motion to dismiss only if it pleads "'enough facts to state a claim to relief that is plausible on its face.'" *Wills v. Regence BlueCross BlueShield of Utah*, No. 2:07-CV-616-BSJ, 2008 WL 4693581, at *3 (D. Utah Oct. 23, 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). This requires more, however, than "'naked assertion[s]' devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Instead "there must be facts showing more than a 'sheer possibility' of wrongdoing," *Soren v. Equable Ascent Fin., LLC*, No. 2:12-cv-00038-CW, 2012 WL 2317362, at *1 (D. Utah June 18, 2012) (quoting *Iqbal*, 556 U.S. at 678), with enough factual support to "raise a right to relief above the speculative level,'" *Wills*, 2008 WL 4693581, at *3 (quoting *Twombly*, 550 U.S. at 555).

As applied, this plausibility standard has two steps. First, the court "'must take all the factual allegations in the complaint as true,'" understanding that unsupported assertions conclusions, unwarranted inferences, formulaic recitation of elements, and legal conclusions do not suffice. *Youngblood v. Qualls*, 308 F. Supp. 3d 1184, 1191 (D. Kan. 2018) (quoting *Iqbal*, 556 U.S. at 678); *see also Erikson v. Pawnee Cty. Bd. of Cty. Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (conclusory allegations without supporting factual averments are insufficient) Second, the court determines, based on well-pled facts, whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Moreover, where, as here, a plaintiff's claims sound in fraud, such claims are subject to the heightened pleading standard in Rule 9(b) of the Federal Rules of Civil Procedure, which requires a plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). As a result, a plaintiff must, among other things, set "forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (internal quotation marks omitted). Importantly, "where fraud is alleged against multiple defendants, blanket allegations of fraud couched in language such as 'by the defendants' are insufficient. Instead the specifics of the alleged fraudulent activity of each defendant must be set forth." *Lillard v. Stockton*, 267 F. Supp. 2d 1081, 1094 (N.D. Okla. 2003).

Securities fraud claims must meet similar statutory heightened pleading standards or be dismissed. *Lillard*, 267 F. Supp. 2d at 1094. Those standards, found in the PSLRA, require the plaintiff to specify each allegedly misleading statement or omission, the reason(s) such is misleading, and, when pleading on information and belief, state with particularity all facts on which that belief is formed. 15 U.S.C. § 78u-4(b)(1). Additionally, to comply with the PSLRA, the plaintiff must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A).

Applied here, these standards require dismissal of Plaintiffs' claims for the reasons that follow.

## ARGUMENT

**I.  THE COURT SHOULD DISMISS CLAIMS AGAINST THE ROCKWELL DEFENDANTS FOR FAILURE TO STATE A CLAIM.**

Plaintiffs' complaint is fundamentally flawed and fails to state various causes of action against the Rockwell Defendants.  Specifically, Plaintiffs rely on impermissibly vague allegations of wrongdoing, bare recitations of legal elements and legal conclusions, and undifferentiated claims, all without the supporting factual allegations required by applicable pleading standards. Moreover, Plaintiffs fail to allege essential elements of many of their claims. As a result, Plaintiffs' various claims should be dismissed for the following reasons.[1]

**A.  CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED.**

**1.  Claims Brought by Plaintiffs Who Have Alleged No Contact with the Individual Defendants Should Be Dismissed.**

The Complaint attempts to paint a picture of the Individual Defendants enticing Plaintiffs into purchasing a Noah TIC interest.  The Individual Defendants, however, had no contact with and made no representations to many of the Plaintiffs.  Where Plaintiffs fail to allege any contact with the Individual Defendants, their claims must fail. And merely alleging that that the Individual Defendants were officers or directors of one of the Rockwell Entities does not cure the deficiency. Rather, "an officer or director of a corporation is not personally liable for torts of

---

[1] Each of the many Plaintiffs must satisfy the pleading standards for their individual claims.  Their failure to do so is a fundamental flaw that cannot be resolved by reliance on facts related to other Plaintiffs. *See Bamert v. Pulte Home Corp.,* No. 6:08-cv-2120-ORL-22GJK, 2012 WL 3292397, at *10, (M.D. Fla. June 11, 2012) ("This case is an individual action, not a class action.  The Complaint's failure in any section to allege with particularity the specific misrepresentations made, by whom, when, and in what manner *as to each Plaintiff* and an explanation as to why each such statement is false is a fundament flaw.").

the corporation or of its other officers and agents merely by virtue of holding corporate office," and can incur such liability only "by participating in the wrongful activity." *Armed Forces Ins. Exch. v. Harrison*, 2003 UT 14, ¶ 19, 70 P.3d 35 (internal quotation marks omitted). Moreover, "[w]hen fraud is alleged, a director or officer is individually liable for fraudulent acts or false representations of *his own or in which he participates.*" *Id.* (internal quotation marks omitted). Finally, a corporate officer "cannot be held liable for fraudulent acts that she did not know of or participate in that were committed by other agents of the corporate or by the corporation itself. *Id.* ¶ 20. Thus, Plaintiffs who do not allege any representations by or contact with the Individual Defendants cannot maintain claims against those individuals simply by alleging they were officers or directors of the Rockwell Entities or by seeking to hold them liable for the acts of others. *See Wood v. World Wide Ass'n of Specialty Programs and Schools, Inc.*, No. 2:06-CV-708 TS, 2007 WL 1295994, at *2 (D. Utah Apr. 30, 2007) (rejecting argument that less specificity is required for "corporate fraud" and that the mere allegation that defendants participated in promotion, advertising, and marketing of" scheme is sufficient to state a claim with particularity). The following Plaintiffs do not allege any representations were made to them by the Individual Defendants:

1. Christopher C. Fucci;
2. Nina D. Johannessen, Trustee of the Nina D. Johannessen Living Trust;
3. E & H Jackson, LLC;
4. Anson Smith;
5. Genevieve Smith;
6. Liem Quang Le;
7. Bernie Bromberg, Trustee of the Bromberg Trust;
8. Gary R. Neil;
9. Paul and Louis Zambito, Trustees of the Joseph and Grace Zambito Family Trust (6/26/15);
10. Maxon-Multiline, LLC;
11. The Real Mint, LLC;

12. Lawrence H. Talbot;
13. Russell M. Talbot;
14. Craig A. Cousins, Trustee of the Craig A. Cousins Trust, UTD 5/29/2014;
15. Henryk Sarat;
16. Judy Hendrix, trustee of the Hendrix Living Trust;
17. EC9 Holdings, LLC;
18. Theodore E. Keith;
19. Dena A. Keith; and
20. Harvey A. Paul.

Additionally, the following allege no contact with Ashby:

1. Eugene and Susan Spiritus, trustees of The Spiritus Revocable Trust ("Spiritus Trust");
2. Josie and Barney Addamo, trustees of the Addamo 12/9/04 Family Trust ("Addamo Trust");
3. G. Scott Coleman, trustee of the G. Scott Coleman Trust (12/1/04) ("Coleman Trust");
4. BP412, LLC ("BP412");
5. Gertraude Winkler;
6. Voynovich Ventures LTD ("Voynovich Ventures");
7. Jean Pierre Samson;
a. Jennifer Samson;
8. Thomas E. Funk, trustee of the Stephen W. Funk T/U/A Dated 3/18/2005 TBO Thomas E. Funk ("Funk Trust");
9. Tracy L. Adame;
10. Peter Boli, trustee of the Boli Family Trust Dated 5/13/1987 ("Boli Trust"); and
11. R&J Steck Investments, LLC ("R&J Steck").

The following allege no contact with Nelson:

1. Ambleside Park, Inc. ("Ambleside");
2. W. Mark McKoy, trustee of the W. Mark McKoy Irrevocable Trust of 2012 ("McKoy Trust");
3. Ryan V. Andreasen;
4. Alena C. Andreasen;
5. Henry's Noah Dublin, LLC ("Henry's Noah Dublin");
6. John Michael Lalli, III;
7. William G. Wright;
8. Susan M. Wright;
9. Ivy S. Fasko;
10. Alan and Alma Seshiki, trustees of The 2016 Seshiki Family Trust ("Seshiki Trust");
11. Oak Hill Management, Inc. ("Oak Hill"); and
12. Luann Properties, LLC ("Luann").

