Reid W. Lambert, #5744
R. Jesse Davis, #16032
**STRONG & HANNI, P.C.**
102 S. 200 E. Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Email: rlambert@strongandhanni.com

*Attorneys for the Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER C. FUCCI, et al.<br><br>Plaintiffs<br><br>v<br><br>WILLIAM BOWSER, et. al<br><br>Defendants. | MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>[HEARING REQUESTED]<br><br>Case No. 2:20-cv-00004<br><br>Judge: David Barlow<br>Magistrate Judge: Evelyn J. Furse |

Plaintiffs Christopher C. Fucci, et. al (collectively, "Plaintiffs") hereby move the Court for leave to file a first Amended Complaint. A copy of the proposed Amended Complaint is attached hereto as Exhibit A.

### RELIEF REQUESTED AND GROUNDS FOR RELIEF

Plaintiffs seek leave to file a First Amended Complaint, a proposed form of which is attached hereto as Exhibit A. A redline showing the proposed changes is attached as Exhibit B. The grounds for relief are that Fed. R. Civ. P. 15 (a)(2) provides that leave to amend should be freely given "when justice so requires." In this case, the proposed First Amended Complaint

1

adds new parties and claims, provides additional factual detail supporting claims subject to heightened pleading standards, corrects substantive and clerical errors, corrects the unintentional omission of Defendant Kirsten Parkin as a party on certain claims, accounts for the dismissal of certain parties, and includes additional factual content regarding the Noah TIC program and each remaining defendant's role therein. The proposed First Amended Complaint provides a more complete, accurate, and detailed statement of Plaintiffs' claims, and justice would dictate that amendment would be proper to facilitate presentation of the claims on the merits.

## BACKGROUND FACTS

1. Plaintiffs filed their Complaint on January 4, 2020.

2. Between January 4, 2020 and July 31, 2020, the following four groups of Defendants filed Motions to Dismiss the Complaint, including the following:

   (a) First American Title Insurance Company and Kirsten Parkin (the "First American Defendants").

   (b) Rockwell Debt Free Properties, Inc. and Rockwell TIC Inc. (the "Rockwell Entities"), as well as Christopher Ashby, Scott Beynon, and Jordan Nelson (the "Rockwell Individuals").

   (c) Eastern 1031 Starker Exchange, LLP, Eastern 1031 Starker Exchange, L.L.C., and Connie Greenawalt (the "Greenawalt Defendants").

   (d) Edmund & Wheeler, Inc., John D. Hamrick, Chris Brown, TM 1031 Exchange, Inc., and Tim Marshall (the "E&W/TM Defendants").

3. On September 3, 2020, the Court stayed the case due to the bankruptcy filing of the Rockwell Entities.

4. While the case was stayed, Plaintiffs settled with the Rockwell Individuals and with Defendants Bell Isle Enterprises, LLC, Results Real Estate Partners, LLC, and Greg DeSalvo (the "DeSalvo Parties").

5. Between January 4, 2020 and the present, Plaintiffs have continued to investigate their claims. The investigation has included receipt of hundreds of thousands of pages of documents obtained through the Noah Corporation bankruptcy case and from a Subpoena served on Scott Rutherford, a former salesperson for the Rockwell Entities. It has also included substantial information obtained through the Rockwell Entities' bankruptcy case, as well as informal discussions with persons with knowledge pertaining to the case.

6. During the course of the litigation, Plaintiffs have also discovered some clerical or typographical errors in the Complaint, the correction of which is material to Plaintiffs' case. Most notably, Plaintiffs discovered that Defendant Kirsten Parkin had been inadvertently omitted as an identified Defendant on Plaintiffs' Fourth, Sixth, and Seventh Claims for Relief.

7. The Motions to Dismiss filed by the First American Defendants, the E&W/TM Defendants, and the Greenawalt Defendants include argument that the Complaint fails to state certain claims with sufficient particularity required by Fed. R. Civ. P. 9 (b) and by the Private Securities Litigation Reform Act ("PSLRA"). In the course of responding to the Motions, Plaintiffs identified several areas in which additional factual allegations could address the issues raised in the Motions.

8. Plaintiffs' proposed First Amended Complaint addresses all of the issues identified above. It includes a significant retooling of the Complaint and adds substantial additional detail and information, most of which has been learned from Plaintiffs' continuing investigation since the Complaint was filed. The First Amended Complaint includes the following categories of Amendments:

(a) <u>Correction of Errors</u>. Plaintiffs have corrected both substantive and non-substantive errors in the original Complaint. Most notably, Plaintiffs have corrected their omission of Kirsten Parkin as a defendant on Plaintiffs Fourth, Fifth, and Seventh Claims for Relief. Plaintiffs have also corrected punctuation, spelling, and typographical errors, including such errors in the case caption. Plaintiffs have corrected several internal references that were incorrect in the original Complaint.

(b) <u>Allegations of Scienter</u>. The Complaint alleged that defendants acted with the requisite scienter as required by the PSLRA, but the Amended Complaint adds individual allegations as to each individual defendant and incorporates information developed since the Complaint was filed. Such allegations are included in several places in the proposed Amended Complaint, but most notably in paragraphs 447 (a) through (j) of Plaintiffs' federal securities fraud claim.

(c) <u>Description of Construction TIC Program</u>. Since the Complaint was filed, Plaintiffs have obtained substantial information about Rockwell's "Construction TIC" program, which was designed to allow investors to use proceeds of 1031 exchanges to purchase property under construction. The Defendants' disregard for and departure from the requirements of this

program is an important element of Plaintiffs' claims concerning the misappropriation of their investments.

