Reid W. Lambert, #5744
Zachary T. Shields, #6031
**STRONG & HANNI, P.C.**
102 S. 200 E. Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Email: rlambert@strongandhanni.com
Email: zshields@strongandhanni.com

*Attorneys for the Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CHRISTOPHER C. FUCCI, et. Al<br><br>Plaintiffs<br><br>v.<br><br>WILLIAM BOWSER, et. al<br>Defendants. | **DECLARATION**<br><br>Case No. 2:20-cv-00004<br>Judge: David Barlow |

I, _RICHARD VOLLHARDT_, subject to penalty of perjury under the laws of the United States, do hereby declare and state as follows:

1.       I am a Plaintiff or the principal or trustee of an entity or trust that is a Plaintiff in the above-captioned lawsuit.  I have personal knowledge of the facts testified to herein, which facts are true and correct to the best of my knowledge and belief.

2.       My claims in the above case arise from my purchase of a tenant-in-common interest in property from Rockwell Debt Free Properties, Inc. or its affiliate.  I entered the contract by executing a Purchase and Sale Agreement ("PSA") and paying the Purchase Price called for in the agreement.

3.       At the time I executed the PSA and paid the Purchase Price, I had not received a copy of the title insurance policy on the property or any endorsement of the policy.

1

4.      At the time I executed the PSA and paid the Purchase Price, I was not aware of any of the terms and conditions of the title policy.  Specifically, I did not know that the policy included an arbitration provision of any kind.

5.      [Box checked for statement that applies to me.]

☐  At the time the above-captioned lawsuit was filed, I had still never received a copy of the title insurance policy related to my tenant-in-common interest.

☒ I received a copy of the title insurance policy prior to the filing of the above-captioned lawsuit, but well after I had executed the PSA and paid the Purchase Price for my interest.

6.      I have never consented or intended to consent to arbitration of my claims against First American Title Insurance Company that are asserted in this lawsuit.

DATED this _____ day of October 2021.

_____
Signature

Richard Vollhardt
Print Name

BP 412, LLC
Name of Entity or Trust (if applicable)

2

Reid W. Lambert, #5744
Zachary T. Shields, #6031
**STRONG & HANNI, P.C.**
102 S. 200 E. Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Email: rlambert@strongandhanni.com
Email: zshields@strongandhanni.com

*Attorneys for the Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER C. FUCCI, et. Al<br><br>Plaintiffs<br><br>v.<br><br>WILLIAM BOWSER, et. al<br>Defendants. | **DECLARATION**<br><br>Case No. 2:20-cv-00004<br>Judge: David Barlow |

I, ___Jennifer Voynovich___, subject to penalty of perjury under the laws of the United States, do hereby declare and state as follows:

1.      I am a Plaintiff or the principal or trustee of an entity or trust that is a Plaintiff in the above-captioned lawsuit. I have personal knowledge of the facts testified to herein, which facts are true and correct to the best of my knowledge and belief.

2.      My claims in the above case arise from my purchase of a tenant-in-common interest in property from Rockwell Debt Free Properties, Inc. or its affiliate. I entered the contract by executing a Purchase and Sale Agreement ("PSA") and paying the Purchase Price called for in the agreement.

3.      At the time I executed the PSA and paid the Purchase Price, I had not received a copy of the title insurance policy on the property or any endorsement of the policy.

1

4.      At the time I executed the PSA and paid the Purchase Price, I was not aware of any of the terms and conditions of the title policy.  Specifically, I did not know that the policy included an arbitration provision of any kind.

5.      [Box checked for statement that applies to me.]

☑ At the time the above-captioned lawsuit was filed, I had still never received a copy of the title insurance policy related to my tenant-in-common interest.

☐ I received a copy of the title insurance policy prior to the filing of the above-captioned lawsuit, but well after I had executed the PSA and paid the Purchase Price for my interest.

6.      I have never consented or intended to consent to arbitration of my claims against First American Title Insurance Company that are asserted in this lawsuit.

DATED this __16th__ day of October 2021.

_Jennifer Voynovich_
Signature

_Jennifer Voynovich_
Print Name

_Voynovich Ventures Ltd._
Name of Entity or Trust (if applicable)

2

Reid W. Lambert, #5744
Zachary T. Shields, #6031
**STRONG & HANNI, P.C.**
102 S. 200 E. Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Email: rlambert@strongandhanni.com
Email: zshields@strongandhanni.com

*Attorneys for the Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER C. FUCCI, et. Al<br><br>Plaintiffs<br><br>v.<br><br>WILLIAM BOWSER, et. al<br>Defendants. | **DECLARATION**<br><br>Case No. 2:20-cv-00004<br>Judge: David Barlow |

I, *Christopher Voynovich* subject to penalty of perjury under the laws
of the United States, do hereby declare and state as follows:

1.      I am a Plaintiff or the principal or trustee of an entity or trust that is a Plaintiff in

the above-captioned lawsuit.  I have personal knowledge of the facts testified to herein, which

facts are true and correct to the best of my knowledge and belief.

2.      My claims in the above case arise from my purchase of a tenant-in-common

interest in property from Rockwell Debt Free Properties, Inc. or its affiliate.  I entered the

contract by executing a Purchase and Sale Agreement ("PSA") and paying the Purchase Price

called for in the agreement.

