Scott D. Sweeney, (Utah Bar #15070)
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
1225 17th Street, Suite 1700
Denver, CO 80202
Tel: 303.572.5300/Fax: 303.572.5301
Scott.Sweeney@wilsonelser.com
*Attorneys for Defendants Edmund & Wheeler,*
*John D. Hamrick, Chris Brown, TM 1031 Exchange,*
*Tim Marshall, Mary O'Toole and O'Toole Enterprises*

### IN THE UNITED STATES DISTRICT COURT DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| Christopher C. Fucci, an individual; *et al.*, <br><br>*Plaintiffs* <br><br> vs. <br><br> William Bowser, an individual; *et al.*, <br><br> *Defendants* | **DEFENDANTS EDMUND & WHEELER, INC., JOHN D. HAMRICK, CHRIS BROWN, TM 1031 EXCHANGE, TIM MARSHALL, MARY O'TOOLE AND O'TOOLE ENTERPRISES' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** <br><br> Case No. 2:20-CV-00004-DBB-DAO <br><br> District Judge David Barlow |

DEFENDANTS EDMUND & WHEELER, INC. ("E&W"), JOHN D. HAMRICK, and CHRIS BROWN (the "EWI Defendants"), and DEFENDANTS TM 1031 EXCHANGE and TIM MARSHALL (the "TM Defendants"), and MARY O'TOOLE and O'TOOLE ENTERPRISES (the O'TOOLE Defendants")(the EWI Defendants, TM Defendants and O'Toole Defendants are jointly referred to herein as the "Defendants") by and through their attorneys, respectfully submit this Answer to Plaintiffs' Amended Complaint ("Complaint"):

### ANSWER

1. Defendants lack sufficient information or knowledge to respond to the allegations in paragraphs (including any subparts) 1, 3, 4, 5, 6, 8, 9, 10, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22,

23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 86, 87, 88, 91, 92, 93, 94, 95, 96, 100, 101, 102, 103, 104, 105, 106, 107, 109, 110, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 124, 127, 128, 129, 130, 131, 132, 136, 139, 140, 141, 154, 155, 160, 163, 165, 166, 171, 172, 173, 176, 177, 178, 179, 180, 185, 186, 187, 188, 193, 199, 200, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 240, 241, 242, 243, 244, 245, 246, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 271, 272, 273, 274, 275, 276, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 301, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 344, 353, 354, 355, 356, 357, 361, 362, 363, 364, 365, 366, 367, 368, 369, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382 and 391 of the Complaint, and therefore deny the allegations.

2. With respect to paragraphs (including subparts) 2, 7, 11, 13, 108, 111, 112, 123, 125, 133, 142, 143, 189, 192, 226, 227, 228, 247, 270, 302, 341, 358, 359, 360, 384, 385, 386, 387, 388, 389, 390, 392, 393, 395, 396, 397, 398, 400, 401, 402, 403, 404, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 418, 419, 420, 421, 422, 424, 425, 426, 427, 428, 429, 430, 432, 433, 434, 435, 436, 438, 439, 440, 441, 442, 443, 445, 446, 447, 448, 449, 450, 451, 453, 454, 455, 456, 457, 459, 460, 461, 462, 463, 467, 468, 469, 470, 471, 473, 474, 475, 476, 477, 479, 480, 481, 482, 483, 484, 485, 488, 489, 490, 491 and 505 the allegations contained therein do not appear limited to these Defendants. To the extent the allegations pertain to other Defendants,

2

these Defendants are without sufficient information or knowledge to respond to the allegations, and therefore deny the same. To the extent the allegations pertain to these Defendants, the allegations are denied.

3. Defendants admit the allegations contained in paragraphs 134, 135, 174, 184, 194, 223, 265, 298, 300, 345, 347, 348 and 351 of the Complaint.

4. Defendants deny the allegations in paragraphs 151, 152, 161, 162, 164, 167, 168, 169, 170, 175, 182, 183, 196, 269, 277, 278, 352, 493, 494, 495, 496, 497, 498, 502, 503 and 504 of the Complaint.

5. Paragraphs 97, 98, 99, 465, 466 and 487 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

6. With respect to paragraphs 383, 394, 399, 405, 417, 423, 431, 437, 444, 452, 458, 464, 472, 478, 486, 492 and 499 of the Complaint, Defendants reassert their responses to the referenced allegations.

7. With respect to the allegations contained in paragraph 60 of the Complaint, in light of Plaintiff Oak Hill Management, Inc concession that it maintains no claims against these Defendants, no response is required. To the extent that is incorrect and a response is required, Defendants deny the allegations therein.

