UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER C. FUCCI, et al, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM BOWSER, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STAY CASE AS TO THE FA DEFENDANTS (DOC. NO. 175)** <br><br> Case No. 2:20-cv-00004 <br><br> Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

Defendants First American Title Insurance Company ("First American") and Kirsten Parkin, (collectively, "FA Defendants"), filed a motion to stay this case as it pertains to them.[1] (Mot. to Confirm Stay of Case as to the FA Defs. or for Final Dec. on Mot. to Compel Arbitration ("Mot."), Doc. No. 175.) The FA Defendants seek to stay the case pending the resolution of a related appeal before the Court of Appeals for the Tenth Circuit. (*Id.* at 2.) Alternatively, the FA Defendants seek a substantive ruling on their prior Motion to Compel Arbitration. (*Id.*) Because the FA Defendants would suffer prejudice if made to proceed with the case at this juncture, the motion to stay is granted.

BACKGROUND

Plaintiffs' claims arise out of tenant-in-common ("TIC") interests they purchased in real estate leased to Noah Corporation ("Noah"). (Am. Compl. ¶ 1, Doc. No. 122.) Plaintiffs allege as follows. Plaintiffs sought to exchange commercial real estate investments "for income

---

[1] No hearing is necessary; the court will rule based on the parties' written memoranda. *See* DUCivR 7-1(g).

1

producing property in a like-kind exchange under Section 1031 of the Internal Revenue Code." (*Id.*) Noah and several other defendants worked together to sell these TIC interests in Noah event venues to investors, including Plaintiffs. (*Id.* ¶ 2.) Then, some defendants began selling the TIC interests in a "Construction TIC" format, which allowed investors to use money from 1031 exchanges to purchase TIC interests in properties under construction. (*Id.* ¶ 3.) Because 1031 exchange money can only be used for completed construction, the Construction TIC program proposed to hold investor money in escrow. (*Id.*) First American was the title insurer, closing agent, and escrow agent for all of Plaintiffs' TIC investments, and Kirsten Parkin was its agent. (*Id.* ¶¶ 13, 361.) Although First American was supposed to hold the proceeds of the TIC sales in escrow, it disbursed the full proceeds to another defendant "almost immediately after closing." (*Id.* ¶ 7.) Ultimately, Noah began to function as a Ponzi scheme and Plaintiffs lost their entire investment (less the residual value of their TIC interests in unbuilt properties), and are burdened with additional costs. (*Id.* ¶¶ 4, 382.) As to the FA Defendants, Plaintiffs assert claims of breach of fiduciary duty, aiding and abetting tortious conduct, conspiracy to engage in tortious conduct, materially aiding state-law securities fraud, unjust enrichment, and abuse of vulnerable adults. (*Id.* at 86, 91, 94, 106, 108–09.)

In response to Plaintiffs' amended complaint, the FA Defendants filed a motion to compel arbitration based on the arbitration clauses in Plaintiffs' purchase and sale agreements and title policies. (*See* Mot. to Compel Arbitration, Doc. No. 126.) The motion to compel was denied without prejudice on the grounds that a case pending before the Tenth Circuit, *DiTucci v. Ashby*, No. 21-4120, involves similar parties (including the FA Defendants) and similar issues. (Doc. No. 149.) The court resolved to wait for the *DiTucci* decision before ruling on the FA Defendants' motion to compel arbitration. (*Id.*) Accordingly, the motion was denied without

prejudice, permitting the FA Defendants to refile the motion after the Tenth Circuit issues its opinion. (*Id.*) But the case was not stayed as to the FA Defendants, (*see id.*), nor did the FA Defendants seek a stay in their motion to compel, (*see* Doc. No. 126). The FA Defendants then filed the current motion—seeking to stay the case or for a substantive ruling on the motion to compel.[2] (Mot., Doc. No. 175.)

## LEGAL STANDARD

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Capitol Specialty Ins. Corp. v. Sw. Clubs, Inc.*, No. 12-01299, 2015 U.S. Dist. LEXIS 179972, at *4 (D.N.M. Mar. 31, 2015) (unpublished); *see also Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009). A court may use its discretion to stay an action "to provide economy of time and effort for itself and for counsel and litigants appearing before the court." *Seed Research Equip. Sols., LLC. v. Gary W. Clem, Inc.*, No. 09-01282, 2012 U.S. Dist. LEXIS 85074, at *6 (D. Kan. June 20, 2012) (unpublished) (internal quotation marks omitted). The party seeking a stay "must show a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party." *Creative Consumer Concepts, Inc.*, 563 F.3d at 1080 (internal quotation marks omitted); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) ("The suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else.")

