# THE UNITED STATES DISTRICT COURT

# THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTOPHER C. FUCCI, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> WILLIAM BOWSER, et al., <br><br> Defendants | **MEMORANDUM DECISION AND ORDER GRANTING [199] DEFENDANT KATE JENSEN'S MOTION TO DISMISS** <br><br> Case No.: 2:20-cv-00004 <br><br> District Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

Before the court is Defendant Kate Jensen's Motion to Dismiss (Motion).[1] Plaintiffs did not file an opposition, and the time to do so has expired. Having reviewed the briefing and case law, the court concludes the motion may be resolved without oral argument.[2] For the reasons stated herein, the Motion is GRANTED.

## BACKGROUND

This is an action involving tenant-in-common interests in real estate.[3] Numerous defendants are alleged to have participated in a scheme to defraud Plaintiffs based on an alleged Ponzi scheme regarding the purchase of tenant-in-common interests.[4] Only four paragraphs in the Amended Complaint specifically reference Jensen.[5] The entirety of the two substantive

---

[1] ECF No. 199, filed May 10, 2022.
[2] *See* DUCivR 7-1(g).
[3] *See* Amended Complaint at ¶ 1, ECF No. 122, filed August 7, 2021.
[4] *See generally id.*
[5] Amended Complaint at ¶¶ 71 (alleging that Jensen is an individual residing in Utah), 72 (noting Jensen is included as part of the "Noah Affiliate Parties"), 374 (detailing Jensen's alleged actions), 481 (referring to Jensen with others

allegations against Jensen are as follows:

> Bowser's family and other insiders shared in the benefits of the Noah TIC Program. Kate Jensen, Bowser's daughter, worked as an officer of Noah and was paid substantial salary and benefits from the ill-gotten proceeds of the Noah TIC Program. Kate Jensen had access to financial information and knew that Noah was in financial distress and was failing to meet obligations to TIC Owners, including the obligation to pay property taxes. Despite this knowledge, Kate Jensen frequently communicated with TIC Owners, attempting to assuage their fears or deter them from taking any action.[6]

and

> Kate Jensen received benefits in the form of salary, continued employment, or other payments or consideration from Noah that they would not otherwise have received without the benefits derived from Plaintiffs.[7]

In addition, there are five paragraphs that collectively refer to the "Noah Affiliate Parties," which includes Jensen.[8] In essence, these paragraphs allege that these parties knew the investment was a Ponzi scheme, agreed to operate the scheme, provided false information, shared in the benefits, and did not do anything to stop the scheme.

Plaintiffs bring five causes of action against Jensen, as designated under "Noah Affiliate Parties" or "All Defendants": (1) aiding and abetting tortious conduct (sixth claim for relief); (2) conspiracy to engage in tortious conduct (seventh claim for relief); (3) materially aiding state-law securities fraud (thirteenth claim for relief); (4) unjust enrichment (fourteenth claim for relief); and (5) abuse of vulnerable adults (fifteenth claim for relief).

---

to allege that she received a salary from Noah). The court notes that there are other Defendants with the last name Jensen. At issue is the motion regarding the claims against Kate Jensen, so the court refers to "Jensen" in this order to mean only Kate Jensen.

[6] Amended Complaint at ¶ 374.

[7] *Id.* at ¶ 481.

[8] *Id.* at ¶¶ 72 (collectively referring to multiple parties as the Noah Affiliate Parties), 110(d) (noting only that the Noah Affiliate Parties "would provide all construction services to construct the venue on the property"), 111 (collectively pleading that these parties and others "were familiar" with 1031 and TIC rules) 428 (collectively pleading these parties aided and abetted tortious conduct), 433(c) (collectively pleading these parties conspired to engage in tortious conduct).

**STANDARD**

At the motion to dismiss stage, the court accepts as true "the well-pleaded ('that is, plausible, non-conclusory and non-speculative') facts alleged in the complaint."[9] The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[10] The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."[11] When multiple defendants are involved, the allegations must include detail to put the defendants on notice about "*which* defendant is alleged to have done what" and "*what* the misconduct was."[12]

**ANALYSIS**

Jensen argues that Rule 9's heightened pleading standard should apply to all the claims against her. Plaintiffs did not respond to the motion and have effectively ceded the issue. It is true that at least some of the claims for relief, like materially aiding state-law securities fraud, sound in fraud and would be subject to the heightened pleading standard. However, because the allegations fail to meet even Rule 8's standard, the court need not determine whether all the relevant claims sound in fraud or rest on allegations of fraud.

The entirety of the five claims against Jensen rely on two allegations about her conduct. However, neither of these allegations plausibly state a claim against Jensen. For example, the Amended Complaint alleges that Jensen "frequently communicated with TIC Owners, attempting to assuage their fears or deter them from taking any action."[13] This statement is insufficient because it refers to unnamed "TIC Owners" and refers broadly to "communications"

---

[9] *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 836 (10th Cir. 2020).
[10] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[11] *Id.*
[12] *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1240 (10th Cir. 2013) (concluding that the court could not make reasonable inferences that the defendant was liable based on "broad allegations against a large and mostly anonymous group of people" (emphases in original)).
[13] Amended Complaint at ¶ 374.

Jensen may have had but does not identify any specific Plaintiff with whom she may have communicated. This is insufficient under Rule 8 to support any of the five claims against Jensen. Reference to "TIC Owners" is also improper collective pleading that does not put Jensen on notice of who she is alleged to have communicated with or what she said in those communications.

Similarly, throughout the Amended Complaint, Jensen is lumped together with others as the "Noah Affiliate Parties" or just "Defendants." The court must be able to draw a reasonable inference that the individual defendant is liable for the alleged misconduct. The allegations must show "which defendant is alleged to have done what" to whom and "what the misconduct is."[14] Accordingly, such collective pleading is improper.

For example, as to the Sixth Claim for Relief, the Amended Complaint refers collectively to what the Noah Affiliate Parties did.[15] But it is not clear which defendant did what. Similarly, the Seventh Claim for Relief combines the Noah Affiliate Parties together, and there are insufficient allegations to put Jensen on notice of what she is alleged to have done.[16] This cannot support a claim against Jensen.

Furthermore, the remaining claims for relief (Thirteenth, Fourteenth, Fifteenth) are against "All Defendants." Each of these claims refer generally to "Defendants," and again, there are insufficient facts to show which specific defendant is alleged to have done what. The only allegation specific to Jensen is in support of the unjust enrichment claim. Plaintiffs allege that "Kate Jensen received benefits in the form of salary, continued employment, or other payments or consideration from Noah that they would not otherwise have received without the benefits

---

[14] *See Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1240 (10th Cir. 2013).
[15] Amended Complaint at ¶ 428.
[16] *Id.* at ¶ 433(c).

4

derived from Plaintiffs."[17] Yet the remainder of the paragraphs under this claim refer collectively to what "Defendants" appreciated or knew.[18] This does not support an unjust enrichment claim against Jensen.

In sum, it is not clear from broad references to "Noah Affiliate Parties" or "All Defendants" which defendant is alleged to have done what.[19] Such collective pleading is improper and does not meet the requirements of Rule 8.[20] Therefore, the claims against Jensen are dismissed.

## ORDER

Based on the foregoing, Defendant Kate Jensen's unopposed Motion to Dismiss is GRANTED. The claims against Kate Jensen are dismissed without prejudice. Plaintiffs may file a motion seeking leave to amend the complaint as to the allegations against this defendant within sixty days.

DATED July 7, 2022

BY THE COURT:

David Barlow
United States District Judge

---

[17] *Id.* at ¶ 481.
[18] *See e.g.*, *id.* at ¶ 482.
[19] *Id.* at ¶ 374.
[20] Jensen made additional arguments supporting dismissal. Because the Amended Complaint fails at the Rule 8 standard, the court need not address the other arguments.