David W. Tufts (8736)
J. Tayler Fox (12092)
**DENTONS DURHAM JONES PINEGAR, P.C.**
111 South Main, Suite 2400
Salt Lake City, Utah 84111
 (801) 415-3000
david.tufts@dentons.com
tayler.fox@dentons.com

Douglas W. Henkin (*Pro Hac Vice*)
**DENTONS US LLP**
1221 Avenue of the Americas
New York, New York 10020-1089
 (212) 768-6832
douglas.henkin@dentons.com

*Attorneys for Defendants First American Title Insurance Company and Kirsten Parkin*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER C. FUCCI, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>WILLIAM BOWSER, et al.,<br><br>        Defendants. | Case No. 2:20-cv-00004-DBB-DAO<br><br>**DECLARATION OF STEVEN J. NIELSEN IN SUPPORT OF RENEWED MOTION TO COMPEL ARBITRATION BY DEFENDANTS FIRST AMERICAN TITLE INSURANCE COMPANY AND KIRSTEN PARKIN**<br><br>The Honorable David Barlow<br><br>ORAL ARGUMENT REQUESTED |

I, Steven J. Nielsen, declare as follows:

1.      I hold the title of Vice President, Division Area Manager for First American Title Insurance Company ("First American"), a position I have held since January 2021.

2.      In my capacity as Vice President, Division Area Manager at First American, I am familiar with the various policy forms that the major title companies, including First American, use when issuing title insurance for commercial properties.  As explained below, since at least 2010, years before the 2017-2019 purchase transactions at issue in this lawsuit, it has been usual and customary for all major title companies, including First American, to include arbitration provisions in such policies.

3.      The American Land Title Association ("ALTA") is a title industry trade association to which all major title insurance companies, including First American, are members.  ALTA creates and promulgates forms of title insurance policies for state insurance regulators nationwide (including the Ohio Department of Insurance) to approve and for title companies to use in commercial real estate transactions.

4.      One such form promulgated by ALTA is the "ALTA Owner's Policy," which is used in commercial transactions such as those at issue in this matter.  ALTA released updated versions of the ALTA Owner's Policy in 1970, 1984, 1987, 1990, 1992, 2006, and 2021. Beginning with the 1987 version, promulgated by ALTA 36 years ago, each and every version of the ALTA Owner's Policy has included an arbitration provision.

5.      Since at least 2010, if not years earlier, it was the standard practice of all large title companies, including First American, to issue title policies for commercial property transactions based on the most recently approved ALTA Owner's Policy.  From 2006 through 2020, that policy

was the 2006 ALTA Owner's Policy, which at all times contained an arbitration provision.  Since at least 2010, no major title companies have deviated from this standard commercial practice.

6.      Like all major title insurance companies, when Frist American issued title policies that were based on the 2006 ALTA Owner's Policy, the policy included the arbitration provision, just as ALTA had promulgated it in 2006.

7.      For example, the three Ohio title policies at issue in this lawsuit (the Sept. 28, 2018 policy for the Independence, Ohio property (Exhibit 47); the July 17, 2018 policy for the Dublin, Ohio property (Exhibit 48); and the Aug. 23, 2018 policy for the Toledo, Ohio property (Exhibit 49)) were all based on the 2006 ALTA Owner's Policy of Title Insurance, and all contain arbitration provisions.

8.      Specifically, the title policy for the Independence, Ohio property (4849 Acorn Drive, Independence, Ohio), to which each Independence, Ohio Plaintiff was added by endorsement, was based on the 2006 ALTA Owner's Policy of Title Insurance, as reflected by the notation in the bottom right corner of that policy, which reads:  "ALTA Owner's Policy of Title Insurance (6-17-06)."

9.      Similarly, the title policy for the Dublin, Ohio property (Shier Rings Road, Dublin, Ohio), to which each Dublin, Ohio Plaintiff was added by endorsement, was also based on the 2006 ALTA Owner's Policy of Title Insurance, as reflected by the notation in the bottom right corner of that policy, which reads:  "ALTA Owner's Policy of Title Insurance (6-17-06)."

10.     The title policy for the Toledo, Ohio property (180 Beaver Creek Circle, Toledo, Ohio), to which each Toledo, Ohio Plaintiff was added by endorsement, was also based on the

2006 ALTA Owner's Policy of Title Insurance, as reflected by the notation in the upper left corner of that policy, which reads: "ALTA Owner's Policy (6-17-06)."

11.     Since at least 2010, if not years earlier, for commercial properties located in the State of Ohio, it was the practice of all large title companies, including First American, to issue policies in commercial transactions based on only the most recently approved ALTA Owner's Policy. Again, for the transactions at issue in this matter, that policy was the 2006 ALTA Owner's Policy.

12.     Because the arbitration provision is part and parcel of First American's policy form, should the insured desire to delete that provision it must be done by endorsement.

I declare under penalty of perjury under the laws of the United States and the State of Utah that the foregoing is true and correct.


Dated:  April 11, 2023

Steven J. Nielsen

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2023, I caused a copy of the foregoing to be filed and served on counsel of record via the Court's electronic filing system.

*/s/ Kristin Hughes*