David W. Tufts (8736)
J. Tayler Fox (12092)
**DENTONS DURHAM JONES PINEGAR, P.C.**
111 South Main, Suite 2400
Salt Lake City, Utah 84111
 (801) 415-3000
david.tufts@dentons.com
tayler.fox@dentons.com

Douglas W. Henkin (*Pro Hac Vice*)
**DENTONS US LLP**
1221 Avenue of the Americas
New York, New York 10020-1089
 (212) 768-6832
douglas.henkin@dentons.com

*Attorneys for Defendants First American Title Insurance Company and Kirsten Parkin*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER C. FUCCI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM BOWSER, et al., <br><br> Defendants. | Case No. 2:20-cv-00004-DBB-DAO <br><br> **OBJECTION TO EVIDENCE** <br><br> The Honorable David Barlow <br><br> ORAL ARGUMENT REQUESTED |

Pursuant to DUCivR 7-1(b), Defendants First American Title Insurance Company ("FA") and Kirsten Parkin (together, the "FA Defendants"), through counsel, hereby object to Plaintiffs' evidence relied on in Plaintiffs' Memorandum in Opposition to Renewed Motion to Compel Arbitration filed on March 29, 2023 [Doc 225] ("Plaintiffs' Opposition").

## EXCEPTIONAL CIRCUMSTANCES

The Local Rules of the District of Utah allow a party to separately file objections to evidence in exceptional circumstances.  DUCivR 7-1(b)(2) ("In exceptional circumstances, the objection may be filed as a separate document simultaneously with the response or reply").  Exceptional circumstances exist here because Plaintiffs filed nearly 100 pages of declarations in support of Plaintiffs' Opposition.  Due to the voluminous nature of these declarations, the FA Defendants cannot fully and adequately present their objections to these declarations in the body of their Reply Memorandum without compromising their ability to present their substantive legal arguments as well.  Accordingly, the FA Defendants request that the Court recognize this as exceptional circumstances and consider these objections to Plaintiffs' questionable evidence.

## OBJECTION TO EVIDENCE

The FA Defendants object as follows to the introduction of the entirety of Plaintiffs' slipshod declarations, totaling nearly 100 pages, submitted with Plaintiffs' Opposition as Exhibit B.

First, Plaintiffs' declarations are entirely irrelevant to First American's showing of notice.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible").  If anything, they bolster that showing.  Many Plaintiffs confirmed that they *had* received a copy of their Policy prior to this lawsuit, further demonstrating that the Policy was generally available to Plaintiffs had they simply asked.  *See, e.g.,* Opp. Ex. B, ECF 225 at 30, 50, 54, 73, 75, 83, 93, 95, 107.  Moreover declarations for *eight* of the Ohio Plaintiffs identified in the Amended Complaint are entirely absent.[1]

Second, as detailed in **Figure 1** to this Objection, *fifteen* other Plaintiffs have submitted

---

[1] Plaintiffs who have not submitted declarations are: Louis Zambito, Martin Tierney, Alena Andreasen, Henry Noahs Dublin, LLC, Donn M. Lillmars, Jr., Theodore E. and Dena A. Keith, and William G. Wright.

deficient declarations that make it impossible to ascertain whether they had actual knowledge of the Policies' terms, which renders these declarations inadmissible as evidence for lack of foundation and reliability, and for this reason it would be improper for the Court to admit or rely on them.  Fed. R. Evid. 602; *Brazzle v. Washington City*, No. 2:09–CV–00074–EJF, 2012 WL 4055817 (D. Utah Sep. 14, 2012) (striking paragraphs of declaration where there was no foundation or where it "lacks context to substantiate the assertion and facts").

**Figure 1**

| Declarant Name | Deficiency | Page Number |
|---|---|---|
| Judith Hendrix | • Declaration adds name not appearing in original;<br>• Declaration adds digitally-added "X" on ¶ 5 not appearing in original image;<br>• Declaration does not identify declarant as trustee | Prior Opp. Ex. A - ECF 135-1 at 10–11<br><br>Opp. Ex. B - ECF 225 at 58–59 |
| Terry Hendrix | • Declaration adds name not appearing in original;<br>• Declaration adds digitally-added "X" on ¶ 5 not appearing in original image;<br>• Declaration does not identify declarant as trustee | Prior Opp. Ex. A - ECF 135-1 at 12–13<br><br>Opp. Ex. B - ECF 225 at 60–61 |
| Gertrude Winkler | • Declaration is undated | Opp. Ex. B - ECF 225 at 113 |
| Ivy Fasko | • Declaration is undated | Opp. Ex. B - ECF 225 at 50 |
| Harvey Paul | • Declaration adds digitally-added "X" on ¶ 5 not appearing in original image | Prior Opp. Ex. A - ECF 135-2 at 27<br><br>Opp. Ex. B - ECF 225 at 57 |
| Richard Vollhardt | • Declaration is undated | Opp. Ex. B - ECF 225 at 107 |
| John Lalli | • Declarant's name is incomplete | Opp. Ex. B - ECF 225 at 66 |

| Randy Steck | • Declaration is undated | Opp. Ex. B - ECF 225 at 95 |
|---|---|---|
| Alan Seshiki | • Declaration is undated | Opp. Ex. B - ECF 225 at 87 |
| Michael DiGiacomo | • Declaration contains digitally-added "X" on ¶ 5 despite page being a scanned image filled out by hand | Opp. Ex. B - ECF 225 at 28 |
| Wendell Mark McKoy and Cynthia Chester McKoy | • Declaration contains digitally-added date of "27th" despite page being a scanned image filled out by hand | Opp. Ex. B - ECF 225 at 74–75 |
| Susan Wright | • Declaration contains digitally-added "X" on ¶ 5 and digitally-added date of "28th" despite page being a scanned image filled out by hand | Opp. Ex. B - ECF 225 at 114–115 |
| Emilia Bonder/Tiberich Egrovich | • Does not identify entity declarants represent | Opp. Ex. B – ECF 225 at 38 |

Three of these declarations reflect discrepancies that, when compared to their earlier-filed-versions, raise additional questions. The Opposition's declarations for Judith Hendrix, Terry Hendrix, and Paul Harvey, are identical to their previously-filed predecessors in all respects (including the date and signature blocks) *except* for the addition of a digitally-added "X" identifying they never received a copy of their Policy—and in the cases of the Hendrix declarations, the addition of their digitally-printed names. *See* **Exhibit 1** (Comparison of Prior to Current Declarations). The FA Defendants identified the absence of these checked boxes in their prior reply, and Plaintiffs offer no explanation as to how these came to be modified. **Exhibit 2** (ECF 147-2).

Third, the declarations are unreliable because they fail to demonstrate the competence of the declarants to give the testimony offered. Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal

knowledge of the matter.")   A review of the metadata for Plaintiffs' Opposition, which incorporates Exhibit B in the same document (ECF 225), reflects an unusual alignment of the digitally-added "Xs" and literal last-minute edits to two of the document's pages.  *See* **Exhibit 3** (Opposition Metadata).  Specifically, the metadata demonstrates that ECF 225 was created at 5:35:40 PM MT, but that just prior to this—at 5:34:16 PM MT—edits were made to a scanned document on pages 59 and 61.  These are the same pages where a digitally-added "X" appears over a blank checkbox on an otherwise scanned image of the prior Hendrix declarations.  *See* Ex. 1.  Besides Plaintiffs' counsel, no other party is identified as having created or modified the document before it was filed with the Court.

The digitally-added "X" appears in several other declarations that are otherwise inconsistent with the manner in which the declarations were executed.  As noted in **Figure 1**, the declarations for Michael DiGiacomo, Susan Wright, and Wendell Mark and Cynthia Chester McKoy all include an apparent digital alteration to the declaration despite the declarations being completed in hand-writing and scanned as images. These inconsistencies, as well as those detailed above, cast the reliability of all declarations as submitted into doubt.

WHEREFORE, the FA Defendants request that the foregoing objections be sustained and Plaintiffs not be allowed to rely on the Declarations in opposition to the present motion.

Respectfully submitted this 12th day of April, 2023.

/s/ *David W. Tufts*
**DENTONS DURHAM JONES PINEGAR, PC**
David W. Tufts
J. Tayler Fox
**Dentons US LLP**
Douglas W. Henkin
*Counsel for Defendants First American Title Insurance*
*Company and Kirsten Parkin*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2023, I caused a copy of the foregoing to be filed and served on counsel of record via the Court's electronic filing system.

*/s/ Kristin Hughes*

# EXHIBIT 1

Reid W. Lambert, #5744
Zachary T. Shields, #6031
**STRONG & HANNI, P.C.**
102 S. 200 E. Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Email: rlambert@strongandhanni.com
Email: zshields@strongandhanni.com

*Attorneys for the Plaintiffs*

<div style="text-align:right; color:red; font-weight:bold;">
ORIGINAL
DECLARATION
FOR HARVEY
PAUL
</div>

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER C. FUCCI, et. Al<br><br>Plaintiffs<br><br>v.<br><br>WILLIAM BOWSER, et. al<br>Defendants. | **DECLARATION**<br><br>Case No. 2:20-cv-00004<br>Judge: David Barlow |

I, _Harvey Paul_, subject to penalty of perjury under the laws of the United States, do hereby declare and state as follows:

1. I am a Plaintiff or the principal or trustee of an entity or trust that is a Plaintiff in the above-captioned lawsuit. I have personal knowledge of the facts testified to herein, which facts are true and correct to the best of my knowledge and belief.

2. My claims in the above case arise from my purchase of a tenant-in-common interest in property from Rockwell Debt Free Properties, Inc. or its affiliate. I entered the contract by executing a Purchase and Sale Agreement ("PSA") and paying the Purchase Price called for in the agreement.

3. At the time I executed the PSA and paid the Purchase Price, I had not received a copy of the title insurance policy on the property or any endorsement of the policy.

1

4. At the time I executed the PSA and paid the Purchase Price, I was not aware of any of the terms and conditions of the title policy. Specifically, I did not know that the policy included an arbitration provision of any kind.

5. [Box checked for statement that applies to me.]

☐ At the time the above-captioned lawsuit was filed, I had still never received a copy of the title insurance policy related to my tenant-in-common interest.

☐ I received a copy of the title insurance policy prior to the filing of the above-captioned lawsuit, but well after I had executed the PSA and paid the Purchase Price for my interest.

6. I have never consented or intended to consent to arbitration of my claims against First American Title Insurance Company that are asserted in this lawsuit.

DATED this _17_ day of October 2021.

_____
Signature

_Harvey Paul_
Print Name

_____
Name of Entity or Trust (if applicable)

2

**RE-SUBMITTED DECLARATION FOR HARVEY PAUL**

Reid W. Lambert, #5744
Zachary T. Shields, #6031
**STRONG & HANNI, P.C.**
102 S. 200 E. Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Email: rlambert@strongandhanni.com
Email: zshields@strongandhann.com

_Attorneys for the Plaintiffs_

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER C. FUCCI, et. Al<br><br>Plaintiffs<br><br>v.<br><br>WILLIAM BOWSER, et. al<br>Defendants. | **DECLARATION**<br><br>Case No. 2:20-cv-00004<br>Judge: David Barlow |

I, _Harvey Paul_____, subject to penalty of perjury under the laws of the United States, do hereby declare and state as follows:

1.  I am a Plaintiff or the principal or trustee of an entity or trust that is a Plaintiff in the above-captioned lawsuit. I have personal knowledge of the facts testified to herein, which facts are true and correct to the best of my knowledge and belief.

2.  My claims in the above case arise from my purchase of a tenant-in-common interest in property from Rockwell Debt Free Properties, Inc. or its affiliate. I entered the contract by executing a Purchase and Sale Agreement ("PSA") and paying the Purchase Price called for in the agreement.

3.  At the time I executed the PSA and paid the Purchase Price, I had not received a copy of the title insurance policy on the property or any endorsement of the policy.

1

4.  At the time I executed the PSA and paid the Purchase Price, I was not aware of any of the terms and conditions of the title policy. Specifically, I did not know that the policy included an arbitration provision of any kind.

5.  [Box checked for statement that applies to me.]

    [X] At the time the above-captioned lawsuit was filed, I had still never received a copy of the title insurance policy related to my tenant-in-common interest.

    [ ] I received a copy of the title insurance policy prior to the filing of the above-captioned lawsuit, but well after I had executed the PSA and paid the Purchase Price for my interest.

6.  I have never consented or intended to consent to arbitration of my claims against First American Title Insurance Company that are asserted in this lawsuit.

DATED this _17_ day of October 2021.

_____
Signature

_Harvey Paul_____
Print Name

_____
Name of Entity or Trust (if applicable)

2

Reid W. Lambert, #5744
Zachary T. Shields, #6031
**STRONG & HANNI, P.C.**
102 S. 200 E. Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Email: rlambert@strongandhanni.com
Email: zshields@strongandhanni.com

```
┌─────────────────────────┐
│ ORIGINAL                │
│ DECLARATION,            │
│ PAGE 1, FOR             │
│ JUDITH HENDRIX          │
└─────────────────────────┘
```

*Attorneys for the Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER C. FUCCI, et. Al<br><br>Plaintiffs<br><br>v.<br><br>WILLIAM BOWSER, et. al<br>Defendants. | **DECLARATION**<br><br>Case No. 2:20-cv-00004<br>Judge: David Barlow |

I, _____, subject to penalty of perjury under the laws

of the United States, do hereby declare and state as follows:

1.      I am a Plaintiff or the principal or trustee of an entity or trust that is a Plaintiff in

the above-captioned lawsuit.  I have personal knowledge of the facts testified to herein, which

facts are true and correct to the best of my knowledge and belief.

2.      My claims in the above case arise from my purchase of a tenant-in-common

interest in property from Rockwell Debt Free Properties, Inc. or its affiliate.  I entered the

contract by executing a Purchase and Sale Agreement ("PSA") and paying the Purchase Price

called for in the agreement.

3.      At the time I executed the PSA and paid the Purchase Price, I had not received a

copy of the title insurance policy on the property or any endorsement of the policy.

1

Reid W. Lambert, #5744
Zachary T. Shields, #6031
**STRONG & HANNI, P.C.**
102 S. 200 E. Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Email: rlambert@strongandhanni.com
Email: zshields@strongandhanni.com

**RE-SUBMITTED DECLARATION, PAGE 1, FOR JUDITH HENDRIX**

*Attorneys for the Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER C. FUCCI, et. Al<br><br>Plaintiffs<br><br>v.<br><br>WILLIAM BOWSER, et. al<br>Defendants. | **DECLARATION**<br><br>Case No. 2:20-cv-00004<br>Judge: David Barlow |

I, ___Judith Hendrix_____, subject to penalty of perjury under the laws of the United States, do hereby declare and state as follows:

1.      I am a Plaintiff or the principal or trustee of an entity or trust that is a Plaintiff in the above-captioned lawsuit.  I have personal knowledge of the facts testified to herein, which facts are true and correct to the best of my knowledge and belief.

2.      My claims in the above case arise from my purchase of a tenant-in-common interest in property from Rockwell Debt Free Properties, Inc. or its affiliate.  I entered the contract by executing a Purchase and Sale Agreement ("PSA") and paying the Purchase Price called for in the agreement.

3.      At the time I executed the PSA and paid the Purchase Price, I had not received a copy of the title insurance policy on the property or any endorsement of the policy.

1

4.      At the time I executed the PSA and paid the Purchase Price, I was not aware of any of the terms and conditions of the title policy.  Specifically, I did not know that the policy included an arbitration provision of any kind.

5.      [Box checked for statement that applies to me.]

☐ At the time the above-captioned lawsuit was filed, I had still never received a copy of the title insurance policy related to my tenant-in-common interest.

☐ I received a copy of the title insurance policy prior to the filing of the above-captioned lawsuit, but well after I had executed the PSA and paid the Purchase Price for my interest.

6.      I have never consented or intended to consent to arbitration of my claims against First American Title Insurance Company that are asserted in this lawsuit.

DATED this _19_ day of October 2021.

_____
Signature

_Judith A. Hendrix_
Print Name

_____
Name of Entity or Trust (if applicable)

ORIGINAL DECLARATION, PAGE 2, FOR JUDITH HENDRIX

4.      At the time I executed the PSA and paid the Purchase Price, I was not aware of any of the terms and conditions of the title policy.  Specifically, I did not know that the policy included an arbitration provision of any kind.

5.      [Box checked for statement that applies to me.]

☒ At the time the above-captioned lawsuit was filed, I had still never received a copy of the title insurance policy related to my tenant-in-common interest.

☐ I received a copy of the title insurance policy prior to the filing of the above-captioned lawsuit, but well after I had executed the PSA and paid the Purchase Price for my interest.

6.      I have never consented or intended to consent to arbitration of my claims against First American Title Insurance Company that are asserted in this lawsuit.

DATED this _19_ day of October 2021.

_____
Signature

_____
Print Name    JudiTh A. HendriX

_____
Name of Entity or Trust (if applicable)

RE-SUBMITTED
DECLARATION,
PAGE 2, FOR
JUDITH HENDRIX

2

Reid W. Lambert, #5744
Zachary T. Shields, #6031
**STRONG & HANNI, P.C.**
102 S. 200 E. Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Email: rlambert@strongandhanni.com
Email: zshields@strongandhanni.com

**ORIGINAL
DECLARATION,
PAGE 1, FOR
TERRY
HENDRIX**

*Attorneys for the Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER C. FUCCI, et. Al | **DECLARATION** |
| Plaintiffs | |
| v. | Case No. 2:20-cv-00004 |
| | Judge: David Barlow |
| WILLIAM BOWSER, et. al Defendants. | |

I, _____, subject to penalty of perjury under the laws of the United States, do hereby declare and state as follows:

1.      I am a Plaintiff or the principal or trustee of an entity or trust that is a Plaintiff in the above-captioned lawsuit.  I have personal knowledge of the facts testified to herein, which facts are true and correct to the best of my knowledge and belief.

2.      My claims in the above case arise from my purchase of a tenant-in-common interest in property from Rockwell Debt Free Properties, Inc. or its affiliate.  I entered the contract by executing a Purchase and Sale Agreement ("PSA") and paying the Purchase Price called for in the agreement.

3.      At the time I executed the PSA and paid the Purchase Price, I had not received a copy of the title insurance policy on the property or any endorsement of the policy.

1

Reid W. Lambert, #5744
Zachary T. Shields, #6031
**STRONG & HANNI, P.C.**
102 S. 200 E. Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Email: rlambert@strongandhanni.com
Email: zshields@strongandhanni.com

> **RE-SUBMITTED DECLARATION, PAGE 1, FOR TERRY HENDRIX**

*Attorneys for the Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER C. FUCCI, et. Al | **DECLARATION** |
| Plaintiffs | |
| v. | Case No. 2:20-cv-00004 |
| | Judge: David Barlow |
| WILLIAM BOWSER, et. al Defendants. | |

I, _____Terry G. Hendrix_____, subject to penalty of perjury under the laws of the United States, do hereby declare and state as follows:

1.      I am a Plaintiff or the principal or trustee of an entity or trust that is a Plaintiff in the above-captioned lawsuit.  I have personal knowledge of the facts testified to herein, which facts are true and correct to the best of my knowledge and belief.

2.      My claims in the above case arise from my purchase of a tenant-in-common interest in property from Rockwell Debt Free Properties, Inc. or its affiliate.  I entered the contract by executing a Purchase and Sale Agreement ("PSA") and paying the Purchase Price called for in the agreement.

3.      At the time I executed the PSA and paid the Purchase Price, I had not received a copy of the title insurance policy on the property or any endorsement of the policy.

1

4.      At the time I executed the PSA and paid the Purchase Price, I was not aware of any of the terms and conditions of the title policy. Specifically, I did not know that the policy included an arbitration provision of any kind.

5.      [Box checked for statement that applies to me.]

☐ At the time the above-captioned lawsuit was filed, I had still never received a copy of the title insurance policy related to my tenant-in-common interest.

☐ I received a copy of the title insurance policy prior to the filing of the above-captioned lawsuit, but well after I had executed the PSA and paid the Purchase Price for my interest.

6.      I have never consented or intended to consent to arbitration of my claims against First American Title Insurance Company that are asserted in this lawsuit.

DATED this __19__ day of October 2021.

_____
Signature

Terry G. Hendrix
_____
Print Name

_____
Name of Entity or Trust (if applicable)

ORIGINAL DECLARATION, PAGE 2, FOR TERRY HENDRIX

2

4.      At the time I executed the PSA and paid the Purchase Price, I was not aware of any of the terms and conditions of the title policy.  Specifically, I did not know that the policy included an arbitration provision of any kind.

5.      [Box checked for statement that applies to me.]

☒  At the time the above-captioned lawsuit was filed, I had still never received a copy of the title insurance policy related to my tenant-in-common interest.

☐  I received a copy of the title insurance policy prior to the filing of the above-captioned lawsuit, but well after I had executed the PSA and paid the Purchase Price for my interest.

6.      I have never consented or intended to consent to arbitration of my claims against First American Title Insurance Company that are asserted in this lawsuit.

DATED this __19__ day of October 2021.

_____
Signature

Terry G. Hendrix
Print Name

_____
Name of Entity or Trust (if applicable)

RE-SUBMITTED DECLARATION, PAGE 2, FOR TERRY HENDRIX

2

# EXHIBIT 2

# EXHIBIT B

## FATAL DEFICIENCIES IN PLAINTIFF DECLARATIONS

| Declarant Name | Deficiency | Page Number |
|---|---|---|
| Judith Hendrix | • Declaration contains no name;<br>• Declaration does not identify if title policy was received or not<br>• Declaration does not identify declarant as trustee | Opp. Ex. A - ECF 135-1 at 10–11 |
| Terry Hendrix | • Declaration contains no name;<br>• Declaration does not identify if title policy was received or not<br>• Declaration does not identify declarant as trustee | Opp. Ex. A - ECF 135-1 at 12–13 |
| Gertraude Winkler | • Declaration is undated | Opp. Ex. A - ECF 135-2 at 4 |
| Ivy Fasko | • Declaration is undated | Opp. Ex. A - ECF 135-2 at 16 |
| W. Mark McKoy and Cynthia McKoy | • Declaration does not identify if title policy was received or not | Opp. Ex. A - ECF 135-2 at 26 |
| Harvey Paul | • Declaration does not identify if title policy was received or not | Opp. Ex. A - ECF 135-2 at 27 |
| Richard Vollhardt | • Declaration is undated | Opp. Ex. A - ECF 135-3 at 2 |

| Declarant Name | Deficiency | Page Number |
|---|---|---|
| John Lalli | • Declarant's name is incomplete | Opp. Ex. A - ECF 135-3 at 12 |
| Randy Steck | • Declaration is undated | Opp. Ex. A - ECF 135-3 at 16 |
| Alan Seshiki | • Declaration is undated | Opp. Ex. A - ECF 135-3 at 18 |
| Merle Steinman Jr. | • Declaration does not identify if title policy was received or not | Opp. Ex. A - ECF 135-3 at 20 |

# EXHIBIT 3

### METADATA REPORT FOR PLAINTIFFS' MEMO OPPOSING RENEWED ARBITRATION*

```
<?xpacket begin="" id="W5M0MpCehiHzreSzNTczkc9d"?>
<x:xmpmeta xmlns:x="adobe:ns:meta/" x:xmptk="Adobe XMP Core 9.0-c000
79.cca54b0, 2022/11/26-09:29:55        ">
   <rdf:RDF xmlns:rdf="http://www.w3.org/1999/02/22-rdf-syntax-ns#">
      <rdf:Description rdf:about=""
            xmlns:pdf="http://ns.adobe.com/pdf/1.3/"
            xmlns:dc="http://purl.org/dc/elements/1.1/"
            xmlns:xmp="http://ns.adobe.com/xap/1.0/"
            xmlns:xmpMM="http://ns.adobe.com/xap/1.0/mm/"

xmlns:stEvt="http://ns.adobe.com/xap/1.0/sType/ResourceEvent#">
         <pdf:Producer>Acrobat Distiller 22.0 (Windows); modified using
iText® 7.1.6 ©2000-2019 iText Group NV (Administrative Office of the
United States Courts; licensed version)</pdf:Producer>
         <dc:format>application/pdf</dc:format>
         <dc:creator>
            <rdf:Seq>
               <rdf:li>Reid Lambert</rdf:li>
            </rdf:Seq>
         </dc:creator>
         <dc:title>
            <rdf:Alt>
               <rdf:li xml:lang="x-default">Pltffs' Memo Opposing Renewed
Arbitration.pdf</rdf:li>
            </rdf:Alt>
         </dc:title>
         <xmp:CreatorTool>Microsoft® Word for Microsoft
365</xmp:CreatorTool>
         <xmp:CreateDate>2023-03-29T18:35:40-06:00</xmp:CreateDate>
         <xmp:ModifyDate>2023-04-12T13:39:28-06:00</xmp:ModifyDate>
         <xmp:MetadataDate>2023-03-29T18:34:16-06:00</xmp:MetadataDate>
         <xmpMM:DocumentID>uuid:F3981294-452A-4137-9310-
9B63AB53FC66</xmpMM:DocumentID>
         <xmpMM:InstanceID>uuid:2f26385a-9a90-4a07-9dae-
af70206c7f38</xmpMM:InstanceID>
         <xmpMM:History>
            <rdf:Seq>
               <rdf:li rdf:parseType="Resource">
                  <stEvt:action>editedScannedDoc</stEvt:action>
                  <stEvt:when>2023-03-29T18:34:16-06:00</stEvt:when>
                  <stEvt:parameters>Pages:59, 61</stEvt:parameters>
               </rdf:li>
            </rdf:Seq>
         </xmpMM:History>
      </rdf:Description>
   </rdf:RDF>
</x:xmpmeta>
<?xpacket end="w"?>
```

**\*Yellow highlighting added by Counsel for FA Defendants.**