David W. Tufts (8736)
J. Tayler Fox (12092)
**DENTONS DURHAM JONES PINEGAR P.C.**
111 South Main, Suite 2400
Salt Lake City, Utah 84111
(801) 415-3000
david.tufts@dentons.com
tayler.fox@dentons.com

Douglas W. Henkin (Pro Hac Vice)
**DENTONS US LLP**
1221 Avenue of the Americas
New York, New York 10020-1089
 (212) 768-6832
douglas.henkin@dentons.com

Attorneys for Defendants First American Title Insurance Company and Kirsten Parkin

Scott D. Sweeney (Utah Bar #15070)
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
1225 17th Street, Suite 2750
Denver, CO 80202
(303) 572-5300
Scott.Sweeney@wilsonelser.com

Attorneys for Defendants John D. Hamrick, Mary O'Toole, Chris Brown, Edmund & Wheeler, O'Toole Enterprises, Tim Marshall, and TM1031 Exchange

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER C. FUCCI, et. al<br><br>Plaintiffs<br><br>v<br><br>WILLIAM BOWSER, et. al<br><br>Defendants. | **STATUS REPORT OF FA DEFENDANTS AND HAMRICK PARTIES**<br><br>Case No. 2:20-cv-00004<br>Judge: David Barlow<br>Magistrate Judge: Daphne A. Oberg |

Pursuant to the Court's docket entry dated October 3, 2025, Defendants First American Title Insurance Company and Kirsten Parkin (the "FA Defendants") and Defendants John D. Hamrick, Mary O'Toole, Chris Brown, Edmund & Wheeler, O'Toole Enterprises, Tim Marshall, and TM1031 Exchange (the "Hamrick Parties") submit the following Status Report in response to the Court's Order (ECF No. 279).

Counsel did attempt to meet-and-confer with Plaintiffs' counsel on these issues, but "[Plaintiffs'] Counsel has been traveling and largely unavailable between October 10, 2025 and the date of this filing." ECF No. 280. As such, Plaintiffs' Counsel was unavailable to incorporate the following into a joint statement, and requested that the undersigned file this separately. *See* Attachment A.

1. **Status of the Defendants**.

The FA Defendants and the Hamrick Parties disagree with Plaintiffs' statement of the status of defendants, for the reasons stated below.

2. **Proposed Deadline for Remaining Non-Defaulted Parties.**

The FA Defendants and the Hamrick Parties disagree with Plaintiffs' proposal, for the reasons stated below.

3. **Proposed Scheduling Order.**

As explained in the following section, the FA Defendants and the Hamrick Parties take the position that it is premature to set a schedule before addressing the issues raised below.

**POSITION OF THE FA DEFENDANTS AND HAMRICK PARTIES:**

The FA Defendants will be filing a petition for certiorari with the Supreme Court. The FA Defendants do not intend to waive their arguments that all the claims asserted against them should be arbitrated pursuant to the PSAs. The FA Defendants intend to ask this Court to stay proceedings involving the FA Defendants pending the resolution of their certiorari petition, whether by denial of the petition or, if it is granted, by its disposition by the Supreme Court.

There are multiple reasons supporting a stay here. Initially, a stay is warranted because the FA Defendants do not wish any actions they might have to take under compulsion in this Court to be used by Plaintiffs to argue that the FA Defendants have "waived" their arguments in favor of arbitration by "substantially participating" in the District Court legal process. Counsel for the FA Defendants asked Plaintiffs' counsel to agree that Plaintiffs would not make any waiver arguments, but Plaintiffs' counsel refused. *See* Attachment A.

In addition, the current posture of the case creates a significant question as to whether the Court still has subject matter jurisdiction, which is another reason the Court should take no substantive action at this time. "Subject-matter jurisdiction is a constitutional prerequisite to hearing a case." *Gad v. Kansas State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015). Federal courts are to presume that they lack subject-matter jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Plaintiffs pled subject matter jurisdiction on two bases. *First*, Plaintiffs asserted federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon claims asserted under the Securities

Exchange Act of 1934.  *Second*, Plaintiffs asserted supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.  *See* Dkt. 122 ¶¶ 97-98.  Plaintiffs asserted federal claims only against the "Rockwell Parties" and the "Upstream Parties."  *See id.* ¶¶ 437-457.  Plaintiffs did not assert any federal claims against the FA Defendants, Bowser, J&J Cubit Construction, or Brandon and Scott Jensen (the "State Law Defendants").  The only asserted basis for subject matter jurisdiction over Plaintiffs' claims against the State Law Defendants is Section 1367 (Plaintiffs never pled diversity jurisdiction and could not seek to do so because several Plaintiffs are domiciled in California, as is First American).

Plaintiffs agree that all Rockwell Parties have been dismissed from the case, as have all Upstream Parties except the Hamrick Parties.  But as explained below, it is not clear that the Hamrick Parties should still be considered parties.

When all federal claims have been dismissed or otherwise disposed of, federal courts decline to exercise supplemental jurisdiction and dismiss.  *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025).  In particular, subject matter jurisdiction must track a case "as it will actually be litigated," and federal courts cannot retain cases on the basis of a "federal hook" that is no longer live.  *See id.* at 39.  More specifically, federal claims that have become dormant, such as for failure to prosecute, can be dismissed with the result that remaining state law claims are then dismissed because there is nothing for them to be supplemental to.  *E.g.*, *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107–08 (2017); *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).

There is a substantial question whether Plaintiffs have effectively abandoned their claims against the Hamrick Parties.  Dkt. 164 was entered by the Court on February 8, 2022.

SL_8232501.1

Unbeknownst to the FA Defendants and (it seems) the Court, it appears that Plaintiffs unilaterally chose to do nothing other than settle with or otherwise dismiss defendants thereafter, including all of the Upstream Parties other than the Hamrick Parties. In particular, (a) Plaintiffs do not appear to have taken discovery of any defendants—including the Hamrick Defendants—following the entry of Dkt. 164 and (b) Plaintiffs and the Hamrick Defendants engaged in settlement discussions. On October 18, 2022, *after* the last day to serve discovery requests, Plaintiff's counsel emailed counsel for the Hamrick Parties, stating—eight months after Dkt. 164 was entered by the Court—that they believed it would be "imprudent and problematic" to proceed with discovery against the Hamrick Parties without FA "available to participate," and noted that "we are now at the end of the scheduling order, so we need to proceed [with what Plaintiffs' counsel intended to "proceed" is unclear because the time to serve discovery requests had run] or extend the scheduling Order." *See* Attachment B. The Hamrick Parties' counsel responded that it would agree to extend the scheduling order and asked whether Plaintiffs' counsel would be interested in reopening their prior settlement discussions. *See id.* Plaintiffs' counsel did not respond to the Hamrick Parties' counsel's *renewed* settlement overture in October 2022 (or, in fact, ever).

Despite writing to counsel for the Hamrick Parties in October 2022, Plaintiffs' counsel did not file a request to extend the scheduling order in October 2022, or indeed in 2022 at all. Instead, nearly four months later, on February 6, 2023, Plaintiffs' counsel filed Dkt. 211, which provided the Court with a copy of the Tenth Circuit's *DiTucci* decision and (apparently for the first time) informed the Court that "[d]ue to the stay imposed by the Court as to the FA Defendants, Plaintiffs have deferred discovery as to certain other remaining parties who have consented to entry of an scheduling order upon lifting of the stay." That is, Plaintiffs had not followed Dkt. 164, but did

not bother telling that to the Court until long after the deadlines therein had passed. The Court denied the requests in Dkt 211, noting that if Plaintiffs wished to seek to amend the scheduling order, they should "file a motion to amend the scheduling order setting forth good cause", Dkt. 213, which Plaintiffs never did. It is important to note that at all relevant times, no stay of Dkt. 164 was in effect as to any parties other than the FA Defendants, and it is thus unclear what Plaintiffs' counsel believes gave him license to simply ignore Dkt. 164 with respect to other parties.

In the meantime, the Court ordered Plaintiffs to state their intentions with respect to certain identified defendants, set a schedule for the briefing of the FA Defendants' renewed motion to compel arbitration, and stayed the case solely as against the FA Defendants pending resolution of their renewed motion to compel arbitration. *See* Dkts. 214-233. On May 25, 2023, Judge Barlow *sua sponte* entered orders (a) vacating a scheduling conference that Dkt. 164 had scheduled for June 1, 2023, if the parties to which Dkt. 164 applied had not filed dispositive motions after discovery and (b) stating that "[t]rial scheduling will be addressed after the magistrate judge rules on the pending Motion to Compel Arbitration, when it is more clear who the remaining defendants are for purposes of setting a trial and after those parties have determined whether an amended scheduling order is warranted." *See* Dkts. 234-235. It is not clear whether Judge Barlow knew that the reason no dispositive motions had been filed as contemplated by Dkt. 164 was that Plaintiffs had made the unilateral decision to sit on the other claims despite the schedule set in Dkt. 164.

The circumstances here present a prime case for the Court to examine whether, by their undisclosed decision or failure to pursue their claims against the Hamrick Parties in any way for more than three years and without contemporaneously informing the Court that they were doing

6

so, Plaintiffs have abandoned those claims, warranting dismissal for failure to prosecute. This is especially so given that the Hamrick Parties engaged in attempts to settle with Plaintiffs going back three years or more. Case law interpreting Section 1367 makes clear that if the claims against the Hamrick Parties are no longer properly before the Court, then the Court must dismiss all state law claims for lack of subject matter jurisdiction (especially where, as here, the Court has done no substantive work on those state law claims). And because the Court must examine whether it still has subject matter jurisdiction at all—an issue on which Plaintiffs bear the burden of proof at all times—there can be no harm in waiting for the resolution of the FA Defendants' certiorari petition (especially if it is granted).

In addition, with the claims against the Hamrick Parties having been dormant for more than three years and Plaintiffs having ignored their settlement efforts, the Hamrick Parties are considering moving to dismiss the Amended Complaint under Fed. R. Civ. P. 12(c), including for failure to state a claim and for failure to prosecute. That motion would trigger the automatic stay of discovery imposed by the Private Securities Litigation Reform Act of 1995, *see* 15 U.S.C. § 78u-4(b)(3)(B), and would thus stay all discovery in this case. *See, e.g., Lian v. Tuya, Inc.*, No. 22-CV-06792 (JPC)(RFT), 2024 WL 1932623, at *1-2 (S.D.N.Y. May 2, 2024) (applying automatic stay to Rule 12(c) motion); *In re eHealth Inc. Sec. Litig.*, Case No. 20-cv-02395-JST (LJC), 2023 WL 3951178, at * 2 (N.D. Ca. Jun. 12, 2023) (same). The only potential exception to the statutory automatic stay is "undue prejudice" to a plaintiff, 15 U.S.C. § 78u-4(b)(3)(B), which Plaintiffs are in no position to argue given that they unilaterally chose not to pursue discovery from the Hamrick

Parties for more than three years despite the existence of a scheduling order and their written admission that they knowingly violated it.[1]

DATED: October 17, 2025.   /s/ David W. Tufts
**DENTONS DURHAM JONES PINEGAR P.C.**
David W. Tufts
Tayler J. Fox

**DENTONS US LLP**
Douglas W. Henkin

Attorneys for First American Title Insurance Company and Kirsten Parkin

DATED: October 17, 2025.   /s/ Scott D. Sweeney
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Scott D. Sweeney

Attorneys for John D. Hamrick, Mary O'Toole, Chris Brown, Edmund & Wheeler O'Toole Enterprises, Tim Marshall, and TM1031 Exchange

---

[1] With respect to Plaintiffs' suggestions regarding scheduling and that depositions, interrogatories, document requests, and requests for admission should follow the way those issues were addressed in Dkt. 164, two observations are in order. *First*, the Court should not consider addressing scheduling or other issues at all until it resolves the question of its subject matter jurisdiction, because if the Court lacks subject matter jurisdiction, then the only thing it is permitted to do is announce that fact and dismiss the case. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998). *Second*, following the discovery parameters in Dkt. 164 would permit Plaintiffs to serve more than 2000 interrogatories, 3000 requests for admission, and 3000 requests for production on the FA Defendants and more than 7000 interrogatories, 10,500 requests for admission, and 10,500 requests for production the Hamrick Parties. Disproportionate does not begin to describe those numbers, and this is an issue that there is no need to address while there is a question as to whether the Court has power to do anything other than dismiss this case.

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2025, I caused a copy of the foregoing to be filed and served on counsel of record via the Court's electronic filing system.

/s/ Kristin Hughes

# **<u>ATTACHMENT A</u>**

to

# Position of the FA Defendants and Hamrick Parties

| | |
|---|---|
| **From:** | Reid W. Lambert |
| **To:** | Tufts, David W. |
| **Subject:** | RE: Fucci / FA & Parkin |
| **Date:** | Friday, October 17, 2025 2:15:47 PM |

**[WARNING: EXTERNAL SENDER]**

David:

I apologize for not answering your question. Under the circumstances, I think its best if we both file our own status reports. I will edit mine so that it clearly reflects that it is only what I am proposing, and you can file whatever you are comfortable with.

One of the problems I have is that I am traveling and will only be available for a half hour or so right now. I will include an acknowledgement of this in my filing.

Thanks.

Reid W. Lambert
**STRONG & HANNI**

**From:** Tufts, David W. <david.tufts@dentons.com>
**Sent:** Friday, October 17, 2025 9:57 AM
**To:** Reid W. Lambert <rlambert@strongandhanni.com>
**Cc:** Sweeney, Scott D. <Scott.Sweeney@wilsonelser.com>; Henkin, Douglas W. <douglas.henkin@dentons.com>; Fox, J. Tayler <tayler.fox@dentons.com>; Kinghorn, Ian <ian.kinghorn@dentons.com>
**Subject:** RE: Fucci / FA & Parkin

Reid,

I asked you a direct question and you didn't respond at all. Accordingly, we will avoid taking actions that you might argue constitute a waiver. We will therefore send you, once we have full sign-off on our side, the text that you should insert verbatim into the submission as the position of the FA Defendants and the Hamrick Parties, with two attachments that must be filed with the submission as they relate to the FA Defendants' and Hamrick Parties' positions. Attached here are redlines to your Status Report showing how this is to be done and making the edits to your section necessary to reflect that neither the FA Defendants nor the Hamrick Parties agree with Plaintiffs' positions.

David W. Tufts
Chair, Commercial Litigation Practice Group

O +1 801 415 3000

Dentons Durham Jones Pinegar P.C. | Salt Lake City

---

**From:** Reid W. Lambert <rlambert@strongandhanni.com>
**Sent:** Thursday, October 16, 2025 3:13 PM
**To:** Tufts, David W. <david.tufts@dentons.com>
**Subject:** RE: Fucci / FA & Parkin

**[WARNING: EXTERNAL SENDER]**

---

David:

Please send me back a redline.

Reid W. Lambert
**STRONG & HANNI**

---

**From:** Tufts, David W. <david.tufts@dentons.com>
**Sent:** Wednesday, October 15, 2025 7:01 PM
**To:** Reid W. Lambert <rlambert@strongandhanni.com>
**Subject:** Fucci / FA & Parkin

Reid,

FA and Kirsten Parkin plan to file a certiorari petition with the Supreme Court, and we also believe that there is a significant question regarding whether the District Court still has subject matter jurisdiction over this case. We plan to raise both issues with the District Court and ask the District Court to stay entry of a new scheduling order until the certiorari petition is resolved. We are mindful of our obligations to confer with you in connection with Magistrate Judge Oberg's order, but we want to ensure that by doing so your clients will not argue such participation is a waiver of FA and Ms. Parkin's arguments regarding arbitration. We thus ask that your clients agree in writing that they will not assert that any participation by FA and Ms. Parkin in proceedings in the District Court prior to the resolution of the certiorari petition would be deemed a waiver of their arguments regarding arbitration under the PSAs or would moot the certiorari petition. If your clients will not so agree, we will have to submit our positions separately.

**David W. Tufts**
Chair, Commercial Litigation Practice Group

O  +1 801 415 3000

david.tufts@dentons.com   |   Bio   |   Website

Dentons Durham Jones Pinegar P.C. | 111 South Main Street, Suite 2400, Salt Lake City, UT 84111

Logo

Our Legacy Firms   |   Client Experience (CX)

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. Please see dentons.com for Legal Notices.

This email message has been delivered safely and archived online by Mimecast. For more information please visit http://www.mimecast.com

This email message has been delivered safely and archived online by Mimecast. For more information please visit http://www.mimecast.com

This email message has been delivered safely and archived online by Mimecast. For more information please visit http://www.mimecast.com

This email message has been delivered safely and archived online by Mimecast. For more information please visit http://www.mimecast.com

# ATTACHMENT B

to

# Position of the FA Defendants and Hamrick Parties

**Tufts, David W.**

| | |
|---|---|
| **From:** | Sweeney, Scott D. <Scott.Sweeney@wilsonelser.com> |
| **Sent:** | Tuesday, October 18, 2022 3:33 PM |
| **To:** | Reid W. Lambert |
| **Cc:** | Azaveda, Skylar |
| **Subject:** | RE: Fucci v. Bowser - Hamrick/Marshall parties - Scheduling Order |

Hi Reid,

Makes sense to me.

Any renewed interest in settlement at this stage? I presume that your client s have settled out with others, and I know that our clients would be interested, but not in the range you mentioned previously. Please let me know if it is worth exploring again.

Thanks

Scott D. Sweeney
Attorney at Law (Admitted to practice in UT, CO, NM, ND)
Wilson Elser Moskowitz Edelman & Dicker LLP
1225 17th Street, Suite 1700
Denver, CO 80202
303.572.5324 (Direct)
720.937.6172 (Cell)
303.572.5300 (Main)
303.572.5301 (Fax)
scott.sweeney@wilsonelser.com

---

**From:** Reid W. Lambert [mailto:rlambert@strongandhanni.com]
**Sent:** Tuesday, October 18, 2022 3:10 PM
**To:** Sweeney, Scott D. <Scott.Sweeney@wilsonelser.com>
**Subject:** Fucci v. Bowser - Hamrick/Marshall parties - Scheduling Order

**[EXTERNAL EMAIL]**

Scott:

As you are probably aware, the Court has stayed our matter against the First American Title parties pending a decision from the Tenth Circuit in the related Carmel, Indiana litigation regarding First American's arbitration demand. We believe it would be imprudent and problematic to proceed with discovery against your clients without First American available to participate. However, we are now at the end of the scheduling order, so we need to proceed or extend the scheduling Order. I am leaving town for a few days on Thursday, but my plan is to propose an amended scheduling order when I return that would set the dates out six months (Discovery cutoff would then be in April of 2023). Hopefully, that will allow us to get the Tenth Circuit opinion and get First American properly situated either in or out of the litigation.

Please let me know if your clients will agree to this modification.  If they will, I will note that in the Motion.  I believe that your clients are the principal if not only represented parties left in the case at this point.

Thanks.

Reid W. Lambert
STRONG & HANNI
102 South 200 East , Suite 800
Salt Lake City, UT   84111
Telephone:  (801) 532-7080
Direct: (801) 323-2088
E-mail:  rlambert@strongandhanni.com
www.strongandhanni.com




**CONFIDENTIALITY NOTICE:**  This transmission is intended for the sole use of the individual or entity to whom it is addressed and may contain information that is confidential, attorney-client privileged, or otherwise exempt, by law, from disclosure.  Any dissemination, distribution, copying, or taking of any action in reliance on the contents of this transmission, by someone other than the intended addressee or its authorized agent is strictly prohibited.  If you have received this transmission in error, please notify the law firm of Strong & Hanni immediately at the telephone number listed above, or by reply to this transmission.

This email message has been delivered safely and archived online by Mimecast. For more information please visit http://www.mimecast.com