David W. Tufts (8736)
J. Tayler Fox (12092)
**DENTONS DURHAM JONES PINEGAR, P.C.**
111 South Main, Suite 2400
Salt Lake City, Utah 84111
 (801) 415-3000
david.tufts@dentons.com
tayler.fox@dentons.com

Douglas W. Henkin (*Pro Hac Vice*)
**DENTONS US LLP**
1221 Avenue of the Americas
New York, New York 10020-1089
 (212) 768-6832
douglas.henkin@dentons.com

Attorneys for Defendants First American Title Insurance Company and Kirsten Parkin

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CHRISTOPHER C. FUCCI, et al.,<br><br>Plaintiffs,<br>vs.<br><br>WILLIAM BOWSER, et al.,<br><br>Defendants. | Case No. 2:20-cv-00004-DBB-DAO<br><br>**MOTION TO STAY LITIGATION AS TO THE FA DEFENDANTS**<br><br>Judge David Barlow<br>Magistrate Judge Daphne A. Oberg |

Defendants First American Title Insurance Company ("FA") and Kirsten Parkin (together, the "FA Defendants"), through counsel, hereby respond to Dkt. 280 and 282 by moving this Court pursuant to Fed. R. Civ. P. 7(b) and DUCivR 7-1 to enter an order as follows:

## STATEMENT OF RELIEF REQUESTED AND GROUNDS

The FA Defendants ask the Court to stay the case and postpone setting any new deadlines for two reasons: (1) there are unresolved questions about whether the Court has subject matter jurisdiction; and (2) the Hamrick Parties' motion to dismiss statutorily stays discovery (and thus events that would ordinarily follow discovery).[1]

*First*, there are serious questions as to whether any live federal claims remain, and without those claims this Court lacks subject matter jurisdiction over the remaining state law claims. The Court must address its subject matter jurisdiction before considering whether to enter a new schedule because if there are no more federal claims in the case, there cannot be supplemental jurisdiction over Plaintiffs' state claims, and the Court has no power to address their merits in any way. *See* 28 U.S.C. § 1367(c)(3); *see also Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 27–28 (2025); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

*Second*, the Hamrick Parties' motion to dismiss (Dkt. 283) has activated the statutory automatic stay of "all discovery and other proceedings" imposed by 15 U.S.C. § 78u-4(b)(3)(B) and 15 U.S.C. § 77z-1(b)(1). *See Anderson v. First Sec. Corp.*, 249 F. Supp. 2d 1256, 1272 (D. Utah 2002) (recognizing automatic stay under the PSLRA). The Court thus cannot permit other activity in the case until that motion is resolved, which renders Plaintiffs' request for a new schedule (Dkt. 280) a nullity.

---

[1] The FA Defendants originally intended to petition for certiorari, however, after further consideration, the FA Defendants have elected to forego filing of the petition.

2

## RELEVANT FACTS

1. On August 17, 2021, Plaintiffs filed the Amended Complaint. *See* Dkt. 122.

2. On September 16, 2021, the FA Defendants moved to compel arbitration. *See* Dkt. 126.

3. On December 9, 2021, the Court denied that motion without prejudice to refiling after the Tenth Circuit's decision in the *DiTucci* appeal. *See* Dkt. 149.

4. On June 1, 2022, the Court stayed the case as to the FA Defendants pending the *DiTucci* decision to avoid prejudice and conserve resources. *See* Dkt. 203.

5. Although the Court did not stay the case as against other parties and entered a scheduling order with respect to other parties, Plaintiffs did not prosecute their claims against the Hamrick Parties while the case was stayed as against the FA Defendants. In an October 18, 2022 email, *after* the discovery period set by the Court had expired, Plaintiffs' counsel told the Hamrick Parties' counsel that *he* "believe[d] it would be imprudent and problematic to proceed with discovery ... without First American available to participate. However, we are now at the end of the scheduling order, so we need to proceed or extend the scheduling Order. ... [M]y plan is to propose an amended scheduling order ... [to] get First American properly situated either in or out of the litigation." Dkt. 281, Ex. B.

6. However, even after stating this intention, Plaintiffs did not move to amend the schedule. Nearly four months later, on February 6, 2023, Plaintiffs filed Dkt. 211, for the first time telling the Court that they had unilaterally chosen to "defer[] discovery as to certain other remaining parties ... ." Plaintiffs did this without any stipulation between the parties, without making any motion, and without Court approval. The Court denied Plaintiffs' request and

SL_8494587.2

instructed that any change to the schedule required "a motion to amend the scheduling order setting forth good cause," Dkt. 213, which Plaintiffs never filed. *See* Dkt. 281, at 6–7 (summarizing Dkts. 211, 213, and 234–35).

7. No stay of the discovery schedule set forth in Dkt. 164 was ever entered as to any parties other than the FA Defendants, and Plaintiffs ignored the schedule set forth in Dkt. 164 with respect to all of the other parties.

8. After the Tenth Circuit mandate issued (Dkt. 278), the Court ordered a joint status report (Dkt. 279). Plaintiffs filed Dkt. 280. The FA Defendants and Hamrick Parties filed Dkt. 281 identifying (i) the subject-matter jurisdiction issue and (ii) the FA Defendants' forthcoming certiorari petition. On October 20, 2025, the Court "construe[d] [Dkt. 280] … as a motion for entry of an amended scheduling order. Any response ... is due within fourteen days. Further, any party seeking a stay must file a motion to stay." Dkt. 282.

## ARGUMENT

### I. Whether the Court has subject matter jurisdiction must be resolved before case management proceeds.

Before contemplating any new schedule, the Court must first confirm that it has subject-matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (holding that courts must confirm the existence of subject matter jurisdiction before proceeding and that proceeding on the basis of "hypothetical jurisdiction" is impermissible). A federal district court's jurisdiction turns on the claims that will actually be litigated. *See Royal Canin*, 604 U.S. at 26. If there are no longer live federal claims, then the Court should decline supplemental jurisdiction. *See id.* at 54–55 (once federal claims are eliminated, "federal-question jurisdiction dissolves" and "supplemental jurisdiction over the residual state claims

4

disappears as well"); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction" and "presume[]that a cause lies outside this limited jurisdiction[.]"); *Gibbs*, 383 U.S. at 726–27 ("Needless decisions of state law should be avoided[.]").

The threshold issue of subject matter jurisdiction has been raised, and thus must be addressed.  Because subject matter jurisdiction is assessed based on the case "as it will actually be litigated," *Royal Canin*, 604 U.S. at 39, if the Hamrick Parties are no longer in the case, then no live federal claims remain, and the Court would have to decline supplemental jurisdiction.  *See DiTucci v. Ashby*, No. 2:19-cv-00277, Dkt. 352 (D. Utah Mar. 31, 2025) (Campbell, J.) (dismissing for lack of subject-matter jurisdiction).  At a minimum, the Court should resolve these threshold issues before entering a new schedule.

## II.     The Hamrick Parties' motion automatically stays the case.

This litigation has been stayed by statute pending resolution of the Hamrick Parties' motion.  Dkt. 283.  15 U.S.C. § 78u-4(b)(3)(B) and 15 U.S.C. § 77z-1(b)(1) provide that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" in a federal securities action.  The statutory phrase "all discovery and other proceedings" includes even initial Rule 26 disclosures.  *See Medhekar v. United States Dist. Ct. for the Northern Dist. of California*, 99 F.3d 325, 327–28 (9th Cir. 1996) (granting mandamus petition to enforce automatic stay).  Thus, the pendency of the Hamrick Parties' motion has stayed this case by operation of law and mooted Plaintiffs' request for the entry of a new scheduling order.

## CONCLUSION

The FA Defendants respectfully request that the Court stay proceedings and hold scheduling in abeyance pursuant to Fed. R. Civ. P. 12(h)(3), the PSLRA, the Court's inherent authority, and DUCivR 7-1. This relief is warranted for the independent reasons that (1) threshold subject-matter jurisdiction questions must be resolved before any new schedule is considered; and (2) the Hamrick Parties' motion to dismiss has automatically stayed "all discovery and other proceedings."

DATED: November 3, 2025.

/s/ *David W. Tufts*
**DENTONS DURHAM JONES PINEGAR, PC**
David W. Tufts
J. Tayler Fox

**DENTONS US LLP**
Douglas W. Henkin

*Counsel for Defendants First American Title Insurance Company and Kirsten Parkin*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2025, I caused a copy of the foregoing to be filed and served on counsel of record via the Court's electronic filing system.

                                                /s/ Kristin Hughes