The following allege no contact with Beynon[2]:

1. Ambleside;
2. Spiritus Trust;
3. Richard and Susan Harder, trustees of the Richard and Susan Harder Living Trust ("Harder Trust");
4. Addamo Trust;
5. Ross R. Grecco;
6. Linda M. Grecco;
7. Coleman Trust
8. Amfil Realty, LLC ("Amfil Realty");
9. McKoy Trust;
10. BP412;
11. Thomas B. Tarbert;
12. Linda and Martin Tierney, trustees of The Tierney Recovable Living Trust u/t/d 8/20/18 ("Tierney Trust");
13. Gertraude Winkler;
14. Norman L. Merritt;
15. Armenay Faye Merritt;
16. Jean M. Bonetti;
17. Voynovich Ventures;
18. Henry's Noah Dublin;
19. Jean Pierre Samson;
20. Jennifer Samson;
21. Carl A. Lillmars;
22. Donna M. Lillmars;
23. Merle L. Steinman Jr.;
24. Michael and Linda DiGiacomo, trustees of The Michael DiGiacomo and Linda DiGiacomo Revocable Trust (3/20/2001) ("DiGiacomo Trust");
25. Rock Noah OH, LLC ("Rock Noah");
26. Funk Trust;
27. Tracy L. Adame;
28. John Michael Lalli, III;
29. William G. Wright;
30. Susan M. Wright;
31. Boli Trust;
32. Ivy S. Fasko;
33. R&J Steck;
34. Seshiki Trust;

---

[2] For the sake of clarity, only two Plaintiffs—Ryan V. Andreasen and Alena C. Andreasen—have, under the most charitable view of the facts, alleged any contact with Beynon.  All claims asserted against Beynon by any other Plaintiff must be dismissed.

35. Oak Hill;
36. Donald P. Smith;
37. Rosemary B. Smith; and
38. Luann Properties.

Claims asserted by these Plaintiffs against these individuals should accordingly be dismissed.

### 2.    All State Law, Fraud-Based Claims Against the Individual Defendants Fail.

The Complaint asserts no fewer than seven state-law fraud-based claims against the Individual Defendants, including fraud/negligent misrepresentation (First Claim for Relief), breach of fiduciary duty (Second Claim for Relief), constructive fraud (Third Claim for Relief); aiding and abetting tortious conduct (Sixth Claim for Relief); conspiracy (Seventh Claim for Relief); materially aiding securities fraud (Thirteenth Claim for Relief); and abuse of vulnerable adults (Fifteenth Claim for Relief) (collectively, the "Fraud Claims"). The Fraud Claims against the Individual Defendants fail because Plaintiffs have not pled those claims with particularity and have not alleged representations that can support a claim sounding in fraud.

### i.    The Fraud Claims against the Individual Defendants are not pled with particularity.

Because the gravamen of each of the Fraud Claims involves allegedly false statements made as part of a fraudulent scheme,[3] each claim must comply with Rule 9(b)'s heightened pleading standard. *See Williams v. State Farm Ins. Co.*, 656 P.2d 966, 972 (Utah 1982) ("The

---

[3] *See* Compl. ¶¶ 362–65 (basing fraud/negligent misrepresentation claim on allegations that the Rockwell Defendants made false representations or omissions); *id.* ¶¶ 374 (basing breach of fiduciary duty claim, in part, on misrepresentations and omissions); *id.* ¶¶ 380–81 (basing constructive fraud claim on allegation of omissions); *id.* ¶¶ 401, 403 (basing aiding and abetting claim on allegations of assistance in committed fraud-based torts); *id.* ¶¶ 409-411 (basing conspiracy claim on a fraud-based torts); *id.* ¶ 460-61 (aiding securities fraud claim); *id.* ¶ 475 (basing elder abuse claim on allegation that the Rockwell Defendants made false representations).

Rule 9(b) requirements should not be understood as limited to allegations of common-law fraud….[I]t reach[es] all circumstances where the pleader alleges the kind of misrepresentations, omissions, or other deceptions covered by the term 'fraud' in its broadest dimension."); *Hardy v. Flood*, No. 17-CV-00677-CMA-MJW, 2018 WL 1035085, at *3 (D. Colo. Feb. 23, 2018) ("Any claim—including claims for breach of contract and negligent misrepresentation—may be subject to Rule 9(b)'s heightened pleading standard if the claim is 'grounded in fraud.'" (citation omitted)); *Logan v. Bank of Am., N.A.*, No. 2:12-CV-191-DN, 2012 WL 5874364, at *3 (D. Utah Nov. 20, 2012) (applying Rule 9(b) to negligent misrepresentation claims); *Dahl v. Gardner*, 583 F. Supp. 1262, 1268 (D. Utah 1984) (applying Rule 9(b) to claim for aiding and abetting securities violation); *Zero Down Supply Chain Solutions, Inc. v. Global Transp. Solutions, Inc.*, No. 2:07-CV-400 TC, 2008 WL 4642975, at *9 (D. Utah Oct. 17, 2008) (applying Rule 9(b) to claim for conspiracy to commit fraud); *McKie v. Sears Protection Co.*, No. 3:10-cv-01531-PK, 2011 WL 13244879, at *2 (D. Or. Aug. 10, 2011) (applying Rule 9(b) to elder abuse claim based on misrepresentations and fraud); *Jones v. Fife*, No. 2:06-CV-00030 PGC, 2007 WL 518428, at *6 (D. Utah Feb 6, 2007) (Rule 9(b) applies to breach of fiduciary duty claim if based on fraud); *Coroles v. Sabey*, 2003 UT App 339, ¶ 39, 2003 UT App 339 (claims for aiding and abetting fraud and civil conspiracy to commit fraud are subject to Rule 9(b)).

Consequently, Plaintiffs must, for each of the Fraud Claims, "state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), including at least "the 'who, what, when, where and how' of the alleged fraud." *United States ex rel. Lacy v. New Horizons, Inc.*, 348 F. App'x 421, 424 (10th Cir. 2009) (quoting *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-27 (10th Cir. 2006)); *Tal v. Hogan*, 453 F.3d 1244, 1263

(10th Cir. 2006). This requires pleading specific facts "'set[ting] forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Lacy*, 348 F. App'x at 424 (quoting *Sikkenga*, 472 F.3d at 726); *see also Matthews v. LaBarge, Inc.*, 407 F. App'x 277, 282 (10th Cir. 2011) (holding that although the complaint identified the individual who allegedly made the representation and the content of the alleged representation, because the complaint failed to include where this promise was made, the means of communication, or what words conveyed the promise, the allegations were inadequate for a claim of fraud). Facts showing that the statements were false also are required; "mere conclusory allegations of falsity of insufficient." *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1124 (10th Cir. 1997) (affirming the lower court's dismissal because "nowhere in the complaint [were] facts alleged showing that anything about [the] statements [was] false"). Plaintiffs have failed to satisfy that standard for all the reasons that follow.

> **a.    Plaintiffs fail to plead Fraud Claims against the Individual Defendants related to the Marketing Materials.**

Although Plaintiffs claim that "Rockwell provided written marketing materials" and "a property specific summary" (the "Marketing Materials") to all Plaintiffs and that the Marketing Materials contained misrepresentations, [Compl. ¶¶ 121-26], they do not identify any instance where the Individual Defendants provided those materials to Plaintiffs.[4]  Nor do they plead when, where, or how it was provided.[5]  As a result, Plaintiffs have not sufficiently pled any

---

[4] Plaintiffs define "Rockwell" to mean Rockwell Debt Free Properties, Inc. "or one of its affiliated companies." [Compl. ¶ 4.]

[5] Plaintiffs allege that Defendants Brown, [Compl. ¶ 177], DeSalvo, [*id.* ¶¶ 201, 275], Wolf, [*id.* ¶ 212], and Investors 1031 Exchange, Inc. [*id.* ¶ 261], actually provided a marketing brochure to

Fraud Claim against the Individual Defendants based on statements made in any Marketing Materials. *See Wood*, 2007 WL 1295994, *2 (dismissing claims where plaintiffs alleged misrepresentations in marketing materials due to failure to plead the dates when they received the materials, which defendant sent the materials, and by what means they were sent). All such claims should accordingly be dismissed.

> **b.** **The Complaint does not allege with sufficient particularity when certain representations were made.**

Even when the Complaint alleges some contact between a Plaintiff and one of the Individual Defendants, it fails to provide any time frame or a sufficiently precise time frame for certain of the representations attributed to the Individual Defendants. Importantly, merely identifying the year a representation was made is not enough to satisfy the heightened pleading standards for fraud. *Freightliner of Utah, LLC v. Terex Advance Mixer, Inc.*, No. 2:07cv00105, 2007 WL 1795755, at *1 (D. Utah June 20, 2007). These include the following:

1. Compl. ¶ 136 (alleged representation by Ashby to Ambleside with no time frame alleged);
2. *Id.* ¶ 147 (alleged representation by Nelson to Spiritus Trust with no timeframe alleged);
3. *Id.* ¶ 152 (alleged representations by Nelson to Addamo Trust with only the approximate year of the representation identified);
4. *Id.* ¶¶ 154-155 (alleged representations by Nelson and Ashby to the Greccos with no timeframe alleged);
5. *Id.* ¶¶ 161-62 (alleged representations by Nelson to Coleman Trust with no timeframe alleged);
6. *Id.* ¶ 189 (alleged representations by Nelson to BP412 with no timeframe alleged);
7. *Id.* ¶ 192 (alleged representation by Ashby and Nelson to Tarbert with no timeframe alleged);
8. *Id.* ¶¶ 208-09 (alleged representation by Ashby to Tierney Trust with no timeframe alleged);

---

individual Plaintiffs for the property in which they purchased an interest, but do not make similar allegations as to Ashby, Nelson, and Beynon.

9. *Id.* ¶¶ 218, 220 (alleged representations by Ashby to Andreasens with no time frame alleged);
10. *Id.* ¶ 219 (alleged representations by Ashby and Beynon with only the general year alleged); and
11. *Id.* ¶¶ 243-46 (alleged representations by Nelson to Samsons with no time frame alleged).

Additionally, Plaintiffs often provide only a span of months or a general time frame (such as the spring or fall of a given year) when the alleged representation occurred, and that kind of vague pleading does not satisfy Rule 9's particularity standard.  *See, e.g., GeometWatch Corp. v. Hall,* No. 1:14-cv-00060-JNP-PMW, 2017 WL 1136946, at *14-15 (D. Utah March 17, 2017) (dismissing fraud claim because allegation that representations were made "in the Fall of 2013" "cannot be considered a particular allegation"); *Freeman Investment Mgmt. Co., LLC v. Frank Russell Co.,* No. 13-CV-2856 JLS, 2014 WL 12899411, at *9 (S.D. Cal. June 23, 2014) (dismissing fraud claims where plaintiff identified representations being made "in the fall of 2009" and "over a period of several months in early 2010"); *Brown v. N. Cent. F.S., Inc.,* 173 F.R.D. 658, 668 (N.D. Iowa 1997) (allegations that representations occurred "in the Spring of" a certain year or during a span on months "simply do not provide the specificity required by Rule 9(b)"); *Pattie v. Coach, Inc.,* 29 F. Supp. 3d 1051, 1059 (N.D. Ohio July 2, 2014) ("The identification of the several month time span encompassed by 'Spring, 2013' is not particular. Such allegations are insufficient to meet the requirements of Rule 9(b).").  Allegations suffering from this failing include:

1. Compl. ¶¶ 134-135 (Ambleside alleging representations around early spring of 2018);
2. *Id.* ¶¶ 137-138 (Harder Trust alleging representations in Spring 2018);
3. *Id.* ¶¶ 145-46 (Spiritus Trust alleging representations in Early 2018);
4. *Id.* ¶ 153 (Greccos alleging representations in early Spring of 2018)'
5. *Id.* ¶¶ 181-82 (Amfil Realty alleging representations in late summer of 2018);
6. *Id.* ¶¶ 184-186 (McKoy Trust alleging representations in Fall 2018);
7. *Id.* ¶ 188 (BP142 alleging representations shortly after July and August of 2018);

8. *Id.* ¶¶ 190-191, 193 (Tarbert alleging representations in July and August 2018);

9. *Id.* ¶ 215 (Gertraude Winkler alleging representations shortly after Summer of 2018);

10. *Id.* ¶¶ 216-17 (Andreasens alleging representations in Summer of 2017, August and September of 2018);

11. *Id.* ¶ 226 (Merritts alleging representations from April 6, 2018 through September 28, 2018);

12. *Id.* ¶¶ 227-28 (Bonetti alleging representations in Fall of 2018);

13. *Id.* ¶¶ 237-41 (Henrys Noah Dublin alleging representations in November 2017 and January 2018);

14. *Id.* ¶ 242 (Samsons alleging representations in September and October 2017);

15. *Id.* ¶¶ 253-255 (Lillmars alleging representations in November and December 2017);

16. *Id.* ¶¶ 272-74 (DiGiacomo Trust alleging representations in October and November 2017);

17. *Id.* ¶ 277 (Rock Noah alleging representations "immediately prior" to purchase of TIC interest);

18. *Id.* ¶¶ 283-84 (Funk Trust alleging representations in July through October 2017);

19. *Id.* ¶¶ 292-93 (Adame alleging representations in August through October of 2017);

20. *Id.* ¶¶ 297-99 (Lalli alleging representations shortly before purchase in 2017);

21. *Id.* ¶¶ 301-02 (Wrights alleging representations in July, September and October 2017);

22. *Id.* ¶¶ 309-10 (Boli Trust alleging representations in September and October 2017);

23. *Id.* ¶¶ 311-13 (Fasko alleging representations in September and October 2017);

24. *Id.* ¶¶ 318-20 (R&J Steck alleging representations in Fall of 2017 and shortly prior to closing);

25. *Id.* ¶¶ 321-22 (Seshiki Trust alleging representations in latter part of 2017); and

26. *Id.* ¶¶ 338-39 (Luann alleging representations in August and September 2018).

The Fraud Claims against the Individual Defendants based on allegations in the paragraphs set forth above, accordingly, are not sufficiently pled and must be dismissed.

### c. The Complaint fails to plead how and when the Individual Defendants made alleged representations.

Plaintiffs have not provided details of how and where each alleged representation by the Individual Defendants was made, which Rule 9(b) requires. Specifically, the vast majority of the allegations attributing representations to the Individual Defendants do not identify whether the representation was made in person, in writing, or via telephone. Nor do the allegations contain

information about where the representations were made.  Allegations suffering from this fatal

deficiency include the following:

1. Compl. ¶¶ 134-36 (alleged representations by Ashby to Ambleside);
2. *Id.* ¶¶ 137-38 (alleged representations by Ashby and Nelson to Harder Trust);
3. *Id.* ¶¶ 145, 147 (alleged representations by Nelson to Spiritus Trust);
4. *Id.* ¶ 152 (alleged representations by Nelson to Addamo Trust);
5. *Id.* ¶¶ 153-55 (alleged representations by Ashby and Nelson to Greccos);
6. *Id.* ¶¶ 161-62 (alleged representations by Nelson to Coleman Trust);
7. *Id.* ¶¶ 181-82 (alleged representations by Ashby and Nelson to Amfil);
8. *Id.* ¶¶ 184-186 (alleged representations by Ashby to W. Mark McKoy Trust);
9. *Id.* ¶¶ 188-89 (alleged representations by Nelson to BP412);
10. *Id.* ¶¶ 190-93 (alleged representations by Ashby and Nelson to Tarbert);
11. *Id.* ¶ 209 (alleged representations by Ashby and possibly Nelson to Tierney Trust);
12. *Id.* ¶ 215 (alleged representations by Nelson to Winkler);
13. *Id.* ¶¶ 216-20 (alleged representations by Ashby and Beynon to Andreasens);
14. *Id.* ¶¶ 226, 326 (alleged representations by Nelson and Ashby to Merritts);
15. *Id.* ¶¶ 227-28 (alleged representations by Nelson and Ashby to Bonetti);
16. *Id.* ¶ 235 (alleged representations by Nelson to Voynovich Ventures);
17. *Id.* ¶¶ 237-41 (alleged representations by Ashby to Henrys Noah Dublin);
18. *Id.* ¶¶ 242-46 (alleged representations by Nelson to Samsons);
19. *Id.* ¶¶ 253-55 (alleged representations by Ashby and Nelson to Lillmars);
20. *Id.* ¶¶ 270-71 (alleged representations by Ashby and Nelson to Merle Steinman Jr.);
21. *Id.* ¶¶ 272-74 (alleged representations by Nelson and Ashby to DiGiacomo Trust);
22. *Id.* ¶¶ 277 (alleged representations by Nelson and Ashby to Rock Noah);
23. *Id.* ¶ 283 (alleged representations by Nelson to Funk Trust);
24. *Id.* ¶¶ 292-93 (alleged representations by Nelson to Adame);
25. *Id.* ¶¶ 297-99 (alleged representations by Ashby to Lalli);
26. *Id.* ¶¶ 301-02 (alleged representations by Ashby to the Wrights);
27. *Id.* ¶¶ 309-10 (alleged representations by Nelson to Boli Trust);
28. *Id.* ¶¶ 311-13 (alleged representations by Ashby to Fasko);
29. *Id.* ¶¶ 318-20 (alleged representations by Nelson to R&J Steck);
30. *Id.* ¶¶ 321-22 (alleged representations by Ashby to 2016 Seshiki Trust);
31. *Id.* ¶¶ 324-25 (alleged representations by Ashby to Oak Hill); and
32. *Id.* ¶¶ 338-39 (alleged representations by Ashby to Luann).

As a result, all Fraud Claims (fraud/negligent misrepresentation, breach of fiduciary duty,

constructive fraud, aiding and abetting tortious conduct, materially aiding securities fraud,

conspiracy to engage in tortious conduct, and abuse of vulnerable adults) against the Individual

Defendants based on the representations set forth in the paragraphs set forth in this Section I.A.2.i, must be dismissed for failure to plead with sufficient specificity.

> ### ii.    Plaintiffs have not Alleged the Elements of Fraud.

In addition to failing to satisfy Rule 9's heightened pleading standard, Plaintiffs' allegations have not alleged facts sufficient to state a claim for fraud.

> #### a.    Statements of opinion or expressing corporate optimism cannot support a claim for fraud.

Specifically, to state a claim for fraud, a plaintiff must allege facts showing a representation was made concerning a presently existing material fact. *Crookston v. Fire Ins. Exch.*, 817 P.2d 789, 800 (Utah 1991). Mere statements of opinion generally do not support a claim sounding in fraud. *Marchese v. Nelson*, 809 F. Supp. 880, 889 (D. Utah 1993) (representing that a stock was just as good as another, was hot on the market, and could do as well as the money market was opinion based on knowledge of the market and did not constitute a misrepresentation); *Wright v. Westside Nursery*, 787 P.2d 508, 512-13 (Utah Ct. App. 1990) ("Mere representations as to value are generally considered expressions of opinion and will not support a claim for fraud."); *C.f. Omnicare, Inc. v. Laborers Dist. Council Constr. Indust. Pension Fund*, 135 S. Ct. 1318, 1328 (2015) (under Section 11 of the Securities Act of 1933, "a sincere statement of pure opinion is not an 'untrue statement of material fact,' regardless whether an investor can ultimately prove the belief wrong"). Moreover, statements consisting of "corporate optimism" or "mere puffery" that are typical to forward looking statements are not actionable as fraud because reasonable investors do not rely on such vague and optimistic statements. *Searls v. Glasser*, 64 F.3d 1061, 1066-67 (7th Cir. 1995); *Grossman*, 120 F.3d at 1119. Thus, (i) statements that a company expected "increased sales" and "a very strong fiscal

[year]"[6]; (ii) statements about "continued strong demand"[7]; (iii) statements that company was "well positioned for growth" and had "continuing strong sales"[8]; (iv) statements that a company was "recession-resistant" and that it would maintain a "high" level of growth[9]; (v) that a company would continue "at a high level of production" and that "sales remained strong in the fourth quarter"[10]; and (vi) that a company was "growing," its stock was a "good investment" and a "good opportunity"[11],were not actionable as fraud. These kinds of loose predictions are too vague and simply not actionable. *Searls*, 64 F.3d at 1067 (citing cases).

Because each of the following alleged representations constitutes mere opinion, corporate optimism, or puffery, they cannot support a claim for fraud:

1. Ashby had confidence in investment, Compl. ¶ 136;
2. TIC interest is not a security or subject to securities law, *id.* ¶ 121;
3. TIC interest would be excellent and profitable/a good place to put money, *id.* ¶¶ 136, 188, 217, 253, 270, 321;
4. Noah had a solid reputation/track record of success, *id.* ¶¶ 136, 193;
5. Noah's business was flourishing, successful, stable, solid, growing/expanding, profitable, doing great things, doing well financially, *id.* ¶¶ 124, 136, 147, 152, 155, 162, 186, 193, 209, 218, 237, 238, 242, 243, 254, 270, 274, 283, 292, 299, 302, 309, 313, 319, 321, 324, 335, 339;
6. TIC interest would be safe/solid, *id.* ¶¶ 137, 152, 155, 161, 181, 185, 188, 190, 217, 226, 227, 237, 242, 270, 283, 292, 313, 321, 324, 338;
7. TIC interest would provide reliable/dependable return/income, *id.* ¶¶ 137, 152, 155, 161, 181, 185, 190, 217, 226, 227, 253, 270, 283, 292, 313, 321, 338;
8. In worst case scenario, TIC owners would have valuable building, *id.* ¶¶ 137, 181, 190, 192, 220, 227, 237, 318;
9. Property was prime and coveted location, *id.* ¶ 145;
10. Noah had an excellent track record making rent payments, *id.* ¶¶ 152, 155, 162, 186, 218, 226, 242, 299, 339;

[6] *In re Syntex Corp. Sec. Litig.*, 855 F. Supp. 1086, 1096 (N.D. Cal. 1994).
[7] *Schoenhaut v. Am Sensors, Inc.*, 986 F. Supp. 785, 792 (S.D.N.Y. 1997).
[8] *In re Caere Corp. Sec. Litig.*, 837 F. Supp. 1054, 1057 (N.D. Cal. 1993).
[9] *Searls*, 64 F.3d at 1066-67.
[10] *Karacand v. Edwards*, 53 F. Supp. 2d 1236, 1249 (D. Utah 1999).
[11] *Howard v. Haddad*, 962 F.2d 328, 331 n.10 (4th Cir. 1992).

11. Interests were selling fast and Plaintiff should not miss opportunity, *id.* ¶¶ 153, 227;
12. Noah would be a good/solid/stable/successful tenant, *id.* ¶¶ 124, 162, 215, 217, 218, 226, 292, 309, 313, 335, 337;
13. Noah's business had been good in Midwest, *id.* ¶ 186;
14. Noah was recession-proof, *id.* ¶ 186;
15. Noah remained profitable through downturns in economy before, *id.* ¶ 186;
16. There was immediate demand for Noah in area, *id.* ¶ 186;
17. Plaintiff should put money in Noah instead of Fresnius because Noah was so strong, *id.* ¶ 237;
18. Contractor that was building venue was dependable, *id.* ¶ 209;
19. Noah had construction process down to a science, *id.* ¶ 240;
20. Property was valuable true value of property would require factoring in rents that it would generate from Noah, *id.* ¶ 192, 241;
21. Noah could pay high return in rent on property, *id.* ¶ 254;
22. Noah was well-run business, *id.* ¶ 254;
23. There was nothing to worry about with Noah's business, *id.* ¶ 254;
24. Projects were performing perfectly, *id.* ¶¶ 270, 319, 335;
25. Property would be self-sufficient, *id.* ¶ 273;
26. Noah was in premier event venue business, *id.* ¶ 274;
27. Noah had profitable/healthy projected outlook, *id.* ¶ 274;
28. Investment would be low risk, *id.* ¶ 318; and
29. Noah would take care of everything, *id.* ¶¶ 335, 337.

### b. Certain of the alleged representations relate to past events, not presently existing facts.

A claim for fraud can be based only on representations concerning presently existing facts. *Crookston*, 817 P.2d at 800. The following representations are related to past events and are, accordingly, not actionable.

1. Noah had a solid reputation/track record of success, *id.* ¶¶ 136, 193;
2. Noah had an excellent track record making rent payments, *id.* ¶¶ 152, 155, 162, 186, 218, 226, 242, 299, 339;
3. Noah's business had been good in Midwest, *id.* ¶ 186; and
4. Noah remained profitable through downturns in economy before, *id.* ¶ 186.
5. Beynon's mother-in-law had invested, *id.* ¶ 217;
6. Ashby's in-laws had invested, *id.* ¶ 237; and
7. Ashby had invested in Noah, *id.* ¶ 136.

### c. Plaintiffs have not alleged that certain of the alleged representations were false.

Falsity of an alleged representation is also an essential element of a fraud claim.

*Crookston*, 817 P.2d at 800. Here, Plaintiffs have not alleged that all of the representations set

forth in the Complaint are false, including the following:

1. Noah had never missed a rent payment/had an excellent track record making rent payments, Compl. ¶¶ 152, 155, 162, 186, 218, 226, 242, 299, 339;
2. Beynon's mother-in-law had invested, *id.* ¶ 217;
3. Ashby's in-laws had invested, *id.* ¶ 237;
4. Ashby had confidence in investment, *id.* ¶ 136;
5. Ashby had invested in Noah, *id.* ¶ 136;
6. Rent would be paid during construction period beginning at closing date/property would generate rent payments from day of closing, *id.* ¶¶ 138, 145, 182, 191, 219, 235, 255, 272, 277, 301, 312, 320;
7. Property was a prime and coveted location/was in demand at location, *id.* ¶¶ 145, 186, 227;
8. Lease was backed by corporate guaranty, *id.* ¶¶ 208, 245, 293, 318;
9. Contractor building venues was dependable, *id.* ¶ 209;
10. Contractor was involved in building more than 40 Noah properties, *id.* ¶ 209;
11. Rockwell had done extensive research on Noah, *id.* ¶ 243;
12. Noah had been in business for more than 10 years, *id.* ¶ 299; and
13. Oklahoma property was sold out, *id.* ¶ 311.

As a result, Plaintiffs have not alleged a fraud-based claim based on these

representations.

### 3. Plaintiffs Have Not Properly Plead Claims Against the Individual Defendants for Violation of Section 10(b) and Rule 10b-5 of the Exchange Act Federal Securities Laws.

Plaintiffs' federal securities fraud claim against the Individual Defendants fails for

reasons similar to those discussed above with respect to the Fraud Claims.

Section 10(b) of the Exchange Act prohibits a person from using or employing "any

manipulative or deceptive device or contrivance" in connection with the sale of a security. 15

U.S.C. § 78j(b). Rule 10b-5 prohibits a person from making or omitting material facts, or

employing a scheme, device, or artifice to defraud and/or engage in "any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person." 17 C.F.R. § 240.10b-5(c) ("Rule 10b-5"). To plead a claim under Section 10(b) and Rule 10b-5, Plaintiffs must allege:

> (1) that the defendant made an untrue statement of material fact, or failed to state a material fact; (2) that the conduct occurred in connection with the purchase or sale of a security; (3) that the defendant made the statement or omission with scienter; and (4) that plaintiff justifiably relied on the misrepresentation, and sustained damages as a proximate result of the misrepresentation.

*Anixter v. Home-Stake Prod. Co.,* 77 F.3d 1215, 1225 (10th Cir. 1996).

Securities fraud claims under Section 10(b) and Rule 10b-5, like state-law fraud claims, must be pled with particularity. *See Lillard*, 267 F. Supp. 2d at 1094. Additionally, the PSLRA requires that plaintiffs "specify each statement alleged to have been misleading, the reasons or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed," 15 U.S.C. § 78u-4(b)(1). Moreover, plaintiffs must "state with particularity facts giving rise to a strong inference that the defendant acted with the requisite state of mind." U.S.C. § 78u-4(b)(2)(A); *see also Wolfe v. Aspenbio Pharma, Inc.*, 587 F. App'x 493, 497 (10th Cir. 2014) (dismissing claim for failing to meet PSLRA's heightened pleading standard as applied to scienter). The inference from the facts must be "cogent and compelling." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007). Knowledge of falsity may not be imputed "solely from an individual's position within a company." *Wolfe*, 587 F. App'x at 497. Importantly, group pleading—wherein "the Rockwell Defendants" are alleged to have scienter—is not sufficient. *See TDC Lending LLC v. Private Capital Group, Inc.*, 340 F.

Supp. 3d 1218 (D. Utah 2018) ("[G]roup pleading is no longer sufficient to allege scienter for securities fraud").

Under these standards, to state a claim against the Individual Defendants, Plaintiffs must identify each false or misleading statement or omission with requisite particularity and state with particularity why the statements are misleading and facts giving rise to a strong inference that each of the Individual Defendants acted with the "'intent to deceive, manipulate or defraud,' which includes recklessness." *City of Philadelphia v. Fleming Companies, Inc.*, 264 F.3d 1245, 1259 (10th Cir. 2001) (quoting *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 n.12 (1976)).[12] Plaintiffs have not satisfied that standard.

As already explained, *see* Section I.A.2.i, *supra*, Plaintiffs have not plead the alleged representations with particularly, including the who, what, when, where, and how of each. Plaintiffs consequently have failed to plead Section 10(b) and Rule 10b-5 claims against the Individual Defendants and their claims should be dismissed. *See, e.g., Lillard*, 267 F. Supp. 2d at 1101 (dismissing securities fraud claims where plaintiff failed to meet Rule 9's pleading standard, demonstrate defendants acted with scienter, and allege loss causation); *Caprin v. Simon Transp. Servs., Inc.*, 99 F. App'x 150, 160 (10th Cir. 2004) (dismissing a Section 10(b) claim for failing to "identify the person responsible for the omitted information" and "allege that the defendants knew that failing to reveal this information would likely mislead investors").

---

[12] To establish scienter by recklessness, "a plaintiff must demonstrate that the defendant had knowledge of a fact that was so obviously material that the defendant must have been aware of both its materiality and that its non-disclosure would likely mislead investors." *City of Philadelphia*, 264 F.3d at 1258.

Moreover, Plaintiffs have not pled facts explaining why each alleged representation is misleading. Although Plaintiffs purport to base their securities fraud claim on all of the representations made in paragraphs 118 through 338 of the Complaint, [Compl. ¶ 422.], they do not even attempt to explain why each such fact is misleading.

Finally, Plaintiffs have not alleged well-pled facts giving rise to a strong inference that the Individual Defendants acted with an intent to deceive, manipulate, or defraud. Specifically, Plaintiffs have not alleged any facts showing that each of the Individual Defendants knew or was reckless in not knowing that any of the representations alleged in paragraphs 121 through 339 of the Complaint were false. For example, Plaintiffs have not alleged any facts showing that any of the Individual Defendants told a Plaintiff that (i) the property contained a building, when they knew it did not, (ii) that a building would be built, when they knew it would not, (iii) that a building was under construction when they knew it was not; (iv) that the Individual Defendants knew that any Plaintiff believed a building was already built and would be misled unless they corrected that belief, (v) that Noah was a growing and successful business and a good tenant when they knew Noah was not; (vi) that an ownership interest in a Noah building would be valuable, when they knew it was not; and (vii) that the purchase of a Noah TIC Interest was safe, reliable, and dependable when they knew it was not.

Instead, Plaintiffs rely entirely on conclusory allegations to prove the scienter element of their federal securities claim, including that "Defendants made the misrepresentations and omissions to Plaintiffs knowing that they were false and misleading or in the alternative, were reckless in not knowing that the misrepresentations and omissions were false and misleading." [Compl. ¶ 424.] Even when they do attempt to provide additional information, Plaintiffs resort

to group pleading wherein facts are alleged as to "Defendants"—instead as to individual defendants—in an attempt to show intent to deceive. [Compl. ¶ 365.]  Such group pleading is not sufficient to prove scienter for securities fraud, however.  *TDC Lending LLC v. Private Capital Group, Inc.*, 340 F. Supp. 3d 1218, 1227 (D. Utah 2018) ("[G]roup pleading is no longer sufficient to allege scienter for securities fraud"); *id.* (requiring allegations of fact "about each Defendant's scienter").  Nor can Plaintiffs rely on their allegations regarding the Individual Defendants' roles in the Rockwell Entities to support their conclusion that the Individual Defendants had the requisite scienter.  "A defendant's role within the company may be a relevant fact when alleging scienter, but it is insufficient on its own."  *Id.* at 1228.

Consequently, under the heightened pleading standard for the scienter requirement of their federal securities claims, Plaintiffs have failed to show that the Individual Defendants knew any representation was false or were reckless in not being aware of such falsity, and no facts in the Complaint give rise to a "strong inference that the defendant acted with the requisite state of mind." U.S.C. § 78u-4(b)(2)(A);

For all of these reasons, their claims against the Individual Defendants under Section 10(b) and Rule 10b-05 (Plaintiffs' Ninth Claim for Relief) should be dismissed.

### 4.    Plaintiffs Have Not Plead Control Person Liability against the Individual Defendants.

Because Plaintiffs' complaint does not state a claim for a primary violation of the securities laws, Plaintiffs cannot maintain a control person liability claim against Ashby, Nelson, and Beynon.  *See Rumbaugh v. USANA Health Scis., Inc.*, No. 2:17-CV-106, 2018 WL 5044240, at *10 (D. Utah Oct. 17, 2018) (dismissing control person claim where complaint failed to state a

claim for a primary violation under Section 10(b)).  Consequently, Plaintiffs' Tenth Claim for Relief should be dismissed.

### 5.     Plaintiffs Have not Pled a Claim Under State Blue Sky Laws against the Individual Defendants.

Plaintiff's Twelfth Claim for Relief asserts claims under at least sixteen states' Blue Sky laws.  Plaintiffs have not properly alleged a cause of action under those laws.

Claims under state Blue Sky Laws must be pled with the specificity required by Rule 9. *See, e.g., Manchester Mfg. Acquisitions, Inc. v. Sears, Roebuck & Co.*, 802 F.Supp. 595, 601 (D.N.H. 1992) (dismissing claim under New Hampshire Blue Sky law based on failure to satisfy Rule 9's particularity requirement); *Gonzalez v. Agave Metal Trading LLC*, No. 6:18-CV-1294-ORL-31TBS, 2018 WL 7048027, at *10 (M.D. Fla. Dec. 13, 2018) (same result under Florida's Blue Sky Law); *SIC Metals, Inc. v. Hyundai Steel Co.*, No. SACV 18-00912-CJC, 2018 WL 6842958, at *4 (C.D. Cal. Nov. 14, 2018) (same under California's Blue Sky Laws); *Capital Ventures Int'l v. J.P. Morgan Mort. Acquisition Corp.*, No. Civ.A 12-10085-RWZ, 2013 WL 535320, at *1 (D. Mass. Feb. 13, 2013) (stating same for claims under Massachusetts Blue Sky Law where fraud lies at core of action).

As already discussed above, Plaintiffs' pleadings do not satisfy Rule 9's specificity requirement and must be dismissed. *See* Section I.A.2.i, *supra*.

### 6.     Plaintiffs Have Not Pled a Claim for Unjust Enrichment against the Individual Defendants.

Plaintiffs have not properly pled a claim for unjust enrichment (Plaintiffs' Fourteenth Claim for Relief) against the Individual Defendants.  Though Plaintiffs allege that they "conferred a benefit on the Defendants by making their investment in Noah TIC Properties" and

that "Defendants each received a benefit from Plaintiffs in the form of commissions or other compensation paid from the proceeds of the sale Transaction," [Compl. ¶¶ 466-67], this does not allege a claim for unjust enrichment against the Individual Defendants.

To plead a claim for unjust enrichment, a plaintiff must allege: "(1) there must be a benefit conferred on one person by another, (2) the conferee must appreciate or have knowledge of the benefit, and (3) there must be the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment for its value." *Roberts v. C.R. England, Inc.*, 318 F.R.D. 457, 509 (D. Utah 2017) (internal quotation marks omitted) (quoting *Desert Miriah, Inc. v. B & L Auto, Inc.*, 2000 UT 83, ¶¶ 13, 12 P.3d 580, 582)). It is not enough that a benefit was conferred on a defendant, rather, "the enrichment to the defendant must be unjust in that the defendant received a true windfall or 'something for nothing.'" *Emergency Physicians Integrated Care v. Salt Lake Cty.*, 2007 UT 72, ¶ 26, 167 P.3d 1080 (internal quotation marks and citation omitted); *Berrett v. Stevens*, 690 P.2d 553, 557 (Utah 1984) ("[T]he mere fact that a person benefits another is not by itself sufficient to require the other to make restitution."). But, here, Plaintiffs have failed to plead that they conferred any benefit, let alone a windfall, on the Individual Defendants.

As Plaintiffs themselves admit, the full purchase price for the Noah TIC Interest they purchased (i.e., the funds contributed by Plaintiffs) was delivered to Rockwell, not to the Individual Defendants. [Compl. ¶ 346.] Indeed, the Individual Defendants received nothing from Plaintiffs. Under these circumstances, Plaintiffs cannot make out an unjust enrichment claim against the Individual Defendants. *See Concrete Prods. Co., v. Salt Lake Cnty.*, 734 P.2d 910, 911–12 (Utah 1987) (holding that a third-party unjust enrichment claim was impermissible, in

part, because "[n]o direct benefit . . . [wa]s present").  Plaintiffs' unjust enrichment claim, their

Fourteenth Claim for Relief, against the Individual Defendants should, thus, be dismissed.

**7.      Non-Fraud State Law Claims Against the Individual Defendants
Should be Dismissed.**

All state law claims against the Individual Defendants should be dismissed for the

additional reason that the Complaint lacks any basis upon which the Individual Defendants can

be held liable for the alleged acts and omissions of the Rockwell Entities.

The Rockwell Entities are corporate entities formally organized under the laws of Utah.

As a result, each is "a legal entity, separate and apart" from its owners. *Simons v. Park City RV
Resort, LLC*, 2015 UT App 168, ¶ 5, 354 P.3d 215.  A plaintiff can "'pierce the corporate veil

and obtain a judgment against the individual shareholders ... [for] a cause of action [that] arose

from a dispute with the corporate entity' if the plaintiff proves that the corporation is acting as an

alter ego of its shareholders." *Id.* (quoting *Lodges at Bear Hollow Condo. Homeowners Ass'n v.
Bear Hollow Restoration, LLC*, 2015 UT App 6, ¶ 13, 344 P.3d 145)).  Moreover, courts grant

such relief "only reluctantly and cautiously." *Id.*

Here, the Complaint makes no allegations related to factors that justify piercing the

corporate veil, including "(1) undercapitalization of a one-man corporation; (2) failure to observe

corporate formalities; (3) nonpayment of dividends; (4) siphoning of corporate funds by the

dominant stockholder; (5) nonfunctioning of other officers or directors; (6) absence of corporate

records; (7) the use of the corporation as a facade for operations of the dominant stockholder or

stockholders." *Jones & Trevor Mktg., Inc. v. Lowry*, 2012 UT 39, ¶ 16, 284 P.3d 630, 636. While

Courts also consider whether "observance of the corporate form would sanction a fraud, promote

injustice, or an inequitable result would follow," *id.* ¶ 14, nothing in the Complaint suggests that

use of the corporate form here would sanction a fraud.  That said, the Individual Defendants have

shown, above, that Plaintiffs have not made out a case of fraud against them.  And, in any event,

to the extent that Plaintiffs' claims are not based in fraud, and any "fraud exception" cannot

justify piercing the corporate veil on those claims and they should be dismissed.

### B.    CLAIMS AGAINST THE ROCKWELL ENTITIES SHOULD BE DISMISSED.

#### 1.    Plaintiffs Use of "the Rockwell Defendants" and "Rockwell" Group Pleading is Impermissible.

Plaintiffs practice two forms of group pleading.  First, they lump together in the term

"Rockwell" both of the Rockwell Entities and any affiliate of those two entities. [Compl. ¶ 72

and generally.]  Second, they also refer to the Rockwell Entities as part of the group of

"Defendants."  This kind of group pleading is impermissible, and is particularly inappropriate as

it relates to allegations of scienter. *Lillard*, 267 F. Supp. 2d at 1094; *Gibson*, 2005 WL 165382,

at *4; *Caprin*, 99 F. App'x at 160; *Gibson*, 2005 WL 165382, at *4.  Thus, all allegations leveled

against "Rockwell" or "Defendants" are insufficient to state a claim sounding in fraud against

Rockwell Debt Free Properties, Inc. or Rockwell TIC, Inc.  Because all material allegations as to

these entities suffer from this flaw—i.e., they rely on the use of the term "Rockwell" or

"Defendants"—Plaintiffs have not sufficiently pled any fraud-based or securities claim against

Rockwell Debt Free Properties, Inc. or Rockwell TIC, Inc. and all such claims should be

dismissed. [*See, e.g.,* Compl. ¶ 120 ("Plaintiffs purchased their TIC interests based on

misrepresentations and omissions made by Rockwell…"); *id.* ¶ 121 ("Rockwell provided written

marketing materials…to all of the Plaintiffs."); *id.* ¶ 127 ("Defendants represented to all

Plaintiffs that their money would be paid into escrow with First American title and disbursed

only to purchase an undivided interest in the property or to pay for the construction of improvements on the property on a reimbursement basis."); *id.* ¶ 296 ("He contacted Rockwell and was told…that Noah always paid the property taxes."); *id.* ¶ 340 ("Defendants omitted to disclose numerous material facts in connection with the sale of TIC interests to the Plaintiffs….").

**2.      Fraud and Federal and State Securities Fraud Claims Against the Rockwell Entities Based on the Sales Package should be Dismissed for Failure to Plead with Particularity.**

No Plaintiff has properly alleged any fraud-based claim or securities fraud claim based on statements made in the so-called Marketing Materials. Though all Plaintiffs allege they received the Marketing Materials from "Rockwell," [Compl. ¶ 121], none have alleged the particulars surrounding the alleged receipt of the materials. For example, Plaintiffs uniformly fail to identify the following as to any Plaintiff: who provided the Marketing Materials, when such materials were provided, how they were provided, exactly what was provided in any particular instance, and the representations contained in those materials received in any particular instance. As a result, Plaintiffs have not alleged fraud-based and securities claims against the Rockwell Entities that are premised on statements made in any Marketing Materials with sufficient particularity, and such claims, including Plaintiffs First, Second, Third, Sixth, Seventh, Ninth, Twelfth, Thirteenth, and Fifteenth Claims for Relief, must be dismissed under Rule 9.

**3.      Fraud Claims and Securities Fraud Claims Against the Rockwell Entities Based on Alleged Statements Made by the Individual Defendants are not Plead with Particularity.**

As discussed above, Plaintiffs have failed to properly plead the Fraud Claims or securities fraud claims based on any representation made by the Individual Defendants. *See* Sections I.A.2

& 3, *supra*.  Thus, to the extent that Plaintiffs' fraud-based and securities fraud claims against the Rockwell Entities, including Plaintiffs First, Second, Third, Sixth, Seventh, Ninth, Twelfth, Thirteenth, and Fifteenth Claims for Relief, are based on any representations by the Individual Defendants, those claims are not pled with the required specificity and must be dismissed.

> **4.    Any claim against the Rockwell Entities based on the Actions of any defendant other than the Individual Defendants should be dismissed.**

Utah law is clear that "corporations can act only through their agents." *Advanced Recovery Sys. v. Am. Agencies*, 923 F.3d 819, 828 (10th Cir. 2019).  Moreover, a company can be liable only for the acts of its officers, employees, and agents.  *See Sun Life Assur. Co. of Canada (U.S.) v. Williams*, No. 5:06-CV-139 CAR, 2008 WL 762204, at *6 (M.D. Ga. March 18, 2008).  Though Plaintiffs allege various claims against the Rockwell Entities based on representations allegedly made by defendants other than the Individual Defendants—including defendants John D. Hamrick; Chris Brown; Tim Marshall; Connie Greenawalt; Greg DeSalvo; Bil Bowser; TM 1031 Exchange, Inc.; Eastern 1031 Starker Exchange, L.L.C.; Edmund & Wheeler, Inc.; and Bell Isle Enterprises, LLC and third parties Scott Rutherford, Patrick Wolf, Dave Foster, Eric Brecher, and Tommy Hinson—Plaintiffs do not allege that any of these other defendants and third-parties were officers, employees, or agents of the Rockwell Entities at the time the alleged representations were made.  As a result, the Rockwell Entities cannot be liable to Plaintiffs based any action by or representation of these other defendants and third-parties.

> **C.    PLAINTIFFS HAVE NOT PLED A CLAIM FOR BREACH OF FIDUCIARY DUTY AGAINST THE ROCKWELL DEFENDANTS.**

Plaintiff's claim for breach of fiduciary duty (their Second Claim for Relief) against the Rockwell Defendants alleges that the "Defendants" breached fiduciary duties to Plaintiffs as part

of a scheme to defraud Plaintiffs.  Because Plaintiffs' breach of fiduciary duty claim sounds in fraud, it "must be pled with particularity." *Precision Vascular Sys., Inc. v. Sarcos, L.C.*, 199 F. Supp. 2d 1181, 1191 (D. Utah 2002). As already discussed above, Plaintiffs have not alleged with sufficient particularity any fraud-based claim.

Moreover, under Utah law, it is well established that, "[t]o prove a breach of fiduciary duty claim, a plaintiff must demonstrate that the defendant owed a duty, the defendant breached the duty, the plaintiff suffered damages, and the plaintiff's damages were actually and proximately caused by the defendant's breach." *Giles v. Mineral Res. Int'l, Inc.*, 2014 UT App 259, ¶ 6, 338 P.3d 825, 827 (citing *Christensen & Jensen, P.C. v. Barrett & Daines*, 2008 UT 64, ¶ 23, 194 P.3d 931, 938).  Plaintiffs have not satisfied that burden.

Plaintiffs' only attempt to meet this standard consists of mere conclusory allegations about duties owed to Plaintiffs. [Compl. ¶¶ 368-75 (alleging a relationship of confidence and trust).]  But that type of conclusory claim does not meet the *Twombly* plausibility standard, particularly when, as here, Plaintiffs were purchasing real property from Rockwell in a commercial business transaction. Under Utah law, no "fiduciary duty exists between parties negotiating a deal at arms-length." *Hafen v. Strebeck*, 338 F. Supp. 2d 1257, 1267 (D. Utah Oct. 4, 2004).  Where "parties deal at arm's length or in an adversarial relationship, no fiduciary relationship can be said to exist." *Id.*  Moreover, although Plaintiffs claim that Rockwell expected Plaintiffs to place their trust and confidence in Rockwell and to rely on Rockwell's judgment and skill, [Compl. ¶ 373], Plaintiffs acknowledged and expressly agreed that they were placing no such trust or reliance on Plaintiffs.

Each Plaintiff admits to executing a Purchase and Sale Agreement with RDFP ("PSA").[13] [Compl. ¶ 342.] In the PSA, each Plaintiff represented expressly and acknowledged and agreed that sales professionals involved in their Noah TIC transaction did not have authority to make representations on behalf of Rockwell. [*See* Exhibit A, p.1.] Further, Plaintiffs acknowledged that they were not entering into the PSA in reliance on any representations made by sales professionals and that Plaintiffs had a sufficient opportunity to investigate, to their own satisfaction, the nature, character and quality of the Noah TIC Interest they purchase. [*Id.*] Moreover, Plaintiffs agreed that they were not relying and would not rely on "any representations and warranties of [Rockwell] or anyone acting or claiming to act by, through, or under [Rockwell], or on [Rockwell's] behalf concerning the Property." [*Id.* § 5.] Finally, each Plaintiff agreed in the PSA that Rockwell advised them "to seek competent legal advice from other professionals to evaluate the Property, lease, tenant, due diligence items, and the terms and provisions of this Agreement," and that Rockwell did not represent Plaintiffs and could not give them legal, accounting or real estate advice. [*Id.* § 12.] As a result, each Plaintiff was advised to review due diligence materials with an attorney or advisor of their own choosing before executing the PSA. [*Id.*]

In other words, Plaintiffs acknowledged and agreed in the PSA that they were not placing any trust or reliance on RDFP or any representations made to them. *See 1600 Barberry Lane 8 LLC v. Cottonwood Residential OP LP*, 2019 UT App 146, ¶¶ 17-18, 449 P.3d 949 (recognizing

---

[13] Because it is central to and referenced in Plaintiffs' Complaint, the PSA is properly before this Court on this motion. *See GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). An exemplar of the PSA Plaintiffs signed is attached hereto as Exhibit A. Additional PSAs were filed as exhibits to Dkt. No. 23.

that contract can disclaim fiduciary relationship).  As a result, their breach of fiduciary duty claim fails as a matter of law.[14]

Next, Plaintiffs assert a more particular claim for breach of fiduciary duty related to escrowed funds in their Fourth Claim for Relief. [Compl. ¶¶ 383-393.]  Though Utah recognizes that an escrow agent has fiduciary duties to both parties to a transaction, *Cooper Enters., PC v. Brighton Title Co., LLC*, 2010 UT App 135, ¶ 11, 233 P.3d 548, the Rockwell Defendants were not the escrow officer for those funds.  As a result, they had no fiduciary duty with respect to those funds.  Plaintiffs' conclusory allegation to the contrary—allegations that lack any well-pled supporting facts—does not alter that conclusion.

Finally, Plaintiffs' breach of fiduciary duty claims are barred by the economic loss rule.  Under the economic loss rule, "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach *absent an independent duty of care* under tort law." *CE Providers v. Sterns Bank*, No. 2:18-CV-100 TS, 2018 WL 3448335, at *4 (D. Utah July 17, 2017).  Here, as already discussed, no duty independent of the parties' contractual relationship arose.  Instead, the PSA between the parties disclaimed any such relationship.  And because these matters are covered by the parties' contractual relationship, Plaintiffs have not alleged any fiduciary duty flowing from the Rockwell Defendants to Plaintiffs that is independent of that contract.  The economic loss rule,

---

[14] Plaintiffs' fraud claim related to alleged omissions of fact fails for the same reasons. The Rockwell Defendants had no duty to disclose information to Plaintiffs, so they cannot maintain a claim for fraud based on alleged omissions. *Arnett v. Howard*, 2014 WL 1165851, at *4 (D. Utah March 21, 2014) ("[F]raud may be based on an omission of a material fact when there is a duty to disclose.") (internal quotation marks omitted).

thus, bars Plaintiffs' breach of fiduciary duty claims. *See HealthBank Int'l, LLC v. Synergy Worldwide, Inc.*, 208 F. Supp. 3d 1193, 1200 (D. Utah Sept. 22, 2016) ("Having disclaimed any relationship implicating fiduciary duties between the parties, the royalty contract cannot bring about an independent fiduciary relationship.").[15]

## D. PLAINTIFFS HAVE NOT PLED AN "AIDING AND ABETTING" CLAIM AGAINST DEFENDANTS.

Plaintiffs, in their Sixth Claim for Relief, allege that the Rockwell Defendants have aided and abetted the torts described in Plaintiffs' First through Fifth Claims for Relief, which include fraud/negligent misrepresentation, breach of fiduciary duty, constructive fraud, and conversion/fraudulent misappropriation. Plaintiffs' aiding and abetting claim fails for multiple reasons.

First, because Plaintiffs have failed to adequately plead a primary fraud, constructive fraud, and breach of fiduciary duty claim, as discussed above, they cannot maintain a claim for aiding and abetting fraud and breach of fiduciary duty. *See Coroles v. Sabey*, 2003 UT App 339, ¶¶ 36-37, 79 P.3d 974. Even if that were not the case, "Utah courts have not yet recognized a claim for aiding and abetting fraud." *Rabo Agrifinance, Inc. v. Bliss*, 227 F. Supp. 3d 1249, 1252 n.1 (D. Utah 2017). Nor have they recognized a cause of action for aiding and abetting conversion. *Albright v. Attorney's Title Ins. Fund*, No.2:03-CV-517, 2008 WL 2952260, at * 12

---

[15] Plaintiffs' constructive fraud claim fails for the same reasons: a confidential or fiduciary relationship is an essential element of a constructive fraud claim. *d'Elia v. Rice Dev., Inc.*, 2006 UT App 416, ¶ 54, 147 P.3d 515. Here, the parties disclaimed such a relationship in the PSA. Moreover, no fiduciary duty arose between Plaintiffs and Rockwell separate from the PSA, and the economic loss rule bars Plaintiffs' breach of fiduciary duty claim. *Healthbank Int'l, LLC*, 208 F. Supp. 3d at 1200 (dismissing constructive fraud claim based on economic loss rule).

(D. Utah July 28, 2008). Consequently, Plaintiffs' aiding and abetting claim fails as a matter of law.

### E.    PLAINTIFFS HAVE NOT PLED A CONSPIRACY CLAIM AGAINST DEFENDANTS.

The essential elements of a civil conspiracy claim are: "(1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result thereof." *Harvey v. Ute Indian Tribe of Uintah & Ouray Reservation*, 2017 UT 75, ¶ 70, 416 P.3d 401 (internal quotation marks omitted). Here, Plaintiffs base their conspiracy claim in part on their allegations of fraud as a predicate act, meaning that Plaintiffs must allege at least the fraud aspect of their claim with particularity. *Bell v. 3M Co.*, 344 F. Supp. 3d 1207, 1228 (D. Colo. 2018) ("Where a civil conspiracy claim is based on fraudulent acts, those acts must be pled in accordance with Rule 9(b)…."). With respect to a conspiracy claim, that particularity "requires a pleader…to detail with particularity the time, place, and manner of each act of fraud, *plus the role of each defendant in each scheme*." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (emphasis added). "Any charge of conspiracy to commit fraud must consist of specific factual allegations, not general or conclusory statements." *United States ex rel. Erickson v. Utah Special Servs. Dist.*, 395 F. Supp. 2d 1088, 1100 (D. Utah 2005).

Here, as already discussed, Plaintiffs' Complaint fails to set forth the allegations of fraud with sufficient particularity.  A conspiracy claim based on fraudulent acts must "detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty. Hosp.*, 940 F.2d at 405.  Plaintiffs, by reciting the elements of a conspiracy claim and stating that defendants collectively agreed to accomplish a conspiracy, *see*

Compl. ¶ 409, have not satisfied that standard. *See, e.g., Ceiltig, LLC v. Patey*, 347 F. Supp. 3d 976, 985–86 (D. Utah 2018) (communications and parallel actions with other defendants are not evidence an agreement); *Harvey v. Ute Indian Tribe of Uintah and Ouray Reserv.*, 416 P.3d 401, 425 (Utah 2017) (plaintiff failed to "plead some kind of meeting of the minds… to harm [plaintiff] in an unlawful manner"). Plaintiffs' conspiracy claim should be dismissed.

### F.    PLAINTIFFS' CLAIM FOR ABUSE OF VULNERABLE ADULTS FAILS.

The purported basis of Plaintiffs' abuse of vulnerable adults claim is a "prima facie tort or negligence per se," [Compl. ¶ 477].  But Utah Code § 62A-3-314 displaced these common law theories as a matter of law.  Specifically, where a statute comprehensively addresses the subject matter of a claim, underlying common law claims are preempted. *See Daniels v. Gamma West Brachytherapy, LLC*, 221 P.3d 256, 270 (Utah 2009). Section 62A-3-314 incorporates and thereby addresses the entirety of the claim Plaintiffs seek to bring. That statute requires Plaintiffs to allege the elements specified by the related Utah criminal statute to state a claim, which Plaintiffs have not done. This claim is thus preempted and should be dismissed.

### CONCLUSION

For the reasons stated above, the Rockwell Defendants request that the Court grant the motion and dismiss Plaintiffs' claims against them.

DATED this 20th day of March, 2020

PARR BROWN GEE & LOVELESS

/s/ *Jonathan O. Hafen*
Jonathan O. Hafen
Royce B. Covington
Chad S. Pehrson
Sara Meg Nielson
*Attorneys for the Rockwell Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Erik A. Christiansen
Jeffrey C. Corey
PARSONS BEHLE & LATIMER
201 South Main Street Suite 1800
Po Box 45898
Salt Lake City, UT 84145-0898
(801)532-1234
echristiansen@parsonsbehle.com
jcorey@parsonsbehle.com

Douglas W. Henkin
DENTONS US LLP
1221 Ave. of The Americas
New York, NY 10020
212-768-6832
douglas.henkin@dentons.com

Reid W. Lambert
R. Jesse Davis
STRONG & HANNI
102 S 200 E STE 800
SALT LAKE CITY, UT 84111
(801)532-7080
jdavis@strongandhanni.com
rlambert@strongandhanni.com

*/s/Sara Meg Nielson*
Sara Meg Nielson