(d) <u>Addition of Defendants and Claims</u>. The proposed Amended Complaint adds Investors 1031 Exchange, Inc. and its principal, Thomas Hinson, as additional "Upstream Party" defendants. Since the Original Complaint was filed, Plaintiffs have learned that these defendants were paid commissions in connection with sales to two or more Plaintiffs. The proposed Amended Complaint also adds O'Toole Enterprises and its principal, Mary O'Toole as defendants in conjunction with the claims against Upstream Parties Edmund & Wheeler, Inc. ("E&W") and John Hamrick ("Hamrick"). Since the Complaint was filed, Plaintiffs have learned that the Rockwell Entities paid O'Toole Enterprises approximately $3.5 million in connection with transactions involving E&W and Hamrick. In addition to adding these parties to the existing claims against Upstream Parties, the proposed Amended Complaint includes new claims for fraudulent transfer and constructive trust against O'Toole Enterprises and O'Toole related to their receipt of funds payable to E&W and Hamrick.

(e) <u>Additional Detail in Factual Allegations</u>. The proposed Amended Complaint includes some additional detail setting forth the factual basis for the claims. While some of the additional detail is arguably unnecessary, the additional detail added relative to claims requiring a heightened pleading standard under Fed. R. Civ. P. 9 (b) or the PSLRA may be helpful in clarifying to Defendants the basis for the claims so that they may prepare an appropriate response to the Complaint.

(f) <u>Acknowledgement of Dismissed Parties</u>.  Since the Complaint was filed, the Rockwell Entities have filed bankruptcy and Plaintiffs have settled with and dismissed the DeSalvo Parties and the Rockwell Individuals.  The Amended Complaint acknowledges these developments and now includes allegations concerning these parties merely as context for the claims stated against the remaining parties.  Claims against the Rockwell Entities remain, but all claims affective these entities are stayed consistent with 11 U.S.C. § 362 (a).

(g) <u>Additional Detail Regarding Noah Financial Information</u>.  Since the Complaint was filed, Plaintiffs have received information indicating that Noah financial information was shared with the Upstream Parties and other Defendants more liberally than previously known.  Allegations have been added to reflect that many Defendants had actual knowledge of such Noah financial information.

(h) <u>Additional Detail Regarding Commissions</u>.  Since the Complaint was filed, Plaintiffs have learned that despite representations to the contrary, the Upstream Parties received substantial commissions based on express contracts with Rockwell.  The proposed Amended Complaint includes allegations regarding these contracts and the amounts paid thereunder.

## **ARGUMENT**

Fed. R. Civ. P. 15 (a)(2) allows amendment of pleading with leave of the Court and adds that "[t]he court should freely give leave when justice so requires."  In the Tenth Circuit, "[r]effusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224,

1229 (10th Cir. 2009) (quoting, *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Prejudice to opposing parties is generally the most important factor in deciding whether to grant leave to amend, *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006), and courts will typically find prejudice "only when an amendment unfairly affects non-movants 'in terms of preparing their [response] to the amendment.'" *Bylin,* 568 F.3d at 1229 (quoting, *Minter*, 451 F.3d at 1208. The standard for amendment is particularly liberal where the case is in its "infancy," and the parties have not conducted the Rule 26 (f) attorneys' planning meeting, proposed pretrial and trial deadlines, made initial disclosures, or propounded discovery. *See Property Solutions International, Inc. v. Yardi Systems, Inc.*, 2016 WL 1411357, at *2 (D. Utah 2016).

As set forth above, the proposed Amended Complaint will facilitate a determination of the Plaintiffs' claims on the merits. Despite being filed over a year ago, the case is still in its infancy, having been delayed by bankruptcy filings and a resulting stay period. Motions to dismiss remain pending, no scheduling order has been entered, and discovery has not commenced. All parties will have a full and fair opportunity to consider, address, and litigate all of the claims presented in the proposed Amended Complaint.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs urge the Court to grant the Motion and allow leave to file the proposed First Amended Complaint, a form of which is attached as Exhibit A.

DATED this 16th day of July 2021.

                **STRONG & HANNI**

                 /s/ *Reid W. Lambert*
                Reid W. Lambert
                Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on the 16th day of July, 2021, I caused the foregoing **MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [HEARING REQUESTED]** to be served electronically through the ECF system which delivered notice to the following:

- **Daniel K. Brough**
  dbrough@btjd.com, hollyv@btjd.com, docketing@btjd.com
- **Erik A. Christiansen**
  echristiansen@parsonsbehle.com, ecf@parsonsbehle.com, cgroos@parsonsbehle.com
- **Jeffrey C. Corey**
  ecf@parsonsbehle.com, jcorey@parsonsbehle.com
- **Royce B. Covington**
  rcovington@parrbrown.com, calendar@parrbrown.com
- **R. Jesse Davis**
  jdavis@strongandhanni.com
- **Jonathan O. Hafen**
  jhafen@parrbrown.com, calendar@parrbrown.com
- **Douglas W. Henkin**
  douglas.henkin@dentons.com
- **Reid W. Lambert**
  rlambert@strongandhanni.com, tlawrence@strongandhanni.com
- **Sara M. Nielson**
  snielson@parrbrown.com, acoats@parrbrown.com, calendar@parrbrown.com
- **Chad S. Pehrson**
  cpehrson@parrbrown.com, calendar@parrbrown.com

*/s/ Connie Johnson*
Connie Johnson
Legal Assistant