3.      At the time I executed the PSA and paid the Purchase Price, I had not received a

copy of the title insurance policy on the property or any endorsement of the policy.

1

4.      At the time I executed the PSA and paid the Purchase Price, I was not aware of any of the terms and conditions of the title policy.  Specifically, I did not know that the policy included an arbitration provision of any kind.

5.      [Box checked for statement that applies to me.]

☑  At the time the above-captioned lawsuit was filed, I had still never received a copy of the title insurance policy related to my tenant-in-common interest.

☐  I received a copy of the title insurance policy prior to the filing of the above-captioned lawsuit, but well after I had executed the PSA and paid the Purchase Price for my interest.

6.      I have never consented or intended to consent to arbitration of my claims against First American Title Insurance Company that are asserted in this lawsuit.

DATED this _16_ day of October 2021.

_____
Signature

Christopher Voynovich
Print Name

_____
Voynovich Ventures LTD.
Name of Entity or Trust (if applicable)

2

Reid W. Lambert, #5744
Zachary T. Shields, #6031
**STRONG & HANNI, P.C.**
102 S. 200 E. Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Email: rlambert@strongandhanni.com
Email: zshields@strongandhanni.com

*Attorneys for the Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER C. FUCCI, et. Al<br><br>Plaintiffs<br><br>v.<br><br>WILLIAM BOWSER, et. al<br>Defendants. | **DECLARATION**<br><br><br>Case No. 2:20-cv-00004<br>Judge: David Barlow |

I, _____Paul Zambito_____, subject to penalty of perjury under the laws of the United States, do hereby declare and state as follows:

1.      I am a Plaintiff or the principal or trustee of an entity or trust that is a Plaintiff in the above-captioned lawsuit.  I have personal knowledge of the facts testified to herein, which facts are true and correct to the best of my knowledge and belief.

2.      My claims in the above case arise from my purchase of a tenant-in-common interest in property from Rockwell Debt Free Properties, Inc. or its affiliate.  I entered the contract by executing a Purchase and Sale Agreement ("PSA") and paying the Purchase Price called for in the agreement.

3.      At the time I executed the PSA and paid the Purchase Price, I had not received a copy of the title insurance policy on the property or any endorsement of the policy.

1

4.      At the time I executed the PSA and paid the Purchase Price, I was not aware of

any of the terms and conditions of the title policy.  Specifically, I did not know that the policy

included an arbitration provision of any kind.

5.      [Box checked for statement that applies to me.]

☒ At the time the above-captioned lawsuit was filed, I had still never received a copy of

the title insurance policy related to my tenant-in-common interest.

☐ I received a copy of the title insurance policy prior to the filing of the above-captioned

lawsuit, but well after I had executed the PSA and paid the Purchase Price for my interest.

6.      I have never consented or intended to consent to arbitration of my claims against

First American Title Insurance Company that are asserted in this lawsuit.

DATED this __18__ day of October 2021.

_____
Signature

_____
Print Name    Paul Zambito

_____
Name of Entity or Trust (if applicable)    Joseph + Grace Zambito Trust

2

Reid W. Lambert, #5744
Zachary T. Shields, #6031
**STRONG & HANNI, P.C.**
102 S. 200 E. Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Email: rlambert@strongandhanni.com
Email: zshields@strongandhanni.com

*Attorneys for the Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER C. FUCCI, et. Al<br><br>Plaintiffs<br><br>v.<br><br>WILLIAM BOWSER, et. al<br>Defendants. | **DECLARATION**<br><br>Case No. 2:20-cv-00004<br>Judge: David Barlow |

I, _Janean Steck_, subject to penalty of perjury under the laws of the United States, do hereby declare and state as follows:

1.    I am a Plaintiff or the principal or trustee of an entity or trust that is a Plaintiff in the above-captioned lawsuit. I have personal knowledge of the facts testified to herein, which facts are true and correct to the best of my knowledge and belief.

2.    My claims in the above case arise from my purchase of a tenant-in-common interest in property from Rockwell Debt Free Properties, Inc. or its affiliate. I entered the contract by executing a Purchase and Sale Agreement ("PSA") and paying the Purchase Price called for in the agreement.

3.    At the time I executed the PSA and paid the Purchase Price, I had not received a copy of the title insurance policy on the property or any endorsement of the policy.

1

4.      At the time I executed the PSA and paid the Purchase Price, I was not aware of any of the terms and conditions of the title policy.  Specifically, I did not know that the policy included an arbitration provision of any kind.

5.      [Box checked for statement that applies to me.]

☐ At the time the above-captioned lawsuit was filed, I had still never received a copy of the title insurance policy related to my tenant-in-common interest.

☒ I received a copy of the title insurance policy prior to the filing of the above-captioned lawsuit, but well after I had executed the PSA and paid the Purchase Price for my interest.

6.      I have never consented or intended to consent to arbitration of my claims against First American Title Insurance Company that are asserted in this lawsuit.

DATED this _17_ day of October 2021.

_____
Signature

_____
Print Name

_____
Name of Entity or Trust (if applicable)

DocuSign Envelope ID: 4B151BBC-D391-4E6D-85F1-941675FD1A8D

Reid W. Lambert, #5744
Zachary T. Shields, #6031
**STRONG & HANNI, P.C.**
102 S. 200 E. Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Email: rlambert@strongandhanni.com
Email: zshields@strongandhanni.com

_Attorneys for the Plaintiffs_

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER C. FUCCI, et. Al<br><br>Plaintiffs<br><br>v.<br><br>WILLIAM BOWSER, et. al<br>Defendants. | **DECLARATION**<br><br>Case No. 2:20-cv-00004<br>Judge: David Barlow |

I, _____John_____, subject to penalty of perjury under the laws

of the United States, do hereby declare and state as follows:

1.      I am a Plaintiff or the principal or trustee of an entity or trust that is a Plaintiff in

the above-captioned lawsuit.  I have personal knowledge of the facts testified to herein, which

facts are true and correct to the best of my knowledge and belief.

2.      My claims in the above case arise from my purchase of a tenant-in-common

interest in property from Rockwell Debt Free Properties, Inc. or its affiliate.  I entered the

contract by executing a Purchase and Sale Agreement ("PSA") and paying the Purchase Price

called for in the agreement.

3.      At the time I executed the PSA and paid the Purchase Price, I had not received a

copy of the title insurance policy on the property or any endorsement of the policy.

DocuSign Envelope ID: 4B151BBC-D391-466D-95F1-941675FD1A8D

4. At the time I executed the PSA and paid the Purchase Price, I was not aware of any of the terms and conditions of the title policy. Specifically, I did not know that the policy included an arbitration provision of any kind.

5. [Box checked for statement that applies to me.]

☒ At the time the above-captioned lawsuit was filed, I had still never received a copy of the title insurance policy related to my tenant-in-common interest.

☐ I received a copy of the title insurance policy prior to the filing of the above-captioned lawsuit, but well after I had executed the PSA and paid the Purchase Price for my interest.

6. I have never consented or intended to consent to arbitration of my claims against First American Title Insurance Company that are asserted in this lawsuit.

DATED this __18__ day of October 2021.

_____
Signature

DocuSigned by:
John Lalli
196BDB2837E7445...

John          Lalli
_____
Print Name

_____
Name of Entity or Trust (if applicable)

Reid W. Lambert, #5744
Zachary T. Shields, #6031
**STRONG & HANNI, P.C.**
102 S. 200 E. Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Email: rlambert@strongandhanni.com
Email: zshields@strongandhanni.com

*Attorneys for the Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER C. FUCCI, et. Al | **DECLARATION** |
| Plaintiffs | |
| v. | Case No. 2:20-cv-00004 |
| | Judge: David Barlow |
| WILLIAM BOWSER, et. al Defendants. | |

I, _Carl A. Lillmers Jr._, subject to penalty of perjury under the laws of the United States, do hereby declare and state as follows:

1.    I am a Plaintiff or the principal or trustee of an entity or trust that is a Plaintiff in the above-captioned lawsuit. I have personal knowledge of the facts testified to herein, which facts are true and correct to the best of my knowledge and belief.

2.    My claims in the above case arise from my purchase of a tenant-in-common interest in property from Rockwell Debt Free Properties, Inc. or its affiliate. I entered the contract by executing a Purchase and Sale Agreement ("PSA") and paying the Purchase Price called for in the agreement.

3.    At the time I executed the PSA and paid the Purchase Price, I had not received a copy of the title insurance policy on the property or any endorsement of the policy.

1

4.     At the time I executed the PSA and paid the Purchase Price, I was not aware of any of the terms and conditions of the title policy. Specifically, I did not know that the policy included an arbitration provision of any kind.

5.     [Box checked for statement that applies to me.]

☒ At the time the above-captioned lawsuit was filed, I had still never received a copy of the title insurance policy related to my tenant-in-common interest.

☐ I received a copy of the title insurance policy prior to the filing of the above-captioned lawsuit, but well after I had executed the PSA and paid the Purchase Price for my interest.

6.     I have never consented or intended to consent to arbitration of my claims against First American Title Insurance Company that are asserted in this lawsuit.

DATED this __16__ day of October 2021.

_____
Signature

Carl A. Lillmars Jr
_____
Print Name

_____
Name of Entity or Trust (if applicable)

2

Reid W. Lambert, #5744
Zachary T. Shields, #6031
**STRONG & HANNI, P.C.**
102 S. 200 E. Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Email: rlambert@strongandhanni.com
Email: zshields@strongandhanni.com

_Attorneys for the Plaintiffs_

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER C. FUCCI, et. Al<br><br>Plaintiffs<br><br>v.<br><br>WILLIAM BOWSER, et. al<br>Defendants. | **DECLARATION**<br><br>Case No. 2:20-cv-00004<br>Judge: David Barlow |

I, _RANDY J STECK_, subject to penalty of perjury under the laws of the United States, do hereby declare and state as follows:

1.    I am a Plaintiff or the principal or trustee of an entity or trust that is a Plaintiff in the above-captioned lawsuit. I have personal knowledge of the facts testified to herein, which facts are true and correct to the best of my knowledge and belief.

2.    My claims in the above case arise from my purchase of a tenant-in-common interest in property from Rockwell Debt Free Properties, Inc. or its affiliate. I entered the contract by executing a Purchase and Sale Agreement ("PSA") and paying the Purchase Price called for in the agreement.

3.    At the time I executed the PSA and paid the Purchase Price, I had not received a copy of the title insurance policy on the property or any endorsement of the policy.

1

4.      At the time I executed the PSA and paid the Purchase Price, I was not aware of any of the terms and conditions of the title policy.  Specifically, I did not know that the policy included an arbitration provision of any kind.

5.      [Box checked for statement that applies to me.]

☐ At the time the above-captioned lawsuit was filed, I had still never received a copy of the title insurance policy related to my tenant-in-common interest.

☒ I received a copy of the title insurance policy prior to the filing of the above-captioned lawsuit, but well after I had executed the PSA and paid the Purchase Price for my interest.

6.      I have never consented or intended to consent to arbitration of my claims against First American Title Insurance Company that are asserted in this lawsuit.

DATED this _____ day of October 2021.

_____
Signature

RANDY J STECK
Print Name

R & J Investments LLC
Name of Entity or Trust (if applicable)

2

Reid W. Lambert, #5744
Zachary T. Shields, #6031
**STRONG & HANNI, P.C.**
102 S. 200 E. Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Email: rlambert@strongandhanni.com
Email: zshields@strongandhanni.com

*Attorneys for the Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER C. FUCCI, et. Al<br><br>Plaintiffs<br><br>v.<br><br>**WILLIAM BOWSER**, et. al<br>Defendants. | **DECLARATION**<br><br>Case No. 2:20-cv-00004<br>Judge: David Barlow |

I, _____ALAN F. SESHIKI_____, subject to penalty of perjury under the laws of the United States, do hereby declare and state as follows:

1.    I am a Plaintiff or the principal or trustee of an entity or trust that is a Plaintiff in the above-captioned lawsuit. I have personal knowledge of the facts testified to herein, which facts are true and correct to the best of my knowledge and belief.

2.    My claims in the above case arise from my purchase of a tenant-in-common interest in property from Rockwell Debt Free Properties, Inc. or its affiliate. I entered the contract by executing a Purchase and Sale Agreement ("PSA") and paying the Purchase Price called for in the agreement.

3.    At the time I executed the PSA and paid the Purchase Price, I had not received a copy of the title insurance policy on the property or any endorsement of the policy.

1

4.      At the time I executed the PSA and paid the Purchase Price, I was not aware of any of the terms and conditions of the title policy.  Specifically, I did not know that the policy included an arbitration provision of any kind.

5.      [Box checked for statement that applies to me.]

☒ At the time the above-captioned lawsuit was filed, I had still never received a copy of the title insurance policy related to my tenant-in-common interest.

☐ I received a copy of the title insurance policy prior to the filing of the above-captioned lawsuit, but well after I had executed the PSA and paid the Purchase Price for my interest.

6.      I have never consented or intended to consent to arbitration of my claims against First American Title Insurance Company that are asserted in this lawsuit.

DATED this _____ day of October 2021.

_____
Signature

_____ALAN  F. SESHIKI_____
Print Name

___2017  SESHIKI FAMILY TRUST_
Name of Entity or Trust (if applicable)

2

Reid W. Lambert, #5744
Zachary T. Shields, #6031
**STRONG & HANNI, P.C.**
102 S. 200 E. Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Email: rlambert@strongandhanni.com
Email: zshields@strongandhanni.com

*Attorneys for the Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER C. FUCCI, et. Al<br><br>Plaintiffs<br><br>v.<br><br>WILLIAM BOWSER, et. al<br>Defendants. | **DECLARATION**<br><br>Case No. 2:20-cv-00004<br>Judge: David Barlow |

I, _MERLE  STEINMAN JR_, subject to penalty of perjury under the laws of the United States, do hereby declare and state as follows:

1.    I am a Plaintiff or the principal or trustee of an entity or trust that is a Plaintiff in the above-captioned lawsuit.  I have personal knowledge of the facts testified to herein, which facts are true and correct to the best of my knowledge and belief.

2.    My claims in the above case arise from my purchase of a tenant-in-common interest in property from Rockwell Debt Free Properties, Inc. or its affiliate.  I entered the contract by executing a Purchase and Sale Agreement ("PSA") and paying the Purchase Price called for in the agreement.

3.    At the time I executed the PSA and paid the Purchase Price, I had not received a copy of the title insurance policy on the property or any endorsement of the policy.

1

4.      At the time I executed the PSA and paid the Purchase Price, I was not aware of any of the terms and conditions of the title policy.  Specifically, I did not know that the policy included an arbitration provision of any kind.

5.      [Box checked for statement that applies to me.]

☐  At the time the above-captioned lawsuit was filed, I had still never received a copy of the title insurance policy related to my tenant-in-common interest.

☐  I received a copy of the title insurance policy prior to the filing of the above-captioned lawsuit, but well after I had executed the PSA and paid the Purchase Price for my interest.

6.      I have never consented or intended to consent to arbitration of my claims against First American Title Insurance Company that are asserted in this lawsuit.

DATED this _18_ day of October 2021.

_____
Signature

MERLE STEINMAN JR
Print Name


_____
Name of Entity or Trust (if applicable)

Reid W. Lambert, #5744
Zachary T. Shields, #6031
**STRONG & HANNI, P.C.**
102 S. 200 E. Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Email: rlambert@strongandhanni.com
Email: zshields@strongandhanni.com

*Attorneys for the Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER C. FUCCI, et. Al<br><br>Plaintiffs<br><br>v.<br><br>WILLIAM BOWSER, et. al<br>Defendants. | **DECLARATION**<br><br>Case No. 2:20-cv-00004<br>Judge: David Barlow |

I, _Michael Strobel_____, subject to penalty of perjury under the laws of the United States, do hereby declare and state as follows:

1.      I am a Plaintiff or the principal or trustee of an entity or trust that is a Plaintiff in the above-captioned lawsuit.  I have personal knowledge of the facts testified to herein, which facts are true and correct to the best of my knowledge and belief.

2.      My claims in the above case arise from my purchase of a tenant-in-common interest in property from Rockwell Debt Free Properties, Inc. or its affiliate.  I entered the contract by executing a Purchase and Sale Agreement ("PSA") and paying the Purchase Price called for in the agreement.

3.      At the time I executed the PSA and paid the Purchase Price, I had not received a copy of the title insurance policy on the property or any endorsement of the policy.

1

4.      At the time I executed the PSA and paid the Purchase Price, I was not aware of any of the terms and conditions of the title policy.  Specifically, I did not know that the policy included an arbitration provision of any kind.

5.      [Box checked for statement that applies to me.]

✓ At the time the above-captioned lawsuit was filed, I had still never received a copy of the title insurance policy related to my tenant-in-common interest.

☐ I received a copy of the title insurance policy prior to the filing of the above-captioned lawsuit, but well after I had executed the PSA and paid the Purchase Price for my interest.

6.      I have never consented or intended to consent to arbitration of my claims against First American Title Insurance Company that are asserted in this lawsuit.

DATED this _17_ day of October 2021.

_____
Signature

_MICHAEL STROBEL_____
Print Name

_EC9 HOLDINGS, LLC_____
Name of Entity or Trust (if applicable)

2

# EXHIBIT B



# STRONG & HANNI
## LAW FIRM

A PREMIER BUSINESS & LITIGATION LAW FIRM

SALT LAKE CITY OFFICE
102 SOUTH 200 EAST, SUITE 800
SALT LAKE CITY, UT 84111

T : (801) 532-7080
F : (801) 596-1508

WWW.STRONGANDHANNI.COM

ESTABLISHED 1888

October 20, 2021

Steven R. Bailey
Chapter 7 Trustee
2454 Washington Blvd.
Ogden, Utah 84401

Re:   *In re Rockwell Debt Free Properties, et al.*
      Waiver of Arbitration

Dear Steve:

This letter confirms our discussion earlier today concerning the arbitration provision in paragraph 9 of the Purchase and Sale Agreement ("PSA") between my clients (the "Unbuilt TIC Owners" of property at Dublin, Ohio; Independence, Ohio; Toledo, Ohio; and Jacksonville, Florida) and each respective Rockwell debtor entity.

Rockwell Debt Free Properties, Inc. and all of its affiliated entities ("Rockwell") filed a voluntary Chapter 7 bankruptcy petition on September 2, 2020, which remains pending as Bankruptcy No. 20-25326 in the federal bankruptcy court for the District of Utah (the "Bankruptcy"). You were appointed and continue to serve as the Chapter 7 Trustee in the Bankruptcy. The Unbuilt TIC Owners have each filed proofs of claim in the Bankruptcy.

As confirmed by your signature below, it is my understanding that you, As Chapter 7 Trustee, on behalf of the Debtor entities, the estate, and all agents, assigns, employees, and representatives thereof, are waiving the arbitration provision in the Unbuilt TIC Owners' PSAs, and to the extent that a modification of the PSA is required to be in writing, your signature below confirms this waiver and the deletion of the arbitration provision from each PSA.

Based on this waiver, both you as Trustee and my clients, the Unbuilt TIC Owners, anticipate that all "disputes between the parties," as described in paragraph 9 of the PSAs, will be resolved by appropriate proceedings in the Bankruptcy, including but not limited to the ordinary processes for resolution of claims.



SALT LAKE OFFICE — 102 SOUTH 200 EAST, SUITE 800, SALT LAKE CITY, UTAH 84111
SANDY OFFICE — 9350 SOUTH 150 EAST, SUITE 820, SANDY, UTAH 84070

October 20, 2021
Page 2

Please countersign below to confirm the above.

Sincerely,

STRONG & HANNI, P.C.

Reid W. Lambert
Attorney at Law

Countersigned and confirmed:

Steven R. Bailey
Chapter 7 Trustee
Bankruptcy No. 20-25326

# EXHIBIT C

DocuSign Envelope ID: 04B85057-5593-42D2-8FD9-5C62850D450C

# PURCHASE AND SALE AGREEMENT
[Construction TIC Transaction]

THIS PURCHASE AND SALE AGREEMENT (this "Agreement") is made and entered into as of the **28th** day of **August**, **2018**, by and between  Rockwell Toledo, LLC, a Utah limited liability company (hereinafter referred to as "Seller"), and Oak Hill Management, Inc., a Connecticut corporation (hereinafter referred to as "Buyer").

*Buyer understands and acknowledges that any sales professionals involved in this transaction do not have authority to make representations on behalf of or to bind Seller.  Buyer further acknowledges that Buyer is not entering into this Agreement in reliance on any representations made by any sales professionals, and that Buyer has had sufficient opportunity to investigate, to Buyer's satisfaction, the nature, character and quality of the Property (as such term is defined below).*

Buyer's Initials:  _____

**1. Purchase and Sale.** The Seller is the owner and/or holder of the real property described herein below, together with the improvements to be and/or being constructed thereon, which real property is commonly known as the **Noah's Event Center** located at **180 Beaver Creek Circle** in the City of **Toledo,** State of **Ohio** ("Property"), which is more particularly described on Exhibit A attached hereto and incorporated herein by this reference. The Property is subject to the lease agreement, a true and correct copy of which is attached as Exhibit B  and incorporated herein by this reference (the "Lease").   The Seller agrees to sell to the Buyer, and the Buyer agrees to purchase from the Seller, **58.12** percent of the fee ownership interest in the Property (the "Property Interest") upon the terms and conditions set forth in this Agreement. In addition, Seller shall assign an undivided **58.12** percent interest in Seller's rights and interest in and to the Lease to Buyer (the "Lease Interest"), and Buyer hereby agrees to fully assume all of Seller's obligations associated with the Lease Interest at Closing, subject to the terms and conditions set forth in this Agreement.

**2. Purchase Price.** The purchase price shall be ($**3,554,202.60**), payable as follows:

**2.1**     ($**0**) as non-refundable earnest money, to be wired within 48 hours from the execution of this Agreement, to Seller or a title company of Seller's choosing.  Buyer understands and acknowledges that this earnest money obligation is effective upon the mutual execution of this Agreement, and failure to make the required earnest money deposit shall constitute an event of default pursuant to the terms and conditions set forth herein.

**2.2**     The balance of the purchase price shall be wired, or otherwise transferred, to First American Title Company within twenty four hours of Closing (as defined below).

1

**3. 1031 Exchange.** This Section  shall only apply in the event the Buyer desires to have all or a portion of the transactions contemplated by this Agreement qualify for nonrecognition treatment under Section 1031 of the Internal Revenue Code of 1986, as amended (the "Code" with the transaction being referred to herein as a "1031 Exchange"). For purposes of this Agreement, any portion of the Purchase Price that is to be paid with funds Buyer desires to qualify as a 1031 Exchange shall be referred to as "1031 Funds."

**3.1** The Seller agrees to reasonably cooperate in a 1031 Exchange transaction, which will provide that all or a portion of the purchase price for the Property will be paid with funds that Buyer desires to qualify for nonrecognition treatment (the "1031 Funds") by **Edmund & Wheeler, Inc.** (the "Accommodator" which term shall include all requirements pursuant to the regulations under Section 1031 of the Code and guidance issued by the Internal Revenue Service relating to "qualified exchange accommodation arrangements" and "exchange accommodation titleholders"); provided, that the Seller shall (1) have a reasonable time to review any documents to be signed, (2) not incur any costs associated therewith (the Buyer will pay any costs that are incurred by Seller) and (3) not waive or relinquish any rights under the Agreement.  Buyer hereby indemnifies and holds the Seller free and harmless from any liability (including, but not limited to the tax ramifications to the Buyer of such tax-free exchange) arising by reason of performing the acts required hereby to effectuate such 1031 Exchange, except insofar as such liability is attributable to the failure of Seller to perform as required hereunder.

**3.2** Buyer hereby acknowledges and agrees that Accommodator shall transfer the 1031 Funds to First American Title Company, in one or more installments, which funds shall be applied toward the purchase of the Property Interest.

**3.3** Intentionally Omitted.

**3.4** "Closing" shall occur on the Closing Date (as defined in Section 6) or such other date upon which the Buyer and Seller may mutually agree.  In the event all of the 1031 Funds have not been transferred by the date that is 180 days after Buyer relinquished the property to be part of the 1031 Exchange (the "1031 Deadline"), all remaining funds shall be transferred and Closing shall occur no later than the 1031 Deadline.   At Closing, the Buyer shall, through the Accommodator, deliver the Purchase Price to Seller, and the Seller shall deliver to Buyer the following:

- A statutory form of Warranty Deed conveying the Property Interest to Buyer;
- A Construction Guaranty in form and substance reasonably satisfactory to Buyer, whereby Rockwell Debt Free Properties, Inc. [confirm name of parent company] guaranties the completion of construction of the improvements described in the Construction Plans (as defined in Section _____ below);
- A tenant estoppel certificate in form and substance reasonably satisfactory to Buyer whereby the Tenant under the Lease certifies that the lease is in full force and effect and that no default exists thereunder;
- A fully executed Property Administrator Agreement;
- A fully executed Tenancy in Common Agreement;
- A fully executed Buyback Agreement in form and substance reasonably

2

satisfactory to Buyer;
- A fully executed Assignment of Lease in form and substance reasonably satisfactory to Buyer;
- The Title Insurance Policy set forth in Section 4, or if not yet available, a commitment for such policy with evidence of Seller having satisfied the requirements set forth on Schedule B, Section 1 thereof;
- A fully executed settlement statement; and
- Such other documents as are customary in the State of Utah for similar conveyances of real estate.

**3.5** Buyer hereby assigns to Accommodator all of its rights under this Agreement and hereby instructs Accommodator to transfer 1031 Funds to first American Title Company as described in Section 3.2 above.

*The Buyer acknowledges that it has been advised to obtain independent tax and legal advice regarding the transaction described herein and acknowledges and agrees that it has not relied upon any advice, statements or representations made by the Seller or any of the Seller's agents, employees, members, consultants, or attorneys. The Buyer acknowledges the unique risks associated with a construction 1031 Exchange, including but not limited to the risks of delays in construction that may result in all or a portion of the improvements not being completed prior to the 1031 Deadline. The Buyer acknowledges and agrees that the Buyer assumes full responsibility for ensuring that its relationship with Accommodator satisfies the requirements for a 1031 Exchange and that it will consult tax and legal professionals regarding the 1031 Exchange and hereby waives any and all claims against the Seller, the Seller's agents, employees, members, consultants, or attorneys related to the 1031 Exchange.*

Buyer's Initials: _MC_

**3.6** Notwithstanding anything to the contrary set forth in this Section, the Closing is not contingent or conditioned upon the Buyer being able to successfully complete a 1031 Exchange and the Closing Date shall not be extended to accommodate a 1031 Exchange.

**4. Title Insurance.** At Settlement, Seller agrees to pay for an endorsement to the standard-coverage owner's policy of title insurance insuring Buyer in the amount of the Purchase Price. In addition, any supplementary title insurance coverage shall be at Buyer's expense.

**5. "As Is" Condition.** Buyer acknowledges that it is buying Seller's interest in the Property,

4845-6133-0462.v1

together with the improvements to be and/or being constructed thereon, "as is" and the physical condition of the Property, together with the improvements to be and/or being constructed thereon, is deemed to be satisfactory to the Buyer. Buyer is not relying and will not rely upon any representations and warranties of Seller or anyone acting or claiming to act by, through, or under Seller, or on Seller's behalf concerning the Property, including the improvements to be and/or being constructed thereon, the Lease, or any documents, studies, plans and/or any other materials delivered to Buyer by Seller. Buyer shall purchase the Seller's interest in the Property and the Lease without recourse to the Seller or any employee, agent, officer, director, member or trustee of Seller, it being the intent of the parties that no liability of any kind or character shall ever attach to or be asserted against Seller or any employee, agent, officer, director or member of Seller for any reason or cause whatsoever, other than liability arising from Seller's fraud. Accordingly, except in the case of fraud, no law suit or cause of action shall ever be commenced, filed or prosecuted by Buyer against Seller or any employee, agent, officer, director or member of Seller, no judgment shall ever be taken, rendered or entered against any of them based upon the transactions contemplated in this Agreement. Buyer does hereby and shall defend, release, indemnify and hold harmless Seller from and against any and all claims, expenses, including reasonable attorney's fees, and liabilities arising under or in connection with the Property and the Lease from and after the Closing Date, other than liability arising from Seller's fraud.

**6. Closing.** Closing shall be on or before **September 2, 2018,** 5:00 p.m. M.S.T., or sooner at Seller's discretion (the "Closing Date"). Subject to tender or payment at Closing as required herein and compliance by the Buyer and Seller with the other terms and provisions hereof, Seller shall execute and deliver a good and sufficient statutory warranty deed to Buyer at Closing, conveying Seller's interest in the Property and the Lease free and clear of all liens and encumbrances, except liens and encumbrances of record. In addition, at Closing the parties shall execute the following documents:

    6.1    Final Settlement Statement

    6.2    Tenancy in Common Agreement

    6.3    Property Management Agreement

**7. Closing Costs.** It is agreed that the escrow fees and other customary closing costs shall be paid by the Seller.

**8. Proration of Certain Items.**

    8.1    Except as expressly set forth in this Agreement, each party shall bear its own costs (including attorneys' fees) in connection with its negotiation, due diligence investigation and conduct of the Purchase and Sale Transaction. Seller shall pay the cost of any prior survey initially delivered by Seller. Buyer shall pay the cost of the Survey, the premium for the standard coverage portion of the Title Policy, the cost of any extended coverage and endorsements obtained by Buyer as part of the Title Policy, and the recording fees.

4

**8.2**    All real property taxes and assessments accrued for the current year shall be prorated between the parties as of the Closing.

**8.3**    All transfer, proceeds or other taxes (not including general state and federal income taxes of Seller, if any) imposed upon this transaction by any state or local entity shall be paid by Seller.

**9. Arbitration.** Any dispute between the parties will be submitted to binding arbitration according to the Commercial Rules of the American Arbitration Association, but need not be filed with that organization. Except for actions relating to the payment of money for services rendered, an action under this Agreement must be filed within 90 days of the date of closing pursuant to this Agreement. Arbitration will be conducted in Provo, Utah, before a single arbitrator. The parties will be entitled to conduct discovery in accordance with the Federal Rules of Civil Procedure as in effect when arbitration occurs, limited to document production and depositions and subject to further limitation by the arbitrator to secure just and efficient resolution of the dispute. If the amount in controversy exceeds $25,000, the arbitrator's decision will include a statement specifying in reasonable detail the basis for and computation of the award, if any. Judgment upon the award may be entered in any court having jurisdiction.

**10. Severability.** If any provision of this Agreement or any portion of any provision of this Agreement shall be deemed to be invalid, illegal or unenforceable, such invalidity, illegality or unenforceability shall not alter the remaining portion of such provision, or any other provision hereof, as each provision of this Agreement shall be deemed severable from all other provisions hereof so long as removing the severed portion does not materially alter the overall intent of this Agreement.

**11. Time is of the Essence.** Time is of the essence hereof.

**12. Representation.** Buyer acknowledges that Seller has advised Buyer to seek competent legal advice and counsel from other professionals to evaluate the Property, Lease, tenant, due diligence items, and the terms and provisions of this Agreement. REAL ESTATE TRANSACTIONS ARE COMPLEX; THE SELLER DOES NOT REPRESENT YOU AND CANNOT GIVE YOU LEGAL ACCOUNTING OR REAL ESTATE ADVICE. PLEASE REVIEW ALL DUE DILIGENCE MATERIALS WITH ANY ATTORNEY OR ADVISOR OF YOUR OWN CHOOSING AT YOUR EXPENSE PRIOR TO EXECUTING THIS CONTRACT.

**13. Attorneys' Fees.**    If there is any litigation between Seller and Buyer to enforce or interpret any provisions or rights under this Agreement, the unsuccessful party in such litigation, as determined by the court, shall pay to the successful party, as determined by the court, all costs and expenses, including but not limited to reasonable attorneys' fees, incurred by the successful party, such fees to be determined by the court sitting without a jury.

**14. Entire Agreement; Binding Effect.** This Agreement constitutes the entire agreement between the parties relating to the subject matter hereof, and any prior agreements pertaining hereto, whether oral or written, have been merged and integrated into this Agreement and have been superseded by this Agreement. This Agreement shall be binding upon and shall inure to the benefit of the parties hereof and their respective successor, legatees, heirs, legal representatives

5

and permitted assigns. No subsequent modifications of any of the terms of this Agreement shall be valid, binding upon the parties, or enforceable unless made in writing and signed by the parties.

**15. Counterparts and Facsimile Documents.** This Agreement may be signed in counterparts, and each counterpart bearing an original signature shall be considered one document with all others bearing original signatures. Also, facsimile transmission or other electronic transmission of any signed original document shall be the same as delivery of an original.

**16. Default.** If Buyer defaults in the performance of its obligations under this Agreement, Seller's sole and exclusive remedies shall be to (a) retain the earnest money as and for its liquidated damages if the earnest money has been received by Seller, or (b) to sue Buyer for the earnest money if Buyer has failed to make the required earnest money deposit as of the date of default. All parties agree that because of the impracticability and extreme difficulty of fixing and ascertaining actual damages that Seller would in such event sustain by reason of such default of Buyer, and the amount of earnest money is agreed to be equivalent to the damages that Seller would sustain for a breach by Buyer. Upon the occurrence of default by Buyer, the Seller's remedies hereunder shall be immediately exercisable without the requirement of further written authorization from or notice to Buyer. If Seller defaults in the performance of its obligations under this Agreement or otherwise breaches the provisions herein, the earnest money shall be immediately delivered to Buyer as Buyer's sole and exclusive remedy.

**17. Release of Information.** Buyer authorizes and instructs the title company to release any and all information pertaining to the Buyer's closing, as requested by Seller.

**18. Governing Law.** This Agreement will be subject to, and governed by the laws of the state of Utah.

**19. Waiver.** The waiver by any party hereto of any right granted to it hereunder shall not be deemed to be a waiver of any other right granted hereunder, nor shall the same be deemed to be a waiver of a subsequent right obtained by reason of the continuation of any matter previously waived.

**20. Buyer Acknowledgements.** The Property may already be constructed or in some stage of development. Buyer approves and acknowledges that this transaction may involve a simultaneous closing. Simultaneous Closing is defined herein as the Seller acquiring the property and selling it to the Buyer all on the same day.

**21. Further Assurances.** Each party agrees (a) to execute and deliver such other documents and (b) to do and perform such other acts and things, as any other party may reasonably request, in order to carry out the intent and accomplish the purposes of this Agreement, including but not limited to signing any amendment to this Agreement if subsequent to the execution of this Agreement it is discovered that this Agreement must be modified to conform to Utah real estate laws.

**22. Miscellaneous Due Diligence**. Not less than 10 days prior to the Closing Date, Seller shall deliver to Buyer the items set forth below, and Buyer's obligations under this Agreement shall be subject to Buyer's reasonable review and satisfaction therewith:

6

DocuSign Envelope ID: 96B95059-6593-42DB-BFD9-6C628500450C

A commitment for the title insurance specified in Section 4 of this Agreement;
Financial Statements of Rockwell Debt Free Properties, Inc., or such other organization suitable
(in Buyer's reasonable discretion) to execute the Construction Guaranty;
Specification of the improvements to be constructed upon the Property; and
Such other items that Buyer may reasonably request upon review of the foregoing items and any
other materials previously provided by Seller to Buyer.

Signature page to follow

4845-6133-0462.v1

IN WITNESS WHEREOF, the parties have set their hands and seals effective the day and year first above written.

**SELLER:**    Rockwell Debt-Free Properties, Inc.

By: _Christopher J. Ashby_

Name: _Christopher J. Ashby_

Title: _President_

**BUYER:**    **Oak Hill Management, Inc.**

By: _Marc Cote_

Name: _Marc Cote, Treasurer_

8

**EXHIBIT A**
**Property Description**

4845-6133-0462.v1