8. With respect to the allegations contained in paragraph 81 of the Complaint, Defendants admit that E&W is a New Hampshire corporation, and that it maintains its principal place of business in New Hampshire. The remainder of the allegations is denied.

9. With respect to the allegations contained in paragraph 82 of the Complaint, Defendants admit that O'Toole Enterprises is a New Hampshire limited liability company, and

that it maintains its principal place of business in New Hampshire. The remainder of the allegations is denied.

10. With respect to the allegations contained in paragraph 83 of the Complaint, Defendants admit that John Hamrick is a New Hampshire resident and that he is an E&W principal. The remainder of the allegations is denied.

11. With respect to the allegations contained in paragraph 84 of the Complaint, Defendants admit that Chris Brown is a New Hampshire resident and that he is an E&W principal. The remainder of the allegations is denied.

12. With respect to the allegations contained in paragraph 85 of the Complaint, Defendants admit that Mary O'Toole is a New Hampshire resident and that she is an O'Toole Enterprises principal. The remainder of the allegations is denied.

13. With respect to the allegations contained in paragraph 89 of the Complaint, Defendants admit that TM 1031 Exchange Inc. is a California corporation and that it maintains its principal place of business in California. The remainder of the allegations is denied.

14. With respect to the allegations contained in paragraph 90 of the Complaint, Defendants admit that Tim Marshall is a California resident and that he is the principal of TM 1031 Exchange Inc. The remainder of the allegations is denied.

15. With respect to the allegations contained in paragraph 126 of the Complaint, Defendants admit receiving referral Payments from Rockwell, but deny the amounts noted and allegedly received as part of the "Noah TIC Program." As for the allegations in subparagraphs (c) and (d), the allegations pertain to other Defendants. As such, these Defendants are without

sufficient information or knowledge to respond to the allegations. The remainder of the allegations is denied.

16. With respect to the allegations contained in paragraph 137 of the Complaint, the allegations contained therein are not limited to these Defendants. To the extent the allegations pertain to other Defendants, these Defendants are without sufficient information or knowledge to respond to the allegations. As for these Defendants, Hamrick, Brown and Marshall admit providing Rockwell's marketing materials to their respective clients. The remaining allegations are denied.

17. With respect to the allegations contained in paragraph 138 of the Complaint, the allegations contained therein are not limited to these Defendants. To the extent the allegations pertain to other Defendants, these Defendants are without sufficient information or knowledge to respond to the allegations. As for the content of the marketing materials, the content speaks for itself. As for the claim that TIC interests are not "securities," such claim is a legal conclusion to which no response is required. To the extent a response is required, that claim is denied Defendants deny the remaining allegations.

18. With respect to the allegations contained in paragraph 144 of the Complaint, Defendants admit that in or around the summer of 2018, Hamrick told Fucci that he could invest in the Noah TIC program through Rockwell. The remainder of the allegations is denied.

19. With respect to the allegations contained in paragraph 145 of the Complaint, Defendants admit that Hamrick and Fucci travelled to Dallas to meet with the Presidents of Rockwell and Noah's and to inspect existing Noah's properties. During that visit, Defendants admit that Bowser assured them that investment in a Noah TIC would be a safe investment that

628571v.3

would provide a good return, that Noah had never missed a payment, and that Noah provided a corporate guaranty of at least a 7% return on the investment. The remaining allegations are denied.

20. With respect to the allegations contained in paragraph 146 of the Complaint, Defendants admit that Bowser made the referenced representation at the meeting, but deny that Hamrick did.

21. With respect to the allegations contained in paragraph 147 of the Complaint, Defendants admit that Bowser made the referenced representation at the meeting, but deny that Hamrick did.

22. With respect to the allegations contained in paragraph 148 of the Complaint, Defendants admit that Bowser represented to Hamrick and Fucci that Noah had outfitted a facility to pre-build walls and other framing segments of the buildings. With respect to the falsity of Bowser's representation, Defendants are without sufficient information or knowledge to respond to that allegation.

23. With respect to the allegations contained in paragraph 149 of the Complaint, Defendants admit that Hamrick told Roberts that Rockwell was a good company and that an investment in a Noah TIC property would likely be a good investment. He assured them that to his understanding, Noah's had faithfully paid all of its rents, that the property was fully funded, and that the investment was filling up fast. The remaining allegations are denied.

24. With respect to the allegations contained in paragraph 150 of the Complaint, Defendants admit that Ashby represented to Roberts that the Jacksonville property was not yet built but would be built immediately and that the money would not be distributed until construction was done. Defendants further admit that Hamrick explained to Roberts that he understood that the

628571v.3

monies would be held in escrow and disbursed as the project proceeded, and that he understood that through this process, Noah would not have to get a construction loan, which would keep the costs of the building down. The remaining allegations are denied.

25. With respect to the allegations contained in paragraph 153 of the Complaint, Defendants admit that Hamrick told Roberts that he had confidence in the investment given Noah's reputation and growing business, and that he had invested with Noah. With respect to the remaining allegations, Defendants are without sufficient information or knowledge to respond.

26. With respect to the allegations contained in paragraph 156 of the Complaint, Defendants admit that Hamrick told Johannessen that Rockwell was a good company and that he believed that an investment in a Noah TIC property would be a good investment. He told Johannessen that it was his understanding that Noah's had faithfully paid all of its rents for many years and that the investment was safe and suitable for her. With respect to the remaining allegations, Defendants are without sufficient information or knowledge to respond.

27. With respect to the allegations contained in paragraph 157 of the Complaint, Defendants admit that Hamrick told Johannessen that it was his understanding that construction on the Jacksonville, Florida project was underway and that it would be completed in January of 2019, and that the Construction TIC would be completed within 180 days and would qualify as a 1031 Exchange. The remaining allegations are denied.

28. With respect to the allegations contained in paragraph 158 of the Complaint, Defendants admit that Hamrick told Johannessen that he believed the investment to be safe. The remaining allegations are denied.

628571v.3

29. With respect to the allegations contained in paragraph 159 of the Complaint, Defendants admit that Hamrick told Johannessen that there would be an exchange fee. The remaining allegations are denied.

30. With respect to the allegations contained in paragraph 181, of the Complaint, Defendants admit that Brown told Anson and Genevieve Smith that he understood that Noah had a property available in Jacksonville, Florida. The remaining allegations are denied.

31. With respect to the allegations contained in paragraph 190 of the Complaint, Defendants admit that Marshall referred Bernard Bromberg of the Bromberg Trust to Rockwell. The remaining allegations are denied.

32. With respect to the allegations contained in paragraph 191 of the Complaint, Defendants admit that Marshall followed up with Bromberg regarding the status of his investment. The remaining allegations are denied.

33. With respect to the allegations contained in paragraph 195 of the Complaint, Defendants admit that Brown met with Neil in Vermont, that he recommended three different Rockwell investments and that he provided a Rockwell brochure to Neil. The remaining allegations are denied.

34. With respect to the allegations contained in paragraph 197 of the Complaint, Defendants admit that Brown met with Neil at a Noah property. The remaining allegations are denied.

35. With respect to the allegations contained in paragraph 198 of the Complaint, Defendants admit that Brown conveyed to Neil his understanding that Neil's investment would be

628571v.3

in a completed building or one that would be completed shortly. The remaining allegations are denied.

36. With respect to the allegations contained in paragraph 201 of the Complaint, Defendants admit recommending Rockwell to W. Mark McKoy and Cynthia Chester McKoy that Rockwell was a good company and that investment in a Noah TIC property would likely be a good investment. The remaining allegations are denied.

37. With respect to the allegations contained in paragraph 224 of the Complaint, Defendants admit that Brown told the Tierneys that investments in Fresenius dialysis centers were not available. The remaining allegations are denied.

38. With respect to the allegations contained in paragraph 225 of the Complaint, Defendants admit that Brown disclosed to the Tierneys that E&W would receive an exchange fee (not a commission) of $2,000. The remaining allegations are denied.

39. With respect to the allegations contained in paragraph 239 of the Complaint, Defendants admit that Marshall referred Norman Merritt to Rockwell. With respect to the remaining allegations, Defendants are without sufficient information or knowledge to respond.

40. With respect to the allegations contained in paragraph 266 of the Complaint, Defendants admit that sometime in the fall of 2017, Hamrick conveyed to the Talbots his understanding that the Dublin property was almost done, and that it should be done within a six-month window. The remaining allegations are denied.

41. With respect to the allegations contained in paragraph 267 of the Complaint, Defendants admit that Hamrick told the Talbots that Noah's was a successful business and that the

628571v.3

proposed cap rate lease being offered, in his opinion, was a good sign that Noah's success would continue. The remaining allegations are denied.

42. With respect to the allegations contained in paragraph 268 of the Complaint, Defendants admit that sometime in the fall of 2017, Hamrick explained to the Talbots that the Noah's properties were typically in good neighborhoods on premium lots, and that based on that, they had good value compared to other investment properties. The remaining allegations are denied.

43. With respect to the allegations contained in paragraph 297 of the Complaint, Defendants admit that sometime in the fall of 2017, Brown told Funk that there was a Noah's property available in Dublin, Ohio. The remaining allegations are denied.

44. With respect to the allegations contained in paragraph 299 of the Complaint, Defendants admit that Brown and Hamrick conveyed that investment in a Noah TIC property would provide predictable and reliable income, and that Noah's had a good track record and was growing rapidly. The remaining allegations are denied.

45. With respect to the allegations contained in paragraph 342, of the Complaint, as to the allegations pertaining to these Defendants, the allegations are admitted. As for the remaining allegations, Defendants are without sufficient information or knowledge to respond.

46. With respect to the allegations contained in paragraph 343, of the Complaint, as to the allegations pertaining to these Defendants, the allegations are denied. As for the remaining allegations, Defendants are without sufficient information or knowledge to respond.

628571v.3

47. With respect to the allegations contained in paragraph 346, of the Complaint, Defendants admit that Brown told the Keiths that Noah was a good company with an aggressive growth plan. The remaining allegations are denied.

48. With respect to the allegations contained in paragraph 349 of the Complaint, Defendants admit that Hamrick recommended the Noah TIC investment over other options for Fresenius kidney centers, and that Noah had an excellent track record, was successful and established and was profitable. He told Paul that he understood that that Noah's business plan was to grow to approximately 100 facilities and then go public. The remaining allegations are denied.

49. With respect to the allegations contained in paragraph 350 of the Complaint, Defendants admit receiving referral fees from Rockwell, but deny that they were all 5%. The remaining allegations are denied.

50. With respect to the allegations contained in paragraph 370 of the Complaint, Defendants admit that Hamrick explained that he would receive an exchange fee of $2,000 for the 1031 exchange, and that he could also earn referral fees from Rockwell. The remaining allegations are denied.

51. With respect to the allegations contained in paragraph 500 of the Complaint, Defendants admit that O'Toole Enterprises accepted payments from Rockwell, but only for bookkeeping purposes. The remaining allegations are denied.

52. With respect to the allegations contained in paragraph 501 of the Complaint, Defendants admit that O'Toole Enterprises transferred all payments received from Rockwell to Edmund & Wheeler, Inc. The remainder of the allegations is denied.

53. Defendants deny that they are liable for any of those claims and/or damages set forth in the Prayer for Relief.

54. Defendants deny all allegations contained in the Complaint not specifically admitted or otherwise addressed above.

## AFFIRMATIVE DEFENSES

1. Defendants are not liable to the extent that the Complaint fails to state a claim upon which relief may be granted.

2. Defendants are not liable to the extent the applicable statutes of limitations has passed.

3. Defendants are not liable to Plaintiffs because they lacked the requisite willfulness, maliciousness, or intent required under some or all of the claims for relief.

4. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to plead fraud-based claims with the particularity required under the Federal Rule of Civil Procedure.

5. Plaintiffs' claims are barred, in whole or in part, to the extent tenant-in-common interests are not securities as defined in applicable state and federal law.

6. Defendants are not liable to the extent that the economic loss rule applies.

7. Defendants are not liable to the extent that the doctrine(s) of waiver, laches or estoppel apply.

8. Defendants are not liable to the extent that Plaintiffs have failed to mitigate their damages if any.

628571v.3

9. Plaintiffs' claims are barred, in whole or in part, to the extent of Plaintiffs' assumption of the risk.

10. Plaintiffs' claims are barred, in whole or in part, due to a lack of privity between Plaintiffs and Defendants.

11. Defendants reserve their right to assert any other defenses as set forth in Rule 8 of the Federal Rules of Civil Procedure as revealed through discovery.

12. All allegations contained in the Complaint that are not expressly admitted herein are hereby denied.

WHEREFORE, Defendants request this Court enter judgment in their favor, award Defendants their attorney's fees, costs and interest as permitted by law, and for such other relief as the Court deems appropriate.

DATED this 21st day of October, 2021.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker, LLP

*Original signature on file at offices of Wilson Elser Moskowitz Edelman & Dicker, LLP pursuant to C.R.C.P. 121 § 1-26*

By: */s/ Scott D. Sweeney*
Scott D. Sweeney
Utah Bar No. 15070
1225 17th Street, Suite 1700
Denver, CO 80202
Tel: 303.572.5300/Fax: 303.572.5301
scott.sweeney@wilsonelser.com
*Attorneys for Defendants Edmund and Wheeler, John D. Hamrick, Chris Brown, TM 1031 Exchange, Tim Marshall, Mary O'Toole and O'Toole Enterprises*

628571v.3

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of October, 2021, a true and correct copy of the foregoing was filed with the Court and served electronically via CM/ECF to all parties of record.

*/s/ Scott D. Sweeney*
Scott D. Sweeney

628571v.3