---

[2] The parties' subsequent request for a hearing on the motion to compel arbitration was denied. (Doc. No. 181.) Although the FA Defendants styled the instant motion as a motion to confirm a stay, no stay was entered in this case. (*See* Doc. Nos. 149, 182; Mot. 2 n.2, Doc. No. 175.) Where the parties' request for a hearing on the motion to compel arbitration was denied, and the case is not currently stayed, the motion is addressed as a motion seeking a stay. (*See* Doc. No. 182.)

3

ANALYSIS

The FA Defendants seek to stay the case as to them, pending the appeal in *DiTucci*. (Mot. 2, Doc. No. 175.) They argue the court denied their motion to compel arbitration without prejudice for the purpose of allowing them to address the *DiTucci* decision when refiling their motion. (*Id.* at 4–5; *see also* Doc. No. 149.) The FA Defendants contend they will suffer prejudice if required to litigate the case while the *DiTucci* appeal is pending. The prejudice will be worse, according to the FA Defendants, because *DiTucci* will address "how many of the arbitration agreements at issue apply and whether they apply to Ms. Parkin." (Mot. 5, Doc. No. 175.)

The FA Defendants argue the very purpose of an arbitration clause, avoidance of litigation, would be negated if their motion to stay is denied. (*Id.* at 6.) According to the FA Defendants, requiring them to participate in discovery before the court decides whether to compel arbitration would waste resources by leading to duplicative discovery and re-litigation of issues. (*Id.* at 7.) The FA Defendants claim discovery permitted pursuant to the Federal Rules of Civil Procedure "would be more burdensome" than discovery allowed in arbitration. (Reply in Supp. of the FA Defs.' Mot. to Confirm Stay of Case 3, Doc. No. 190.) And if the case is not stayed, the FA Defendants allege they will be prevented from "vindicat[ing] their rights to resolve the dispute through arbitration." (*Id.*) Lastly, the FA Defendants maintain if they actively litigate the case or engage in discovery, they risk waiving their arbitration rights. (Mot. 7, Doc. No. 175.)

Plaintiffs oppose the motion, noting the case was not stayed originally. (Pls.' Mem. in Opp'n to FA Defs.' Mot. to Confirm Stay ("Opp'n") 1, Doc. No. 188.) Plaintiffs' primary argument is that the *DiTucci* case involves such different issues and different law that it will not

4

impact a motion to compel arbitration in this case regardless of the outcome. (*Id.* at 2–3, 5.) Plaintiffs also argue the FA Defendants have not demonstrated they will suffer irreparable harm if the case is not stayed. (*Id.* at 6.) According to Plaintiffs, even if arbitration is compelled, any discovery conducted between now and then "would be available for use in the arbitration proceeding." (*Id.*) Lastly, Plaintiffs contend they will be harmed if the stay is granted "in the form of delay and substantial inefficiency." (*Id.*) Specifically, the parties will have to repeat much of the discovery for the FA Defendants' benefit if the other parties proceed with discovery and the FA Defendants' motion to compel arbitration is later denied. (*Id.*)

Although Plaintiffs lean heavily on the argument that the *DiTucci* appeal will not impact this case, the court already decided it would be best to decide whether to compel arbitration after issuance of the *DiTucci* decision—because of the similarities in parties and issues. (*See* Doc. No. 149.) In light of this, the FA Defendants would be prejudiced by proceeding with the case. If required to proceed with discovery, they would expend resources which may end up being unnecessary or duplicative. Further, any issues litigated before it is determined whether the case is subject to arbitration, may lead to inconsistent results. Most importantly, denying a stay would undermine the very premise of an arbitration agreement, negating its efficiency and cost savings. *See McCauley v. Halliburton Energy Servs.*, 413 F.3d 1158, 1162 (10th Cir. 2005) ("Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper." (internal quotation marks omitted)).

While Plaintiffs also argue they will suffer prejudice if they have to re-start discovery, they can work to avoid this by conducting discovery unrelated to the FA Defendants until the issues related to arbitration are decided. Ultimately, a stay advances judicial economy by preventing the litigation of issues which may be moot if the dispute is subject to arbitration. A

stay will allow the parties and the court to conserve resources, while also allowing the court the benefit of the *DiTucci* opinion when deciding whether to compel arbitration.

## CONCLUSION

The FA Defendants' motion to stay, (Doc. No. 175), is GRANTED. As to the FA Defendants, the case is stayed until fourteen (14) days after the issuance of the *DiTucci* decision, at which point the stay will automatically lift without further notice. The FA Defendants are ordered to file a status report within fourteen (14) days of the *DiTucci* decision, notifying the court that a decision has been rendered and informing the court whether they intend to refile a motion to compel arbitration.

DATED this 1st day of June, 2022.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge